United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
| --- | --- |
| V. | AND APPEARANCE BOND |
| THOMAS J. BARRACK, Defendant. | Case Number: 21-CR-371 (BMC) |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

- [ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
- [✓] Upon Bond executed by the defendant in the amount of $ 250,000,000.00 , and secured by [✓] financially responsible sureties listed below and/or [✓] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

- [✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [✓] See Attachment A _____ and travel to and from this Court and the permitted areas.
- [✓] 2. The defendant must avoid all contact with the following persons or entities: See Attachment A _____.
- [ ] 3. The defendant must avoid and not go to any of the following locations: _____.
- [✓] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
- [✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  - [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  - [✓] b. must report [✓] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
  - [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  - [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  - [✓] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
    - [✓] curfew: restricted to home every day from _____ to _____, or [✓] as directed by Pretrial Services.
  - [✓] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
- [✓] 6. Other Conditions: See Attachment A _____.

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 250,000,000.00 _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [✓] cash deposited in the Registry of the Court in the sum of $ 5,000,000.00 _____ ;
- [✓] premises located at: See Attachment B _____ owned by _____.
- [✓] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before September 3, 2021. _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. *Date*

_____ Address _____ _____
, Surety

_____ Address _____ _____
, Surety

_____ Address _____ _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

s/ Sanket J. Bulsara                                     s/ Thomas J. Barrack Jr.
                                                          Signature of Defendant

Release of the Defendant is hereby ordered on _____ 20 21 .

_____, US__ 7/26/21

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod - Defendant

**United States District Court, Eastern District of New York**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS J. BARRACK, Defendant. | **ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND**<br>Case Number: 21-CR-371 (BMC) |

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- ☐ Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
- ☒ Upon Bond executed by the defendant in the amount of $ 250,000,000.00, and secured by ☒ financially responsible sureties listed below and/or ☒ collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

☒ 1. The defendant must remain in and may not leave the following areas without Court permission: ☐ New York City; ☐ Long Island, NY; ☐ New York State; ☐ New Jersey; ☒ See Attachment A  and travel to and from this Court and the permitted areas.
☒ 2. The defendant must avoid all contact with the following persons or entities: See Attachment A
☐ 3. The defendant must avoid and not go to any of the following locations: _____
☒ 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
☒ 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  ☒ a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  ☒ b. must report ☒ as directed by Pretrial Services or ☐ in person ___ times per ___ and/or ☐ by telephone ___ times per ___ .
  ☐ c. must undergo ☐ testing, ☐ evaluation and/or ☐ treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  ☐ d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  ☒ e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    ☐ home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    ☐ home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, ☐ religious services, ☐ employment, ☐ school or training, ☐ other activities approved by Pretrial Services, ☐ _____
  ☒ curfew: restricted to home every day from _____ to _____, or ☒ as directed by Pretrial Services.
  ☒ Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/or from available insurance.

☒ 6. Other Conditions: See Attachment A

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 250,000,000.00 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

☒ cash deposited in the Registry of the Court in the sum of $ 5,000,000.00
☒ premises located at: See Attachment B  owned by _____
☒ I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before September 3, 2021.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. Date

_____ 7/25/21
Address: _____
, Surety

_____
Address: _____
, Surety

_____
Address: _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on _____ 20 21

_____
Signature of Defendant

_____
US

Distribution:  Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE |
|---|---|
| V. | AND APPEARANCE BOND |
| THOMAS J. BARRACK, Defendant. | Case Number: 21-CR-371 (BMC) |

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- [ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
- [x] Upon **Bond** executed by the defendant in the amount of $ 250,000,000.00 , and secured by [x] financially responsible sureties listed below and/or [x] collateral set forth below.

#### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

- [x] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [x] See Attachment A and travel to and from this Court and the permitted areas.
- [x] 2. The defendant must avoid all contact with the following persons or entities: See Attachment A
- [ ] 3. The defendant must avoid and not go to any of the following locations:
- [x] 4. The defendant must surrender all passports to Pretrial Services by ___ and not obtain other passports or international travel documents.
- [x] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  - [x] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  - [x] b. must report [x] as directed by Pretrial Services or [ ] in person ___ times per ___ and/or [ ] by telephone ___ times per ___.
  - [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  - [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  - [x] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] ___
    - [x] curfew: restricted to home every day from ___ to ___, or [x] as directed by Pretrial Services.
  - [x] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/or from available insurance.
- [x] 6. Other Conditions: See Attachment A

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 250,000,000.00 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [x] cash deposited in the Registry of the Court in the sum of $ 5,000,000.00 ;
- [x] premises located at: See Attachment B owned by ___.
- [x] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before September 3, 2021.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. *Date*

___, Address: _____, Los Angeles, CA 91436
, Surety

___ Address: ___
, Surety

___ Addr ___
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on ___ 20 21 .

Signature of Defendant

___, US___

Distribution:  Canary - Court  Pink - Pretrial Services  Goldenrod - Defendant

### United States District Court, Eastern District of New York

| UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND |
|---|---|
| V. | |
| THOMAS J. BARRACK, Defendant. | Case Number: 21-CR-371 (BMC) |

#### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
- [ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
- [x] Upon Bond executed by the defendant in the amount of $ 250,000,000.00 , and secured by [x] financially responsible sureties listed below and/or [x] collateral set forth below.

#### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

- [x] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [x] See Attachment A        and travel to and from this Court and the permitted areas.
- [x] 2. The defendant must avoid all contact with the following persons or entities: See Attachment A
- [ ] 3. The defendant must avoid and not go to any of the following locations: _____
- [x] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
- [x] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  - [x] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  - [x] b. must report [x] as directed by Pretrial Services or [ ] in person ___ times per ___ and/or [ ] by telephone ___ times per ___.
  - [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  - [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  - [x] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    - [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    - [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ] _____
  - [x] curfew: restricted to home every day from _____ to _____ , or [x] as directed by Pretrial Services.
  - [x] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
- [x] 6. Other Conditions: See Attachment A

#### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 250,000,000.00 and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

- [x] cash deposited in the Registry of the Court in the sum of $ 5,000,000.00 ;
- [x] premises located at: See Attachment B                owned by _____ .
- [x] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before September 3, 2021.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

Date

_____ Address: _____
, Surety

_____ Address: _____
, Surety

_____ Address: _____     7/26/21
, Surety

Signature of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on _____ 20 21 .

_____, US___

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod - Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

Attachment A

1. Travel shall be restricted to the Central District of California, the District of Colorado and, for the purposes of travel to and from the Court in this matter, the Eastern District of New York and the Southern District of New York. Written advanced notice of all travel itineraries shall be provided to Pretrial Services and the government not less than three business days in advance of travel between these districts.

2. Defendant shall have no contact with the first named defendant in Eastern District of New York matter No. 1:21-cr-00371(BMC)(TAM), or with any officials of the United Arab Emirates or the Kingdom of Saudi Arabia or their known associates. Defendant shall have no contact with the third named defendant in Eastern District of New York matter No. 1:21-cr-00371(BMC)(TAM), other than in the company of their respective counsel.

3. Defendant has surrendered his passports to Pretrial Services on July 23, 2021. He shall not apply for any passport or travel document during the pendency of this case.

4. Defendant shall travel only by road or common air carrier.

5. The defendant shall be subject to GPS monitoring, at his own expense.

6. The defendant shall observe a curfew with hours to be fixed by Pretrial Services.

7. The defendant shall not transfer any funds overseas or engage in any financial transaction with any overseas counterparty. Defendant shall not engage in any domestic financial transactions in excess of $50,000 (excepting normal and customary payment of attorneys' fees, and including but not limited to any transactions involving publicly held securities of any description) without the prior written consent of the government.

8. Provide any air charter companies used in last 3 years with a copy of this bond and its travel restrictions.

Attachment B

The $250,000,000.00 appearance bond shall be signed by the defendant and co-signed by the following people, who will be liable for the face amount of the bond in the event that the defendant fails to comply with the specified conditions of release.

1.

2.

3.

The $250,000,000.00 appearance bond shall be partially secured by 21,239,192 DigitalBridge Operating Company, LLC Units (the "Units"). A copy of the July 22, 2021 letter agreement between the defendant and DigitalBridge Group, Inc. is attached hereto as Attachment C.

The $250,000,000.00 appearance bond shall also be partially secured by Real Property, deeds of trust in favor of the Clerk, United States District Court, Eastern District of New York, on the following properties:

1.

2.

3.

4.

Attachment C

July 22, 2021

DigitalBridge Group, Inc.
750 Park Of Commerce Drive - Suite 210
Boca Raton, FL 33487

RE: United States v. Thomas J. Barrack, Jr. (the "Case") (CDCA Docket Number 2:21-3402M, EDNY Docket Number 1:21-cr-00371-BMC-TAM) pending before the "Court"

21,239,192 DigitalBridge Operating Company, LLC OP Units (the "Units")

Ladies and Gentlemen:

In connection with the Case I have executed an Appearance Bond ("Bond"). I am securing my Bond with a pledge of my Units, as security for my agreement, as reflected in the Bond, to (a) appear for court proceedings; (b) if convicted, to surrender to serve a sentence that the court may impose; and (c) to comply with all conditions set forth in the Order Setting Conditions of Release (collectively, the "Conditions").

During the pendency of the Case (the "Bond Period"), this direction letter is irrevocable until and unless rescinded or modified in writing by the US Department of Justice acting through one or more of the individuals copied on this letter or their successors as counsel of record for the government in the Case.

By this letter I direct DigitalBridge Group, Inc. ("DBG") that during the Bond Period:

i. Other than pursuant to clause iii, to not recognize or record in the books and records of DigitalBridge Operating Company, LLC ("DBOC") any transfer of actual or beneficial ownership of the Units;

ii. To not recognize or record in the books and records of DBOC any security interest, lien or other encumbrance in the Units, other than encumbrances resulting from securities laws;

iii. Upon service of an order of the Court declaring a violation of the Conditions and ordering forfeiture of the Units, DBOC shall take all steps to transfer the Units in accordance with that order, provided that such transfer shall be subject to the transferee executing and delivering to DBOC a Joinder and Signature Page pursuant to which the transferee has accepted all of the terms, conditions and applicable obligations of a Non-Managing Member under the Limited Liability Company Agreement of DBOC with respect to the Units.

Thank you for your attention to this matter and please countersign and return to me and to the copied government attorneys a copy of this letter.

Very truly yours,

*/s/ Thomas J. Barrack*
Thomas J. Barrack Jr.

ACKNOWLEDGED:

DigitalBridge Group, Inc.

By: */s/ Ronald M. Sanders*
Ronald M. Sanders
Chief Legal Officer

cc: Assistant U.S. Attorneys Nathan Reilly, Ryan Harris, Hiral Mehta, and Samuel Nitze