

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

November 10, 2021

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:     United States v. Thomas J. Barrack**
         **Criminal Docket No. 1:21-CR-371-2 (BMC)**

Dear Judge Cogan:

With the consent of both Pretrial Services and the U.S. Attorney's Office, defendant Thomas J. Barrack, Jr., respectfully moves the Court to modify his bond conditions as set forth in detail below, which will clarify certain existing conditions and further permit Mr. Barrack to fulfill his business obligations.  Under the current and continuing bond conditions, Mr. Barrack has been released on a $250 million dollar personal appearance bond, secured by $5 million in cash, over 21 million shares in Digital Bridge and the signatures and property of his adult child, ex-wife and close personal friend.  *See* Docket Entry No. 15.  The proposed bond will continue to "reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(g).

Mr. Barrack proposes that the bond be modified to allow the following:

- Travel shall be restricted to the Central District of California and the District of Colorado.
- With prior approval from Pretrial Services, the defendant shall be permitted to travel to New York, including through Newark Airport, for the purpose of attending Court proceedings, meeting with his lawyers and otherwise preparing for trial in the matter, as well as for business purposes.
- With prior approval from Pretrial Services, the defendant shall be permitted to travel domestically for business purposes.

These modifications will clarify that Mr. Barrack is permitted to travel to and reside at his residences in California and Colorado, as well as clarify that when Mr. Barrack travels to New York, he may travel through Newark Airport.  Additionally, these conditions will permit Mr. Barrack to resume his real estate business.  Mr. Barrack has spent over forty years involved in real estate transactions across the world.  As part of his business, he and other investors seek to acquire undermanaged, well-located assets and then set up businesses to develop and



manage the underlying properties and ultimately maximize their value by instituting best-in-class management.  In other transactions, Mr. Barrack invests in the properties to improve them before selling the assets and returning capital to his limited partners.  Mr. Barrack's ability to travel to sites to inspect them and weigh in on their development, including on decisions about construction and architecture, is crucial to a project's viability.  In addition, numerous other stakeholders, including architects, leaseholders, and others, need to be able to collaborate with Mr. Barrack and his other partners at the relevant site during planning and construction, and continuing to the lease or sale of the project.

To date, Mr. Barrack has not demonstrated any non-compliance with his required appearances before the Court nor does he present any danger to any individual or the community.  We have conferred with counsel for the government and Pretrial Services who all agree to the proposed bond modifications.  We respectfully request that the Court agree to modify the bond as reflected in Attachment A to this letter.

Respectfully submitted,


*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
James A. Bowman
Nicole M. Argentieri
Partners
of O'MELVENY & MYERS LLP