

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

January 31, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>VIA ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Thomas J. Barrack*, No. 1:21-cr-371-2 (BMC)
<u>Letter Motion to Unseal Memorandum in Support of Motion to Dismiss</u>

Dear Judge Cogan:

Concurrently herewith, Defendant Thomas J. Barrack, Jr., through counsel, filed a notice of motion and a redacted memorandum with exhibits ("memorandum") in support of his motion to dismiss the indictment in this case. Because the unredacted memorandum and supporting declaration contained references to discovery materials that the government designated as confidential, Mr. Barrack was obligated under Paragraph 7 of the Protective Order to seek to have those materials filed under seal. *See* Dkt. 27, Stipulation & Protective Order, ¶ 7 ("Confidential Discovery Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal."). Because there is no reason why any part of the memorandum should be kept hidden from public view, Mr. Barrack respectfully requests that the Court unseal the unredacted copy and allow these important and highly exculpatory materials to be made public.

"The public has both a common law right of access to judicial documents, as well as a First Amendment right . . . to access certain judicial documents." *In re Motion for Civil Contempt By John Doe*, 2016 WL 3460368, at *2 (E.D.N.Y. June 22, 2016). To be considered a judicial document, the material at issue "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). In other words, the material need only "reasonably have the *tendency* to influence a district court's ruling on a motion . . . without regard to which way the court ultimately rules or whether the [material] ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

"Under the common law right of access, the presumption of access attaches at once to judicial documents." *In re Motion for Civil Contempt By John Doe*, 2016 WL 3460368, at *3. In determining whether that presumption ultimately prevails, "courts must balance the Government's interest in confidentiality and privacy against the public's interest in inspection of judicial records and documents." *Id.*

Separately, under the First Amendment, the presumption of access attaches in either of two circumstances: "First, the public has a right to gain access to judicial records (1) that have historically been open to the press and general public, and (2) where public access plays a



significant positive role in the functioning of the particular process in question." *Id.* (cleaned up). Second, the presumption attaches to judicial documents that are "derived from or a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). To overcome the presumption of access once it applies, the proponent of sealing must "demonstrat[e] a substantial probability of harm to a compelling interest." *Id.* "The district court must make specific, on the record findings demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up). "[O]nce the presumption attaches under the First Amendment, its . . . standard is stricter than the common law's more flexible balancing standard." *United States v. Gotti*, 322 F. Supp. 2d 230, 248 (E.D.N.Y. 2004).

Here, both the common law and First Amendment presumptions of access control. At the outset, Mr. Barrack's memorandum and the accompanying exhibits are clearly judicial documents, as all reasonably have the tendency to influence the Court's eventual ruling on the motion to dismiss. *See Brown*, 929 F.3d at 49. The common law presumption of access thus automatically applies. *In re Motion for Civil Contempt By John Doe*, 2016 WL 3460368, at *3. The First Amendment presumption also attaches under either of the two qualifying circumstances. *Cf. Raffaele v. City of New York*, 2014 WL 2573464, at *1 (E.D.N.Y. June 9, 2014) ("[D]ocuments submitted to a court for its consideration in a motion are—as a matter of law—judicial documents to which a strong presumption of immediate public access attaches, under both common law and the First Amendment." (cleaned up)). First, motions to dismiss and any accompanying documents have historically been made publicly available on court dockets, and such disclosure has served as a useful check on judicial decision-making. Second, public access to those documents flows from the general right to access the corresponding proceedings in court. *See In re Herald Co.*, 734 F.2d 93, 99 (2d Cir. 1984) ("There is a significant benefit to be gained from public observation of many aspects of a criminal proceeding, including pretrial . . . hearings that may have a decisive effect upon the outcome of a prosecution.").

Critically, the government lacks any interest strong enough to overcome either presumption of access. The sealed portions of the memorandum cover the government's summary of investigators' interviews with two witnesses. Both witnesses made statements that were highly exculpatory and that directly refute the charges in this case. Because this information addresses "the heart of what the Court is asked to act upon" in the motion to dismiss—*i.e.*, evidence squarely exculpating Mr. Barrack—"the weight of the presumption of access [to the information] . . . is correspondingly high." *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, 2013 WL 5322573, at *2 (S.D.N.Y. Sept. 23, 2013). Any countervailing interests in confidentiality and privacy are undercut by the fact that the primary "person[] whose intimate relations may . . . be disclosed" as a result of unsealing is Mr. Barrack himself. *See Gardner v. Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990). And there is no "higher value[]" preserved by keeping the public in the dark—the relevant information neither implicates security concerns nor threatens witness safety. *See In re Motion for Civil Contempt By John Doe*, 2016 WL 3460368, at *3.

By unsealing the indictment in this case, the government has already chosen to disclose dozens of otherwise private text messages and internal government documents in an attempt to wrongly portray Mr. Barrack as a foreign agent. It should not now be allowed to assert confidentiality regarding evidence of a similar character that strongly discredits those allegations. The public has a right to know the full story.



Accordingly, Mr. Barrack requests that the sealed memorandum and accompanying exhibits be filed on the public docket.

Respectfully submitted,

*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
of O'MELVENY & MYERS LLP
*for Defendant Thomas J. Barrack, Jr.*

cc:     Counsel for the Government (via ECF)