# Exhibit 1
# Declaration of James A. Bowman

*United States v. Alshahhi, et al.*, No. 1:21-cr-00371-BMC-TAM



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SPN:RCH/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 1, 2022

By Email

Daniel Petrocelli, Esq.
Nicole Argentieri, Esq.
Jim Bowman, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

      Re:    United States v. Thomas Barrack, et al.
             Criminal Docket No. 21-0371 (BMC)

Dear Counsel:

      We write in response to your letter dated February 22, 2022, in which you request additional discovery, suggest that the government misunderstands or has misstated the scope of its obligations under Brady, and propose a deadline for the production of Rule 16 materials on the basis of purported delays in the government's discovery productions to date.

      Your request for additional discovery centers on Mr. Barrack's multiple false statements to law enforcement at a voluntary interview conducted at the law offices of his former counsel. As you are aware, we have already disclosed the complete report and underlying notes of the interview of your client, which was conducted on June 20, 2019. See BARRACK-000000020 to BARRACK-000000098. In addition to your client and the three attorneys that accompanied him to the interview, we can confirm that the following other people were in attendance at the meeting: Federal Bureau of Investigation ("FBI") Special Agents ███████████████████, FBI Forensic Accountant ████████, Assistant United States Attorneys Nathan Reilly and Ryan Harris of the United States Attorney's Office for the Eastern District of New York, and Department of Justice Trial Attorney Matthew McKenzie.[1] The remainder of your requests seek materials that are not discoverable. To the extent you are aware of legal authority to the contrary, please point us to it. In addition, if you are aware of any case –

---

[1] Special Agents ███████████████████'s names were redacted at BARRACK-000000020.

in any district, in any year – in which a voluntary interview conducted in the offices of the interviewee's counsel was recorded by federal law enforcement, we would appreciate your directing us to that precedent as well.

With respect to Brady, we reject your suggestion that we have "refused" to properly characterize the evidence in this case or that "it indisputably cannot be said" that there is no Brady material in this case. As you know, and as has already been demonstrated in this case, the government generally takes a broad view of its discovery obligations, including its obligations under Brady and its progeny, and thus generally discloses far more than is required under the law. One component of this norm is a general practice of disclosing material that is arguably exculpatory or favorable to the defense without tight adherence to the materiality standard set by Brady – a stringent standard generally applied by courts of appeals, post-conviction, as they look back across the record of a case. See, e.g., United States v. Bagley, 473 U.S. 667, 682 (1985) ("The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."). The government produces materials that fall well short of that standard on a forward-looking basis "in an abundance of caution," to use the language that often appears in letters accompanying such productions. We note further that disclosure of the names of potential exculpatory witnesses alone satisfies the government's Brady obligations. See United States v. Zagari, 111 F.3d 307, 320 (2d Cir. 1997). When, as here, the government "has also described the nature of the exculpatory information possessed by each witness," the government has "further assist[ed] [the] defendant's ability to make 'effective use' of it at trial." United States v. Mavashev, No. 08-CR-902 (DLI), 2010 WL 670083 at *3 (E.D.N.Y. Feb. 23, 2010) (finding that the government had satisfied its Brady obligations when it disclosed the identities of witnesses with potentially exculpatory information and one- to two-sentence summaries of that information) (citing Coppa, 267 F.3d at 144).

We do not see much value in arguing about semantics in this context. We have produced the materials you complain about in your letter – that is why you find yourselves in a position to complain. To the extent you seek more than we have already provided, please direct us to legal authority supporting that request. As to your purported "concerns about the government's obligation to appropriately search for, identify, and disclose Brady material," we assure you we are well aware of, have abided by, and will continue to abide by our obligations.

Lastly, you raise concerns about purported discovery delays and seek a deadline of today for the completion of Rule 16 productions. To date, the government has disclosed more than 440,000 files in discovery in this case. We continue to receive evidence in connection with

our ongoing investigation and will continue to produce discovery as required by Rule 16 on a rolling basis. As noted previously, to the extent we receive discoverable materials from executive branch agencies, we will produce them to you.

Very truly yours,

BREON PEACE
United States Attorney

By:   /s/               
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/ Matthew J. McKenzie
Matthew J. McKenzie
Trial Attorney

Cc:     Randall Jackson, Esq. and Michael Schachter, Esq.
          Willkie Farr & Gallagher LLP