

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| SPN:RCH/HDM/CRH | *271 Cadman Plaza East* |
| F. #2018R01309 | *Brooklyn, New York 11201* |

May 4, 2022

By Email

| | |
|---|---|
| Daniel Petrocelli, Esq. | Randall Jackson, Esq. |
| Nicole Argentieri, Esq. | Michael Schachter, Esq. |
| Jim Bowman, Esq. | Willkie Farr & Gallagher LLP |
| O'Melveny & Myers LLP | 787 Seventh Avenue |
| 7 Times Square | New York, NY 10019 |
| New York, NY 10036 | |
| | |
| Abbe Lowell, Esq. | Matthew L. Schwartz, Esq. |
| Sofia Arguello, Esq. | Boies Schiller Flexner LLP |
| Christopher D. Man, Esq. | 55 Hudson Yards |
| Winston & Strawn LLP | New York, NY 10001 |
| 1901 L Street, NW | |
| Washington, D.C. 20036 | |

      Re: United States v. Thomas Barrack and Matthew Grimes
           Criminal Docket No. 21-371 (BMC)

Dear Counsel:

In advance of our telephonic conference scheduled for May 6, 2022, the government proposes the following scheduling order, including a proposed table of dates, and our basis for the schedule.

    1. Jury Questionnaire and *Voir Dire* Proceedings

The parties should submit jury questionnaires no later than **August 1, 2022**, to provide adequate time for the Court to create a final questionnaire. We propose that 500 potential jurors be called the week of **August 8** to complete the questionnaires. The parties will jointly propose strikes for cause by **August 26**. Jurors not jointly struck for cause will appear on **September 7** for voir dire and further challenges for cause and peremptory strikes.

    2. The Defendants' Discovery Disclosures

The government has requested reciprocal discovery from the defendants since July 27, 2021. See Fed. R. Crim. P. 26.2 and 12.3; Fed. R. Evid. 702, 703, and 705. The

government proposes that the defendants produce any reciprocal discovery or necessary notices by no later than **August 5, 2022**.

      3.   Early Disclosure of Jencks Act (18 U.S.C. § 3500) and Rule 26.2 Material

Under the Jencks Act, the government is not obligated to disclose witness statements until after that witness has testified on direct examination and a district court has no authority to order the government to produce such material earlier than statutorily required. See Jencks Act, 18 U.S.C. § 3500 ("3500 Material"); see United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001) ("We have previously held that Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements."); In re United States of America, 834 F.2d 283, 287 (2d Cir. 1987) ("[W]e hold that, as to the district court's order for the production of statements of government witnesses, the Jencks Act controlled, and the district court had no inherent power to modify or amend the provisions of the Act."); United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974) (same).

Nevertheless, it is customary in this District, as a courtesy, to produce 3500 Material a few weeks before trial. See, e.g., United States v. Petrossi, No. 16-CR-234 (BMC) (disclosing 3500 Material three weeks before trial); United States v. Farekh, No. 15-CR-268 (BMC) (disclosing 3500 Material seven days before trial). Here, we propose early disclosure of 3500 Material and a witness list by **August 5, 2022**, five weeks before the expected opening of trial on September 12, assuming jury selection is concluded by September 10. We propose that the defendants likewise agree to early disclosure of any statements of defense witnesses and a list of such witnesses, pursuant to Rule 26.2, by **the same date**.

We note that the government has already disclosed a substantial amount of material that may be considered 3500 Material in discovery, such as numerous email communications by Colony Capital employees, as well as reports and notes of FBI agents that interviewed Mr. Barrack. We further note that this proposed early deadline does not preclude the government or the defense from supplementing their disclosures with additional materials that are created or come into the possession of the parties after the proposed deadline.

      4.   Exhibits

The parties will exchange exhibits by no later than **August 5, 2022**, five weeks before expected opening statements. See, e.g., Petrossi, No. 16-CR-234 (BMC) (disclosing exhibits three weeks before trial); Farekh, No. 15-CR-268 (BMC) (disclosing exhibits seven days before trial). The parties may amend this list of exhibits as needed during the course of trial preparation and trial but will make a good faith effort to ensure that the exhibit list provided on August 5 is close to final.

      5.   Jury Instructions and Verdict Sheet

The government proposes that the parties submit proposed jury instructions and a proposed verdict sheet to the Court by no later than **August 5, 2022**.

6. Final Pretrial Conference

The government proposes that the Court conduct a final pretrial conference on **August 29, 2022**.

| No. | Event | Proposed Date |
|---|---|---|
| 1 | Proposed juror questionnaires to Court | August 1, 2022 |
| 2 | Early disclosure of materials pursuant to 18 U.S.C. § 3500 and Fed. R. Crim P. 26.2 | August 5, 2022 |
| 3 | Disclosure of witness lists and exhibit lists | August 5, 2022 |
| 4 | Proposed jury instructions and proposed verdict sheet deadline | August 5, 2022 |
| 5 | Initial juror empanelment proceedings to complete juror questionnaires | August 8, 2022 |
| 6 | Joint letter identifying strikes for cause and supplemental voir dire questions | August 26, 2022 |
| 7 | Final pretrial conference | August 29, 2022 |
| 8 | Final Jury Selection | September 7-9, 2022 |
| 9 | Opening Statements | September 12, 2022 |

If you agree with this schedule, we will submit it to the Court for consideration.

                            Very truly yours,

                            BREON PEACE
                            United States Attorney

By:   /s/
        Ryan C. Harris
        Samuel P. Nitze
        Hiral D. Mehta
        Craig R. Heeren
        Assistant U.S. Attorneys
        (718) 254-7000

        MATTHEW G. OLSEN
        Assistant Attorney General
        Department of Justice
        National Security Division

By:   /s/ Matthew J. McKenzie
        Matthew J. McKenzie
        Trial Attorney