

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SPN/RCH/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 12, 2022

By ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thomas Barrack, et al.
                Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter in opposition to defendant Matthew Grimes's motion, joined by defendant Thomas J. Barrack, for reconsideration of this Court's order denying Grimes's motion to dismiss the indictment for failure to "allege that [Grimes] knew that he was required to register as an agent of [the United Arab Emirates]" under 18 U.S.C. § 951. See ECF Dkt. No. 122 at 1 (the "Motion" or "Mot."). The defendants argue that the Supreme Court's recent decision in Ruan v. United States, 142 S. Ct. 2370, 2022 WL 2295024 (2022), warrants reconsideration of this Court's holding that "Section 951 does not . . . require that defendants 'specifically know that it is illegal' for them to act as agents without registering under federal law." ECF Dkt. No. 120 at 18 (quoting United States v. Bryant, 976 F.3d 165, 172 (2d Cir. 2020)).

      The defendants are wrong. Ruan addressed a different statute in a different context, did not establish a new approach to analyzing the mens rea requirements of criminal statutes, and is entirely consistent with this Court's reasoning in its denial of Grimes's motion to dismiss the indictment (the "Motion to Dismiss"). The defendants' contention that "specific intent should be read into Section 951 in the face of legislative silence" because of Ruan (Mot. at 3) is flatly contradicted by Ruan itself, which reaffirmed a long line of cases providing that general intent is typically read into statutes that are silent as to mens rea. See Ruan, 2022 WL 2295024 at *6. Contrary to announcing a change in controlling law, as required to warrant reconsideration, Ruan only underscores that this Court applied the law correctly in its decision. The Motion should be denied.

I.   Background

   A.   The Challenged Ruling

   On June 22, 2022, this Court issued a Memorandum Decision and Order denying the defendants' motions to dismiss the indictment, in which they identified a variety of purported defects in the charging instrument, including that, in connection with the charges under Section 951, the government failed to allege that the defendants knew of, and therefore willfully violated, the requirement that agents of a foreign government notify the Attorney General before acting in the United States on behalf of a foreign government. See ECF Dkt. Nos. 69 (Grimes Mot. to Dismiss), 120 (Order denying Mot. to Dismiss).

   In denying the Motion to Dismiss, the Court held that Section 951 requires that a defendant know that he has not notified the Attorney General, but not that he also know of the legal requirement to provide such notification. See Order at 17-20 (citing, e.g., United States v. Duran, 596 F.3d 1283, 1295 (11th Cir. 2010); United States v. Dumeisi, 424 F.3d 566, 581 (7th Cir. 2005)). In so holding, the Court relied in part on the Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), which considered the mens rea requirements of a statutory scheme barring felons, illegal aliens, and other categories of persons from possessing firearms or ammunition. Applying the "ordinary presumption in favor of scienter," the Court held that the word "knowingly" applied to the status element of the offense, requiring that the government prove not only knowing possession of a gun but the defendant's knowledge of his status as a felon or illegal alien. Id. at 2195, 2200. The Rehaif Court did not hold, however, that the government must prove knowledge of the legal prohibition on felons possessing firearms.

   As Your Honor explained in the challenged Order:

   Courts have interpreted Rehaif . . . to mean that, although a defendant must have knowledge of his status, it remains true that he "need not specifically know that it is illegal for him to possess a firearm under federal law." United States v. Bryant, 976 F.3d 165, 172 (2d Cir. 2020). Therefore, although knowledge of one's status is necessary, it is not necessary to know that there is a law regulating certain conduct for those with that status. Despite Section 951's silence on mens rea, the Government still alleged in the superseding indictment that defendants "knowingly and intentionally act[ed]" as agents. So, in line with Rehaif, the Government properly construed the statute to require that defendants have knowledge of their status, even though the statutory text did not necessitate this. But as the Second Circuit found in Bryant, Section 951 does not also require that defendants "specifically know that it is illegal" for them to act as agents without registering under federal law. Id.

Order at 18.

B.   *United States v. Ruan*

Ruan addressed a provision of the Controlled Substances Act that prohibited the knowing or intentional manufacture, distribution, or dispensation of controlled substances, such as opioids, "except as authorized." See generally Ruan, 2022 WL 2295024. As in Rehaif, the Supreme Court, applying "ordinary and longstanding scienter requirements" to the "except as authorized" clause, held that when a criminal defendant "meets the burden of producing evidence that" he is authorized to dispense controlled substances, the burden shifts to the government to prove that the defendant distributed the controlled substance knowing that the dispensation at issue was actually without authorization. Id. at **5-6 ("§841's 'knowing and intentionally' mens rea applies to the 'except as authorized' clause"). Notably, Ruan did not hold that the government must allege and prove that a defendant was aware of the legal prohibition on manufacturing, distributing, or dispensing controlled substances without such authorization.

II.   Legal Standard

Motions for reconsideration under Local Criminal Rule 49.1(d) are evaluated under the same standards applicable to Local Civil Rule 6.3 and the Federal Rules of Civil Procedure. See United States v. Rice, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015). Granting a motion for reconsideration is justified only where the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Such a motion does not provide "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Indeed, because the "standard for granting such a motion is strict," "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

III.   Argument

The defendants urge reconsideration of the Court's Order on the ground that Ruan announced a new approach to the application of mens rea principles that, in the context of Section 951, requires the government to allege that a defendant knew that there was a law requiring agents of a foreign government to notify the Attorney General prior to acting at the direction of a foreign government. See Mot at. 1, 6. The defendants argue that Ruan therefore abrogated the Eleventh and Seventh Circuit's holdings that Section 951 defines a general intent crime; undercut this Court's reasoning in the Order; and requires dismissal of the indictment for failure to allege the requisite specific intent.[1]  The argument is meritless.

---

[1] The defendants argue that this Court's reliance on Dumeisi's statement that "[k]nowledge of the requirement to register is not an element of § 951," 424 F.3d at 581, is "not particularly forceful" because, the defendants contends, Dumeisi addressed the mens rea issue in a single "conclusory sentence" that, in any event, was dicta, Mot. at 2 n.1. This is wrong. In Dumeisi, the Seventh Circuit rejected the defendant's argument that knowledge of the registration requirement

3

A.  *Ruan* Does Not Change the Law and Import a Specific Intent Requirement into Section 951

As the Second Circuit has explained, a general intent crime requires proof "only that the defendant intended to do the act in question and intended the reasonable and probable consequences of that act," while a specific intent crime requires proof "that the defendant intended to violate the law or to bring about some specific result." United State v. Francis, 164 F.3d 120, 121 (2d Cir. 1999); see also United States v. Melhuish, 6 F.4th 380, 394 (2d Cir. 2021) (holding that general intent requires that the defendant intended to engage in the conduct "which constitutes the act which the crime requires" and that "specific intent" requires "a special mental element particular to the crime with which defendant is charged" (internal quotation marks omitted)). Here, the defendants ask the Court to impose a requirement of specific intent to violate Section 951—that is, proof that the defendants knew of the requirement to notify the Attorney General and then willfully violated the statute by not doing so. But Ruan does not support such a reading of the statute, nor does any other case cited by the defendants in the Motion or in the original motion to dismiss.

Ruan, like Rehaif before it, applied standard mens rea principles and held that a requirement of knowing or intentional conduct (general intent) applied to all non-jurisdictional elements (or near-elements, in the case of Ruan) of the relevant offense. Neither case held that the government must prove that a defendant knew the provisions of the criminal statute at issue or willfully violated those provisions. Rehaif held that the government must prove a defendant's knowledge of his status as a felon or unlawful alien, not knowledge that the law bars possession of firearms by those with that status. Ruan held that the government must prove that a doctor-defendant, who has introduced evidence that he or she was authorized to prescribe medicine, knew that the charged distribution exceeded that authorization, not knowledge of Section 841's prohibition of distribution without authorization. In other words, Ruan and Rehaif clarify that the government must prove that certain conduct must be done knowingly, and otherwise affirms the traditional rule that ignorance of the law is not a defense. As recognized by this Court's Order, the indictment in this case alleges knowing or intentional conduct as to each element of the offense, including that the defendants knew they had not registered with the Attorney General before acting as agents of a foreign government. See Order at 18. Nothing more is required under Ruan.

Perhaps recognizing that Ruan does not support (or squarely address) their argument, the defendants conjure a broader holding and infer related principles that appear nowhere in the opinion and run afoul of long-settled modes of statutory construction in the context of criminal law. For example, the defendants argue that "the government can hardly complain

---

was required, a ruling that constituted a holding of the court, as a finding of error would have required further analysis as to whether that error was plain and, if so, whether the remaining prongs of plain error review were satisfied. See, e.g., United States v. Rybicki, 354 F.3d 124, 129 (2d Cir. 2003) (en bac) ("We ultimately conclude that the district court committed no error, plain or otherwise . . . . We therefore affirm on that issue without addressing the other 'plain error' criteria.").

4

about having to follow the ordinary rule of proving that someone knows he is breaking the law (here registration) to obtain a felony conviction." Mot. at 3. The defendants cite no authority in support of this novel proposition because that is not the "ordinary rule." In fact, the "ordinary rule, 'deeply rooted in the American legal system,'" is precisely the opposite, namely that "ignorance of the law is no defense to a criminal prosecution." United States v. Campa, 529 F.3d 980, 999 (11th Cir. 2008) (internal citation omitted). That is, a defendant need not "know that his conduct is illegal before he may be found guilty"—rather "a defendant generally must know the facts that make his conduct fit the definition of the offense, even if he does not know that those facts give rise to a crime." Elonis v. United States, 575 U.S. 723, 734–35 (2015) (internal quotation marks and citations omitted); see also, e.g., Cheek v. United States, 498 U.S. 192, 199 (1991).

In a similar vein, the defendants quote Ruan's statement that, where a statute is silent on mental state, the mens rea that the Court has read into statutes "is often that of knowledge or intent," Mot. at 2, but they go on to argue that, in context of Section 951, the Court must abandon this practice and require specific intent to violate the law, id. at 3. The defendants suggest that Ruan commands this result, notwithstanding that Ruan did not import a specific intent requirement into the Controlled Substances Act, much less into statutes, like Section 951, not relevant to the controversy before the Court. The term "specific intent" appears nowhere in the opinion.

Moreover, Ruan's articulation of the presumption of scienter is hardly novel—indeed, the opinion by its own terms applied "ordinary and longstanding scienter requirements" and, in setting forth the relevant legal principles, quoted Supreme Court decisions that pre-dated, and thus were binding precedent at the time of, Duran, Dumeisi, Campa, and other cases holding that Section 951 is a general intent crime. See 2022 WL 2295024 at *5. Ruan thus does not constitute a change in controlling law sufficient to support reconsideration of the Court's Order.

B. Section 951's Knowledge Requirement Isolates Wrongful Conduct

The defendants rely heavily on Ruan's statement that courts are to "read into criminal statutes that are silent on the required mental state . . . that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." Ruan, 2022 WL 2295024, at *5 (internal quotations and citations omitted); Mot. at 2, 3, 4. The defendants argue that only specific intent to violate the statute can serve that function in the case of Section 951. The argument is unavailing.

First, the defendants state that Ruan "imposed a specific intent requirement on Section 841," Mot. at 4, but, as noted above, that is not so. Ruan does not hold that proof of specific intent is required to separate wrongful from innocent conduct. Ruan imposed a requirement that certain defendants (those authorized to dispense controlled substances) know that the charged distribution exceeds their particular authorization to distribute certain drugs. The Court's Order is consistent with this holding. See Order at 18 ("although knowledge of one's status is necessary, it is not necessary to know that there is a law regulating certain conduct for those with that status.").

Second, Section 951's requirement that a defendant know that he did not provide notification to the Attorney General is sufficient to separate wrongful from innocent conduct. Congress has determined that it is wrong, and criminally sanctionable, to act in the United States

5

at the direction of a foreign government without prior notification to the Attorney General. The statute is designed to combat activities involving information-gathering, procurement or sanctions evasion, and perception management, and does so by mandating notice to the Attorney General before engaging in actions for a foreign government. See Order at 22. The statute criminalizes conduct (acting in the United States at the direction of a foreign government) and does so in a manner that separates wrongful from otherwise innocent conduct (without prior notification).

The burden-shifting framework set forth in Ruan further supports the challenged Order. Ruan imposed a requirement that a defendant first produce evidence that he was, in fact, authorized to dispense a controlled substance, and only then must the government prove knowledge that the defendant exceeded that authorization. See Ruan, 2022 WL 2295024, at *3 ("After a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so."). Applied to Section 951, such a framework would require the defendant to produce evidence that he believed he had, in fact, provided notice to the Attorney General (i.e., proof of innocent conduct), and only then require the government to prove that the defendant knew that he had not provided such notice (i.e., proof of wrongful conduct). The government does not seek application of Ruan's burden-shifting framework to Section 951. But Ruan's use of the framework further demonstrates that the line between innocent and wrongful conduct can be drawn by proof that the defendants knew they had not provided prior notification, as this Court held in the Order.

In sum, and as recognized in the Court's denial of the Motion to Dismiss, the indictment in this case does just what Ruan, Rehaif, and related authorities require—it alleges knowing and intentional conduct, including that the defendants knew that they had not notified the Attorney General before acting as agents of the UAE government. The defendants have offered no basis to reconsider the challenged Order.

IV.     Conclusion

The defendants have failed to demonstrate that the Court's Order was in error, or that Ruan presents a change in controlling law compelling a different result.  Accordingly, the Motion should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:     /s/
        Ryan C. Harris
        Samuel P. Nitze
        Hiral D. Mehta
        Craig R. Heeren
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     Defense counsel (by ECF)
        Clerk of the Court (BMC) (by ECF)