

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

July 29, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>VIA ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *United States v. Thomas J. Barrack*
Criminal Docket No. 1:21-CR-371-2 (BMC)

Dear Judge Cogan:

Defendant Thomas J. Barrack, Jr. respectfully moves the Court to modify his conditions of pretrial release to remove the electronic monitoring condition. The other release conditions—including a bond secured by a <u>quarter of a billion dollars</u>, including over 21 million shares in Digital Bridge stock and $5 million in cash from Mr. Barrack, property liens, security posted by his ex-wife and a close personal friend, relinquishment of his passport, travel restrictions, and a daily curfew—are more than sufficient to assure his appearance at trial without electronic monitoring.

Mr. Barrack is eager for the trial in this case; he is innocent and has consistently requested the first available trial date so that he can answer the government's accusations and clear his name. With his commitment to appear at trial, as well as his demonstrated record of compliance over the past twelve months, the remaining combination of release conditions is more than sufficient to "reasonably assure" Mr. Barrack's appearance at trial without continued GPS monitoring. *See United States v. Polouizzi*, 691 F. Supp. 2d 381 (E.D.N.Y. 2010) (granting defendant's motion to remove electronic tracking device where defendant had complied with remaining bail conditions that were left intact); *United States v. Diaz*, 2018 U.S. Dist. LEXIS 182629 (S.D.N.Y. Oct. 24, 2018) (same).

A district court must impose the least restrictive conditions or combination of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(c)(1)(B). Even if it previously imposed more stringent conditions, a district court may "at any time amend the order [of release] to impose additional or different conditions of release." *Id.* § 3142(c)(3). Here, both Pretrial Services and the Court concluded that Mr. Barrack did not pose a risk of danger to the community. *See* July 26, 2021 Hearing Tr. 32:22 ("[T]his is only a risk of flight case"). That has not changed—Mr. Barrack's bail conditions should be limited to the least restrictive means the Court believes will reasonably assure his appearance at trial.

Austin • Century City • Dallas • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo



The current conditions of release, including the electronic monitoring condition, were not imposed by the Court following a contested hearing on the merits.  Mr. Barrack did not file a brief opposing the government's detention motion, nor was there a contested bail hearing addressing flight risk.  Instead, the current conditions were the result of a stipulation between the parties, which the Court then approved.  *See* Dkt. 15.  Mr. Barrack stipulated to these conditions after spending three nights in a county detention center, with the prospect of continued incarceration while the parties litigated the issue or further negotiated conditions of release.

These stipulated conditions were far more severe than what Pretrial Services believed was necessary at the time.  In its report for the initial appearance, Pretrial Services concluded that detention was not warranted and recommended that Mr. Barrack be released on a $3 million appearance bond <u>without</u> GPS monitoring:

> [Mr. Barrack] has lived in the Central District of California (CAC) for over 70 years, has family ties within the district and is financially stable.  As such, Pretrial Services believes a financial bond and conditions of release can mitigate concerns of nonappearance.  Pretrial Services does not view [Mr. Barrack] as a danger to the community.

*See* July 20, 2021 Pretrial Services Report Re: Thomas Joseph Barrack, at 5.

As Pretrial Services recognized, Mr. Barrack has strong, long-standing ties to the community.  Mr. Barrack is a third generation American citizen with no criminal history.  He previously served in the United States government under President Ronald Reagan and has founded and run numerous businesses in the United States over the past several decades.  He has lived in California nearly all his life, the last thirty years at the same residence.  He has six children in California, including a son who is 11 years old and a daughter who is 8 years old.  Despite having traveled overseas extensively for his work, he owns no foreign properties and has no overseas bank accounts.  He has relinquished his passport and has neither the desire nor the ability to travel to another country until he has addressed the government's charges at trial.

Mr. Barrack's actions on release demonstrate that he has no intent to flee, and remains eager to vindicate himself of the charges at trial.  He has appeared at every court hearing and works with undersigned counsel on a daily basis to prepare for trial in September.

Additionally, Mr. Barrack has been released on one of the highest bonds ever imposed in this district or elsewhere.  Mr. Barrack's $250 million bond is fully secured not only by hundreds of millions of dollars of his own assets, but is also guaranteed by, among other things, the home residence of his ex-wife (who has primary care over his two young children), and the residence of a close friend and former colleague.  Mr. Barrack is fully aware that his loved ones would face severe consequences, including losing their homes, if he did not appear for trial.

In addition to this security, Mr. Barrack's travel is restricted and he is prohibited from making large financial transactions without prior approval from the government.  *See* Dkt. 57-1.  The release conditions also subject Mr. Barrack to a strict curfew and preclude him from private air travel.  *Id.*  These conditions, as well as the consequences his family would face if he did not appear for trial, provide far more guarantee of his appearance than continued GPS monitoring, which courts have recognized has little to no functional ability to mitigate flight risk.  *Cf. United States v. Gotti*, 776 F. Supp. 666, 673 (E.D.N.Y. 1991) (observing that monitoring equipment is "easily rendered inoperative or becomes so by mechanical failure").



Mr. Barrack's compliance with his bail conditions over the past year validates the recommendation from Pretrial Services and the sufficiency of his bail conditions. As his supervising Pretrial Services Officer can attest, Mr. Barrack has fully complied with his conditions of release, giving detailed itineraries every two weeks, checking in diligently and complying with all conditions, and promptly communicating changes to his schedule.

Under these circumstances, continued GPS monitoring is not necessary to assure Mr. Barrack's appearance at trial, particularly in light of the combination of conditions that will otherwise remain in effect. Moreover, where "the government has not argued that [Mr. Barrack] poses any danger to the community, the government has minimal interest in . . . electronically monitoring his every move." *See Diaz*, 2018 U.S. Dist. LEXIS 182629, at *12; *see also Polouizzi*, 697 F. Supp. at 389 ("Required wearing of an electronic bracelet, every minute of every day, with the government capable of tracking a person not yet convicted as if he were a feral animal would be considered a serious limitation on freedom by most liberty-loving Americans.")

Further, because of the suspicion that the device engenders, Mr. Barrack has repeatedly been detained by security during approved travel due to their confusion over his release conditions and the GPS monitoring device. This has even led to him being placed in a holding cell, even after showing Customs and Border Patrol agents the Court's order permitting his travel. The GPS device also risks significant prejudice to him during trial—Mr. Barrack may enter and exit the courthouse in the presence of jurors, and his GPS device may need to be examined by courthouse security or otherwise be noticed by members of the jury.

At this stage of his career and at 75 years of age, Mr. Barrack's only goal is to refute the government's allegations in open court. While he would appear for trial without any conditions at all, the Court's finding that Mr. Barrack's "bail package which is quite substantial" and that "the conditions are sufficient" to ensure that he would appear for trial would not be significantly altered by removal of the GPS monitoring condition. *See* July 26, 2021 Hearing Tr. 32:21-24.

Thus, Mr. Barrack respectfully requests that the Court order the requested modification.

Respectfully submitted,


*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
James A. Bowman
Partners
of O'MELVENY & MYERS LLP