

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

August 8, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>**VIA ECF**</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***United States v. Thomas J. Barrack***
**Criminal Docket No. 1:21-CR-371-2 (BMC)**

Dear Judge Cogan:

We write to briefly respond to the government's opposition to Mr. Barrack's motion to modify his conditions of release, which not only cites the wrong provision of the Bail Reform Act that applies to his motion, but also omits authority in this district and elsewhere affirming a district court's inherent authority to modify release conditions without a change in circumstances.

Relying on 18 U.S.C. § 3142(f), the government incorrectly asserts that Mr. Barrack's conditions of release can only be modified where there has been a substantial change in circumstances. The government's reliance on Section 3142(f) is incorrect. That provision of the Bail Reform Act provides that a detention hearing may be "reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing . . ." 18 U.S.C. § 3142(f). Here, however, the provision that applies to Mr. Barrack's motion is Section 3142(c)(3), which permits a court to amend the release order "at any time" based on its inherent authority and contains no requirement that there must be a change in circumstances. 18 U.S.C. § 3142(c)(3).

The government thus faults Mr. Barrack for failing to inform the Court that "any amendment should be based on a 'substantial change in circumstances.'" Opp. 2, n. 2. But it is the government that omits contrary authority and seeks to introduce a requirement found nowhere in the plain text of the statute. Courts in the Second Circuit (including in this district) have held that a district court may revisit conditions of release on its own authority, even where there is no change in circumstances. *See, e.g., United States v. Sikandar*, 2021 U.S. Dist. LEXIS 13799, at *6 (E.D.N.Y. Jan. 25, 2021) ("[a] court may also revisit its own decision [regarding detention or conditions of release] pursuant to its inherent authority, even where the circumstances do not match [Section 3142(f)'s] statutory text") (quoting *United States v. Maxwell*, 510 F. Supp. 3d 165, 169 (S.D.N.Y. 2020)).

Courts in this circuit and elsewhere have repeatedly affirmed this basic rule. *See, e.g., United States v. Angiulo*, 755 F.2d 969, 972 (1st Cir. 1985) ("As far as we can tell, § 3142(f) of the [Bail Reform] Act governs the magistrate's (or judge's) initial decision whether to detain or to release



a defendant on conditions. The last sentence of § 3142(c) then allows the magistrate or judge 'at any time' to 'amend' a release order"); *United States v. Rowe,* 2003 U.S. Dist. LEXIS 8499, 2003 WL 21196846, at *1 (S.D.N.Y. May 21, 2003) (noting that "a release order may be reconsidered even where the evidence proffered on reconsideration was known to the movant at the time of the original hearing"); *United States v. Petrov,* 2015 U.S. Dist. LEXIS 178970, at *6 (S.D.N.Y. Mar. 26, 2015) (noting the "Court's inherent authority for reconsideration of the Court's previous bail decision").

Here, Mr. Barrack's request to remove his ankle monitor is modest in scope, but deeply important to Mr. Barrack's hope of securing a fair trial. While no change in circumstances is required to modify this condition, Mr. Barrack's history of compliance with his bail conditions over the last twelve months demonstrates that the government's flight risk concerns at the outset of this case were overstated and validates the initial bail recommendation by Pretrial Services, which did not include an ankle monitor. With the remaining combination of release conditions left intact—including a $250 million bond package, property liens, security posted by his ex-wife and a close personal friend, relinquishment of his passport, travel restrictions, and a daily curfew—Mr. Barrack's commitment to appear at trial is more than sufficient to "reasonably assure" his appearance without continued GPS monitoring.

Thus, Mr. Barrack respectfully requests that the Court order the requested modification.

Respectfully submitted,


*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli
James A. Bowman
Partners
of O'MELVENY & MYERS LLP