# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 11, 2022

*VIA ECF*

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *United States v. Rashid Sultan Rashid Al Malik Alshahhi*, et al., 1:2l-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

We represent Thomas J. Barrack, Jr. in the above-referenced case. We write on behalf of Mr. Barrack and his co-defendant, Matthew Grimes, to request that Your Honor provide the Preliminary Instructions in Defendants' Proposed Jury Instructions to the jury before opening arguments. (Dkt. 148 at 3-21). Defendants submit that this procedure will make the trial more efficient and will reduce the likelihood of juror confusion during trial.

Courts in this Circuit have embraced providing substantive preliminary instructions to the jury before opening arguments. In particular, in *United States v. Stein*, 429 F. Supp. 2d 648 (S.D.N.Y. 2006), Judge Kaplan explained: "It is only common sense to think that it would be helpful to the jurors to know at the outset of a long trial what they are going to be asked to decide at the end." *Id.* at 649. As *Stein* also notes, the Benchbook for U.S. District Judges recommends giving jurors a summary of the applicable law at the outset of the case. *Id.* That summary states: "in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove to make its case." Benchbook for U.S. District Judges § 2.07, at 94 (Mar. 2013). Similarly, *Stein* notes, 429 F. Supp. 2d at 649-51, that the Federal Judicial Center's Manual for Complex Litigation supports giving jurors a substantive, preliminary instruction. It explains:

> Jurors can deal more effectively with the evidence in a lengthy trial if they are provided with a factual and legal framework to give structure to what they see and hear. . . . The instructions should summarize the key factual issues, including the undisputed facts and the parties' major contentions . . . and explain briefly the basic legal issues and principles, such as the elements of claims and defenses to be proved.

Federal Judicial Ctr., Manual on Complex Litigation § 12.432 (4th ed. 2004).

Numerous courts in this Circuit agree. *See, e.g.*, *United States v. Calk*, 2021 WL 2887691, at *1 (S.D.N.Y. July 9, 2021) ("Before any jury trial, the Court delivers preliminary instructions

to the jury. As a general practice, the Court's preliminary instructions include a brief, substantive charge regarding the elements of the charges in criminal cases or claims in civil cases. Jurors are instructed that the preliminary instructions are designed to help them evaluate the evidence in light of what they will be asked to do after they have heard all the evidence."); *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 276 (S.D.N.Y. 2010) ("Current studies, particularly those conducted as part of the Jury Trial Project of the New York State Unified Court System, have demonstrated the benefits of substantive preliminary instructions."); *see also, e.g.*, *United States v. Hunt*, 534 F. Supp. 3d 233, 260 (E.D.N.Y. 2021) (noting that, "[i]n some cases, particularly where trial is expected to be lengthy and complex, courts have found it appropriate to give substantive preliminary jury instructions," but finding such instructions not required in relatively simple case).

Scholars, like the jurists just discussed, have found that earlier instructions better serve the interest of justice. *See* Chalmers James & Leverick Fiona, *Methods of Conveying Information to Jurors: An Evidence Review* 30 (2018) (explaining that one study found that jurors' comprehension of the legal issues in the case was "significantly better" for "jurors who had been both pre- and post-instructed" rather than those who only received instructions at the end of the case). And "[t]here is no evidence that [pre-instruction] causes jurors to decide cases prematurely." *Id.* at 27. "The one point upon which all researchers are agreed is that repeating the instructions two or more times aids comprehension and improves the accuracy of verdicts." J. Alexander Tanford, *The Law and Psychology of Jury Instructions*, 69 Neb. L. Rev. 71, 84 (1990).

Here, the jury will benefit from receiving a substantive preliminary instruction because of the complicated nature of this case. The Superseding Indictment is more than 50 pages long, charges multiple defendants on nine counts over a period of several years, and involves high-ranking government officials in countries around the world. And some of the charges brought against the defendants are brought under 18 U.S.C. § 951, under which the government has historically brought vanishingly few cases. The government itself has acknowledged that "the government believes it's a complex case." 9/2/21 Tr. 11:9; *see also* 5/24/22 Tr. 14:16-18 (government noting the "scale, size and complexity" of this case).

Even to the most sophisticated federal prosecutors in the country, the ambit of Section 951 is not always clear. In fact, the Office of the Inspector General of the Department of Justice concluded that many prosecutors and law enforcement confuse Section 951 charges with Foreign Agents Registration Act ("FARA") charges. *See* U.S. Dep't of Just. OIG, *Audit of the National Security Division's Enforcement and Administration of the Foreign Agents Registration Act* (2016). Many news reports about Mr. Barrack's indictment also attempted to explain the difference between Section 951 and FARA as they are commonly confused. *See, e.g.*, Christina Wilkie, *Trump Ally Tom Barrack's Criminal Case Isn't Really About Lobbying – It's About National Security*, CNBC (2021) (explaining the difference and common confusion between FARA charges and 18 U.S.C. § 951); *see also* Sarah Mimms, *Yet Another One Of Trump's Pals Didn't Register As A Foreign Agent And Got Arrested*, BuzzFeed News (2021) (clarifying that Barrack charges did not include a FARA charge). By briefly instructing the jury before opening arguments, the jury will be better equipped to evaluate all the evidence presented to it.

Thus, Mr. Barrack and Mr. Grimes respectfully request that the Court exercise its discretion provide the Preliminary Instructions in Defendants' Proposed Jury Instructions to the jury before opening arguments.

Sincerely,

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP | WINSTON & STRAWN LLP |
| /s/ Michael S. Schachter | /s/ *Abbe David Lowell* |
| Michael S. Schachter | Abbe David Lowell |
| Randall W. Jackson | Christopher D. Man |
| Steven J. Ballew | Sofia R. Arguello |
| | Johanna Rae Hudgens |
| O'MELVENY & MYERS LLP | |
| | *Counsel for Defendant* |
| Daniel M. Petrocelli | *Matthew Grimes* |
| James A. Bowman | |

*Counsel for Defendant*
*Thomas J. Barrack*, Jr.

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie