UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AL MALIK ALSHAHHI, et al.<br><br>Defendants. | Case No.: 1:21-cr-00371-BMC-TAM<br><br>**NOTICE OF DEFENDANTS THOMAS J. BARRACK JR.'S AND MATTHEW GRIMES' JOINT MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EXHIBITS 510-A AND 510-B** |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, dated August 28, 2022, and all exhibits attached thereto, Defendants Thomas J. Barrack Jr. and Matthew Grimes, by their attorneys, move before the Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, for an Order granting their Joint Motion *in Limine* to Exclude Government Exhibits 510-A and 510-B. Defendants will file both a public and an under seal version of this Motion and its exhibits pursuant to Paragraph 7 of the Protective Order, which requires that "absent prior agreement of the government or permission of the Court, Confidential Discovery Materials shall not be included in any public filing with the Court and instead shall be submitted under seal." Dkt. 27, Stipulation & Protective Order.

Dated: New York, New York
August 28, 2022

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
    Michael S. Schachter
    Randall W. Jackson
    Steven Ballew
    Jordan Reisch
    787 Seventh Avenue
    New York, New York 10019
    Phone: (212) 728-8000
    Email: mschachter@willkie.com

**O'MELVENY & MYERS LLP**

/s/ James A. Bowman
James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: jbowman@omm.com

Samantha Miller
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: samanthamiller@omm.com

*Attorneys for Defendant Thomas J. Barrack, Jr.*

**WINSTON & STRAWN LLP**

By: /s/ Abbe Davis Lowell
Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Attorneys for Defendant Matthew Grimes*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AL MALIK ALSHAHHI, et al.,

    Defendants.

Case No.: 1:21-cr-00371-BMC-TAM

**DEFENDANTS THOMAS J. BARRACK'S AND MATTHEW GRIMES'S
MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE
<u>GOVERNMENT EXHIBITS 510-A AND 510-B</u>**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1
ARGUMENT......................................................................................................................4
    I.       Government Exhibits 510-A And 510-B Are Irrelevant..........................................4
    II.      Even If Exhibits 510-A and 510-B Have Some Minimal Relevance, They
             Must Be Excluded Under Rule 403 ...................................................................5
CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**Case**                                                                                                   **Page(s)**

*Old Chief v. United States,*
　　519 U.S. 172 (1997) ......................................................................................................6

*United States v. Kornhauser,*
　　519 F. App'x 41 (2d Cir. 2013) .....................................................................................7

*United States v. O'Sullivan,*
　　2021 WL 30800330 (E.D.N.Y. July 20, 2021) .............................................................8

*United States v. Segui,*
　　2019 WL 8587291 (E.D.N.Y. Dec. 2, 2019) ............................................................5, 6

*United States v. Tavoularis,*
　　515 F.2d 1070 (2d Cir. 1975) ........................................................................................5

**Statutes**

18 U.S.C. 951(d)(1) ................................................................................................................3

**Other Authorities**

Fed. R. Evid. 401 ....................................................................................................................4

Fed. R. Evid. 401 ....................................................................................................................4

Fed. R. Evid. 403 ................................................................................................................6, 8

Defendants Thomas J. Barrack ("Mr. Barrack") and Matthew Grimes ("Mr. Grimes") respectfully submit this memorandum of law in support of their motion *in limine* to exclude Exhibits 510-A and 510-B on the government's August 5, 2022 Exhibit List.

## INTRODUCTION

Exhibits 510-A and 510-B are text communications between an absent defendant, who will not be appearing at trial—Mr. Rashid al Malik— ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ who was friendly with Mr. al Malik.

In the text messages, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Ten days later, on Inauguration Day, Mr. al Malik ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████

Because the ████████████████████████████████████
████████████████████████████████████
████████████████████████ offers no insight into the question that the jury will need to decide in this case, that is, whether *Mr. Barrack* and *Mr. Grimes* themselves agreed to act as agents of the UAE without notification to the Attorney General, defense counsel asked the government why Exhibits 510-A and 510-B were included on its Exhibit List. In response, the government stated that these Exhibits were being offered to satisfy the defense's contention, as expressed in their Motions to Dismiss (ECF Nos. 67, 69) and their motions for reconsideration (ECF Nos. 122, 123), that in order to prove the Section 951 charges, the government would need to prove that all of the alleged conspirators, including Mr. al Malik, knew about Section 951's notification requirement. According to the government, Exhibits 510-A and 510-B constitute evidence that al Malik "was apprised of [Section 951's] requirement and advised to register," and thus constitute admissible evidence that al Malik knew about Section 951's notification requirement. (Ex. C (8/19/22 USAO Email)).

The admissibility argument proffered by the government does not withstand scrutiny. First, the Court's ruling that there is no obligation to prove knowledge of the registration requirement in Section 951 obviates the Government's reasoning for introducing these text messages. (ECF No. 166.) As such, there is no reason why these Exhibits need be admitted at the upcoming trial.

Second, even if these text messages had any remote probative value, their prejudicial effect easily overwhelms any such use. If these Exhibits are admitted at trial, the defense will need to make significant efforts to demonstrate to the jury why al Malik's reference ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does *not* require Section 951 registration, because Section 951 includes an exception for any "duly accredited diplomatic or consular officer, of a foreign government, who is so recognized by the Department of State." 18 U.S.C. 951(d)(1). Thus, while the government claims that these texts prove that Mr. al Malik was "advised" to register under Section 951, *see* Ex. C, in fact the texts say no such thing. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Requiring the defense to spend valuable time debunking the government's narrative is especially unfair because the government *knows* that its "interpretation" of these text messages is

not shared by the author of the text messages, Professor Rivetti.  In January 2022, the government interviewed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Given that Mr. al Malik will not be at Mr. Barrack's and Mr. Grimes's upcoming trial, and the fact that, pursuant to the Court's ruling, the Government does not need to prove that Mr. al Malik knew about Section 951's notification requirement, there is no compelling reason why the jury should be distracted from the actual issues in this case by a mini-trial regarding the meaning of these text messages.  In addition, allowing the government to introduce these text messages runs the risk of allowing the jury to impute Mr. al Malik's supposed "knowledge" of Section 951 from this exchange to Mr. Barrack or Mr. Grimes—a particularly grave risk, given the complete lack of evidence that Mr. Barrack or Mr. Grimes knew of Section 951 or its notification requirement.  The exhibits should not be admitted.

**ARGUMENT**

**I.     Government Exhibits 510-A And 510-B Are Irrelevant.**

The Federal Rules of Evidence preclude the admission of irrelevant evidence.  *See* Fed. R. Evid. 402.  Evidence is relevant only if it has a "tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *Id.* 401.  These two exhibits are irrelevant and inadmissible.

Counts 1 and 2 of the Superseding Indictment allege that Mr. Barrack, Mr. Grimes, and Mr. Al Malik acted, and conspired to act, as an unregistered agent of the United Arab Emirates ("UAE") in violation of 18 U.S.C. § 951.  *See* S.I. ¶¶ 116-117.  The government maintains that it need not show knowledge of Section 951's registration requirement to prove a conspiracy to violate Section 951.  *See* Gov't Proposed Jury Instructions 19 (ECF No. 147).  And this Court has

indicated that, to show a conspiracy to violate Section 951, the government needs to prove (at most) that a defendant "knowingly and intentionally" conspired to violate Section 951. *See* Order 14-15 (ECF No. 120). As the government itself has explained, knowledge of the registration requirement "is an element separate and apart from [a defendant's] knowing participation in that conspiracy." *See* Ex. C (8/19/22 USAO Email). In other words, under the government's view of Section 951, a defendant's knowledge of the registration requirement is irrelevant and thus the probative value of these exhibits is exceedingly low. *See, e.g.*, *United States v. Segui*, 2019 WL 8587291, at *11 (E.D.N.Y. Dec. 2, 2019) (acknowledging that different evidence is relevant depending on whether offense is construed as requiring proof of specific or general intent).

Moreover, the criminal intent that the government must prove is *Mr. Barrack's* and *Mr. Grimes's* intent—specifically, whether they "intentionally participate[d] in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects." *See* Gov't Proposed Jury Instructions 21 (ECF No. 137). Mr. al Malik's (supposed) knowledge of Section 951's notification requirement demonstrates nothing about either of the other defendants' intent and the government should not be permitted to introduce evidence that implicitly suggests to the jury that because *Mr. al Malik* knew (or might have known) of Section 951's notification requirement, so did Mr. Barrack and Mr. Grimes. The "requisite [intent] cannot be imputed from one . . . conspirator to another." *United States v. Tavoularis*, 515 F.2d 1070, 1074 (2d Cir. 1975). As a result, evidence of Mr. al Malik's knowledge is entirely irrelevant to the knowledge held by Mr. Barrack or Mr. Grimes and Exhibits 510-A and 510-B must be excluded.

## II. Even If Exhibits 510-A and 510-B Have Some Minimal Relevance, They Must Be Excluded Under Rule 403

Even if Exhibits 510-A and 510-B had some remote relevance to the charges against Mr. Barrack and Mr. Grimes, they must still be excluded because their "probative value is substantially

outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." *See* Fed. R. Evid. 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). This "Court considers the evidence in the context of the crime charged, excluding evidence 'more inflammatory than the charged crime,' or if 'the chain of inferences necessary to connect evidence with the ultimate fact to be proved' is unduly long." *United States v. Segui*, 2019 WL 8587291, at *3 (E.D.N.Y. Dec. 2, 2019) (internal citations omitted). The text messages here fall squarely within the ambit of evidence that Rule 403 is designed to exclude.

First, as explained above, ███████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████ the government's exhibits do not prove that Mr. al Malik was aware that any of his actions, as alleged in the Superseding Indictment, would trigger such a notification requirement. The government has provided no evidence that Professor Rivetti was aware of any of the allegations in the Superseding Indictment, other than Mr. al Malik's presence at President Trump's Inauguration. ████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████████
████████████

Indeed, the government itself has disclosed to the defense ████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████

Even assuming that Exhibits 910-A and 910-B somehow demonstrate Mr. al Malik's awareness that he should register under Section 951 or via some other mechanism (which they do not), their introduction creates a significant risk the jury would graft Mr. al Malik's supposed knowledge onto Mr. Barrack or Mr. Grimes. That risk of undue prejudice, confusion of the issues, and misleading the jury is particularly great given that there is no evidence showing that Mr. Barrack or Mr. Grimes ever knew about Section 951 or its notification requirement. "Evidence of another party's guilt 'may be excluded,'" including where its connection to the allegations against the defendant is "remote." *United States v. Kornhauser*, 519 F. App'x 41, 43 (2d Cir. 2013) (quoting *Holmes v. South Carolina*, 547 U.S. 319, 327 (2006)). Such evidence "intensif[ies] the grave risk of jury confusion", without adding much value to the trial. *Id.* (quoting *Wade v. Mantello*, 333 F.3d 51, 62 (2d Cir. 2003).

If the government is allowed to admit these Exhibits, Mr. Barrack and Mr. Grimes will be compelled to rebut or neutralize the government's narrative about them, which is "a recipe for a 'trial-within-a-trial' that would lead to juror confusion and undue delay." *United States v. O'Sullivan*, 2021 WL 30800330, at *3 (E.D.N.Y. July 20, 2021) (excluding evidence under Rule

403).  This defense rebuttal would involve explaining to the jury that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ would not fall under Section 951; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Even within the conspiracy statute, "knowledge" of one co-conspirator, based on vague and unspecific advice from a friend, cannot be imputed to the other alleged members.  In these circumstances, even if Exhibits 510-A and 510-B did bear some relevance to the charges against Mr. Barrack and Mr. Grimes, they must be excluded under Rule 403.

## CONCLUSION

The Court should grant Mr. Barrack's and Mr. Grimes' motion to preclude the government from introducing into evidence government exhibits 510-A and 510-B, for all the reasons above.

Dated: New York, New York
August 28, 2022

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Michael S. Schachter
    Michael S. Schachter
    Randall W. Jackson
    Steven Ballew
    Jordan Reisch
    787 Seventh Avenue
    New York, New York 10019
    Phone: (212) 728-8000
    Email: mschachter@willkie.com

**O'MELVENY & MYERS LLP**

/s/ James A. Bowman
James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-mail: jbowman@omm.com

Samantha Miller
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: samanthamiller@omm.com

*Attorneys for Defendant Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

By: /s/ Abbe Davis Lowell
Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Attorneys for Defendant Matthew Grimes*