UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AL MALIK ALSHAHHI, et al.<br><br>Defendants. | Case No.: 1:21-cr-00371-BMC-TAM<br><br>**NOTICE OF DEFENDANTS THOMAS J. BARRACK JR.'S MOTION *IN LIMINE* TO EXCLUDE PREJUDICIAL EVIDENCE AND ARGUMENT RELATED TO HIS WEALTH, SPENDING, AND LIFESTYLE** |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, dated September 6, 2022, and all exhibits attached thereto, Defendant Thomas J. Barrack Jr., by his attorneys, moves before the Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, for an Order granting his Motion *in Limine* to Exclude to Exclude Prejudicial Evidence and Argument Related to His Wealth, Spending, and Lifestyle. Mr. Barrack will file both a public and an under seal version of this Motion and its exhibits pursuant to Paragraph 7 of the Protective Order, which requires that "absent prior agreement of the government or permission of the Court, Confidential Discovery Materials shall not be included in any public filing with the Court and instead shall be submitted under seal." Dkt. 27, Stipulation & Protective Order.

Dated: September 6, 2022
       New York, New York

| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
|---|---|
| /S/ Michael Steven Schachter | |
| Michael Steven Schachter | James A. Bowman (admitted *pro hac vice*) |
| Randall Wade Jackson | 400 South Hope Street, 18th Floor |
| Casey E. Donnelly | Los Angeles, CA 90071 |
| Steven J. Ballew | jbowman@omm.com |
| Jordan D. Reisch | (213) 430-6000 (ph) |
| 787 Seventh Avenue | (213) 430-6407 (fax) |
| New York, NY 10019-6099 | |
| mschachter@willkie.com | |
| (212) 728-8000 (ph) | |
| (212) 728-8111 (fax) | |

*Counsel for Thomas J. Barrack, Jr.*

- 3 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>AL MALIK ALSHAHHI, et al.,<br><br>            Defendants. | Case No.:  1:21-cr-00371-BMC-TAM |

**DEFENDANT THOMAS J. BARRACK'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE
PREJUDICIAL EVIDENCE AND ARGUMENT RELATED TO HIS WEALTH,
SPENDING, AND LIFESTYLE UNDER FEDERAL RULES OF CRIMINAL
PROCEDURE 401 THROUGH 403**

## **TABLE OF CONTENTS**

                                                      **Page**

PRELIMINARY STATEMENT ....................................................................................................1

LEGAL STANDARD....................................................................................................................1

ARGUMENT..................................................................................................................................2

       II.     EVIDENCE OF MR. BARRACK'S WEALTH, SPENDING, AND
               LIFESTYLE IS IRRELEVANT .................................................................................2

       III.    EVIDENCE OF MR. BARRACK'S WEALTH, SPENDNG, AND
               LIFESTYLE IS UNDULY PREJUDICIAL ............................................................4

CONCLUSION...............................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*,
    Civ. No. 04-10014, 2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) ......................................... 5

*Arlio v. Lively*,
    474 F.3d 46 (2d Cir. 2007) ..................................................................................................... 1

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
    448 F.3d 573 (2d Cir. 2006) ................................................................................................... 1

*Kinsey v. Cendant Corp.*,
    588 F. Supp. 2d 516 (S.D.N.Y. 2008) .................................................................................... 5

*Old Chief v. United States*,
    519 U.S. 172 (1997) ........................................................................................................... 2, 4

*United States v. Hatfield*,
    685 F. Supp. 2d 320 (E.D.N.Y. 2010) ............................................................................... 3, 4

*United States v. James*,
    No. 19-CR-0382(JS), 2022 WL 2106268 (E.D.N.Y. June 10, 2022) ...................................... 3

*United States v. Mitchell*,
    172 F.3d 1104 (9th Cir. 1999) ................................................................................................ 3

*United States v. Rafiekian*,
    991 F.3d 529 (4th Cir. 2021) .................................................................................................. 2

*United States v. Segui*,
    2019 WL 8587291 (E.D.N.Y. Dec. 2, 2019) ......................................................................... 4

*United States v. Socony Vacuum Oil Co.*,
    310 U.S. 150 (1940) ............................................................................................................... 4

*United States v. Stahl*,
    616 F.2d 30 (2d Cir. 1980) ..................................................................................................... 4

**Other Authorities**

Fed. R. Evid. 401 .......................................................................................................................... 1

Fed. R. Evid. 402 .......................................................................................................................... 1

Fed. R. Evid. 403 ...................................................................................................................... 2, 4

Defendant Thomas J. Barrack respectfully submits this memorandum of law in support of his motion *in limine* to exclude certain evidence and arguments that would be unduly prejudicial to his defense.

## PRELIMINARY STATEMENT

Defendant Tom Barrack respectfully requests that the Court exclude Government evidence of his purported wealth, spending, and lifestyle. Mr. Barrack has reason to believe that the Government plans to introduce such evidence. For example, the Government has put forth as potential trial exhibits ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The Government has no legitimate purpose for offering this evidence. It has no bearing on whether Mr. Barrack allegedly acted or conspired to act as an unregistered foreign agent. Instead, the Government's proffered evidence invites the jury to convict Mr. Barrack based on improper emotional appeals and creates a substantial risk of class bias. The Court should exclude such evidence under Rules 401-403.

## LEGAL STANDARD

Under the Federal Rules, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it 1) "has any tendency to make a fact more or less probable than it would be without the evidence" and 2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. A fact is of consequence and material if it would "affect the outcome of the suit under the governing law." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir. 2006). Unless the evidence tends to prove a material fact, it is irrelevant and inadmissible. *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007).

Even if the evidence is relevant, it may still be excluded if its probative value is substantially outweighed by any of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 Advisory Committee's note).

## ARGUMENT

**II. EVIDENCE OF MR. BARRACK'S WEALTH, SPENDING, AND LIFESTYLE IS IRRELEVANT**

Counts 1 and 2 of the Superseding Indictment allege that Mr. Barrack violated 18 U.S.C. § 951. *See* S.I. ¶¶ 114, 116-117. Evidence concerning Mr. Barrack's wealth, spending, and lifestyle are irrelevant to whether or not he conspired to act as an unregistered agent of the United Arab Emirates ("UAE"). "To establish criminal liability [in a Section 951 case], the Government must prove that someone 'other than a diplomatic or consular officer or attaché' acted in the United States as an 'agent of a foreign government,' and did so without first notifying the Attorney General." *United States v. Rafiekian*, 991 F.3d 529, 542 (4th Cir. 2021).

The Government does not allege that any of Mr. Barrack's homes or his chartered private plane were purchased with the proceeds of his supposed agency; indeed, the Superseding Indictment does not allege that Mr. Barrack received any proceeds or compensation from the UAE. *See generally*, S.I. In fact, the Government has repeatedly argued that compensation is not an element of § 951, nor required to establish agency. *See e.g.*, Motion to Quash Subpoena to Digital Bridge, Dkt. 153 at 4. The only plausible motive that the government has suggested in this case is certain investments made through Colony by UAE sovereign wealth funds, *see* S.I. ¶ 96, and even then, the government has made it clear that "[the government] does not allege that the SWF

Investments were an agreed-upon compensation for [Defendants'] participation in the charged crimes or that any such quid pro quo existed." (Dkt. 153 at 4). Since Mr. Barrack's compensation is neither an element nor an argument in this case, it would be misleading and confusing to present the jury with evidence of Mr. Barrack's wealth, spending, or lifestyle.

If the Government intends to argue that Mr. Barrack's economic status is tangentially relevant to motive, then it misunderstands the law. *See United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010) (precluding the Government from introducing evidence of a wealthy defendant's 'lavish' personal spending to prove motive). Evidence of Mr. Barrack's wealth, spending, and lifestyle would lack probative value because (1) Mr. Barrack was successful and wealthy long before he was allegedly recruited to be a foreign agent,[1] and (2) courts have rejected this argument for good reason—namely that evidence of economic class is never necessary to establish a general interest in acquiring wealth, since that interest is largely universal and exists regardless of the economic class of a defendant. *See United States v. Mitchell,* 172 F.3d 1104, 1109 (9th Cir. 1999) ("it is in anyone's interest to be richer rather than poorer"); *see also United States v. James*, No. 19-CR-0382(JS), 2022 WL 2106268, at *11 (E.D.N.Y. June 10, 2022) ("[W]hen a billionaire buys a multi-million dollar home, no inference can be drawn that the money came from criminal activity.") (quoting *United States v. Cardena*, 842 F.3d 959, 983-84 (7th Cir. 2016). If anything, the level of success Mr. Barrack attained through a lifetime of laborious efforts cuts *against* the Government's contention that he would abruptly risk it all, at seventy years old, to become an agent of a foreign power.

---

[1] *In Pictures: Finance Billionaires*, Forbes, Sept. 24, 2007
https://www.forbes.com/2007/09/18/richlist07_Investments_slide html?sh=15c056316ac8 (including Mr. Barrack on the Forbes Rich List in 2007). Mr. Barrack allegedly became a foreign agent around April 2016. *See* S.I. ¶ 114.

### III. EVIDENCE OF MR. BARRACK'S WEALTH, SPENDNG, AND LIFESTYLE IS UNDULY PREJUDICIAL

Even if the evidence of Mr. Barrack's wealth, spending, and lifestyle has some attenuated relevance to the charges, it should still be excluded because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." *See* Fed. R. Evid. 403. "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. This "Court considers the evidence in the context of the crime charged, excluding evidence 'more inflammatory than the charged crime,' or if 'the chain of inferences necessary to connect evidence with the ultimate fact to be proved' is unduly long." *United States v. Segui*, 2019 WL 8587291, at *3 (E.D.N.Y. Dec. 2, 2019) (internal citations omitted).

Offering evidence of Mr. Barrack's purported wealth, lifestyle, and spending habits is a blatant appeal to "class prejudice," which the Supreme Court has called "highly improper," as it "may so poison the minds of jurors even in a strong case that an accused may be deprived of a fair trial." *United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 239-40 (1940). There is widespread, bipartisan condemnation for CEO compensation in the U.S.[2] Courts routinely find in similar cases that evidence of wealth or lifestyle is irrelevant or that its probative value is low and dwarfed by the severe risk of unfair prejudice to the defendant. *See, e.g.*, *United States v. Stahl*, 616 F.2d 30, 32 (2d Cir. 1980) (reversing conviction where government repeatedly referred to the defendant's wealth, including characterizing the defendant as a "multi-millionaire businessman in real estate," purportedly to show that the defendant had motive to pay a bribe in order to avoid taxes); *Hatfield*,

---

[2] Ross Kerber, *U.S. poll finds bipartisan concern over high CEO pay*. May 9, 2022, https://www.reuters.com/world/us/us-poll-finds-bipartisan-concern-over-high-ceo-pay-2022-05-09/

- 4 -

685 F. Supp. 2d at 326 (excluding such evidence in case involving alleged improper stock trading); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518-19 (S.D.N.Y. 2008) (excluding income evidence as unfairly prejudicial play "to the fact finder's potential economic sympathies or prejudices"); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, Civ. No. 04-10014, 2009 WL 3111766, at *6-7 (S.D.N.Y. Sept. 28, 2009) (excluding "actual dollar figure" of compensation for "its potential to bias the jury under Rule 403").

Evidence of too many summer homes would be highly relevant if Mr. Barrack were on trial for his success, but he is not. Photographs of Mr. Barrack's personal property, along with any other evidence of his wealth, spending, lifestyle, and compensation have no place in this trial.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Mr. Barrack's motion *in limine* to exclude prejudicial evidence and arguments concerning Mr. Barrack's wealth, spending, and lifestyle.

Dated:   New York, New York
         September 6, 2022

| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
|---|---|
| /S/ Michael Steven Schachter | |
| Michael Steven Schachter | James A. Bowman (admitted *pro hac vice*) |
| Randall Wade Jackson | 400 South Hope Street, 18th Floor |
| Casey E. Donnelly | Los Angeles, CA 90071 |
| Steven J. Ballew | jbowman@omm.com |
| Jordan D. Reisch | (213) 430-6000 (ph) |
| 787 Seventh Avenue | (213) 430-6407 (fax) |
| New York, NY 10019-6099 | |
| mschachter@willkie.com | |
| (212) 728-8000 (ph) | |
| (212) 728-8111 (fax) | |

*Counsel for Thomas J. Barrack, Jr.*