UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff,<br><br> -against-<br><br>AL MALIK ALSHAHHI, et al.,<br>        Defendants. | No. 1:21-cr-000371-BMC-TAM |

## DEFENDANT THOMAS J. BARRACK'S REPLY BRIEF IN SUPPORT OF HIS MOTION *IN LIMINE* FILED AT ECF NO. 191

WILLKIE FARR & GALLAGHER LLP

Michael Steven Schachter
Randall Wade Jackson
Casey E. Donnelly
Steven J. Ballew
Jordan D. Reisch
787 Seventh Avenue
New York, NY 10019-6099
mschachter@willkie.com
(212) 728-8000 (ph)
(212) 728-8111 (fax)

O'MELVENY & MYERS LLP

James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
jbowman@omm.com
(213) 430-6000 (ph)
(213) 430-6407 (fax)

*Counsel for Thomas J. Barrack, Jr.*

Defendant Thomas J. Barrack respectfully submits this memorandum of law in brief reply to the Government's letter, *see* ECF No. 204, opposing Mr. Barrack's motion *in limine*, filed at ECF No. 191, to exclude certain prejudicial Government exhibits.

## **PRELIMINARY STATEMENT**

The Government claims that in order to "provide context for other evidence," it should be permitted to admit photographs of ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. In fact, these photographs do not offer any meaningful or necessary "context" to any of the Government's evidence. Contrary to the Government's contention, "'[b]ackground' or 'context' are not talismans that guarantee admissibility." *See e.g.* Wright & Miller, Fed. Prac. & Proc. Evid. § 5247.3 (2d ed. 2021). The Government's attempt to offer these photos into evidence is plainly a thinly-veiled effort at depicting Mr. Barrack as rich and privileged, someone whom the jury should instinctively dislike.

## **ARGUMENT**

### I. THE COURT SHOULD EXCLUDE GOVERNMENT EXHIBIT 1009

Government Exhibit 1009 is a photograph depicting ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. The Government claims that a photograph ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ is necessary to provide context for other evidence purportedly establishing that "Mr. Barrack held an event ▄▄▄▄▄▄▄▄ to which he invited several co-conspirators." (Opp. at 2). The Government does not explain why this "context" is necessary. The jury will be familiar with the concept that people live in houses and sometimes throw parties at those houses, to which visitors are invited. There is no need to parade in front of the jurors a photograph of ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

▇▇▇▇▇▇▇—in order for the jurors to comprehend the basic fact that Mr. Barrack once invited his alleged "co-conspirators" ▇▇▇ for an event.[1]

## II. THE COURT SHOULD EXCLUDE GOVERNMENT EXHIBITS 1011 AND 1012

Government Exhibits 1011 and 1012 are photographs ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Government claims that these photographs "establish venue." (Opp. at 3). According to the Government, Mr. Barrack was physically present at these summer rentals when he was texting with members of the alleged conspiracy. (*Id.*). The Government's argument does not even make sense: these are not photographs of Mr. Barrack, sitting in the summer rentals, texting, with time stamps synonymous with text messages sent by Mr. Barrack to his alleged co-conspirators. *That* photograph might be relevant to "establish[ing] venue." A stock photograph of a ▇▇▇▇▇▇▇, on the other hand, has zero probative value. Its only purpose is to reinforce to the jury that Mr. Barrack is not like them, as he has ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In fact, there is not a single person on the jury who needs to see a picture of the Hamptons rental in order to understand that the Hamptons is located on Long Island, which is part of the Eastern District. And, as the Government's exhibit list makes clear, there are plenty of less prejudicial ways by which the Government can try to establish that Mr. Barrack rented these properties and sent communications while he was physically present there. For example, GX 1023 contains ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 1 (GX 1023)). GX 1024 contains ▇▇▇

---

[1] While a photograph ▇▇▇▇▇, taken during the "event" in question, and featuring the co-conspirators, might have some probative value because it proves that the alleged co-conspirators were in attendance, that is *not* the scene depicted in GX 1009. GX 1009 is just a picture ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and which could have been taken at any time.

█████████████████████████████████████████████████████████████████

████████████████████████████ (Ex. 2 (GX 1024)). Accordingly, because there is a less prejudicial means of establishing that Mr. Barrack ██████████████████████ during time periods that he was allegedly communicating with members of the alleged conspiracy, GX 1011 and 1012 should be excluded. *See Old Chief v. United States*, 519 U.S. 172, 182-83 (1997) ("If an alternative [form of evidence is] found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk.").

### III. THE COURT SHOULD EXCLUDE GOVERNMENT EXHIBIT 1010

Government Exhibit 1010 is a photograph ████████████████████████ ████████████████████████ The Government offers three bases for its admission: (1) it "depicts an instrumentality of the crime;" (2) it "will assist the jury in understanding" that communications "referencing this series of numbers and letters" are a reference to ██████ ██████████; and (3) it "shows ████████ used by Barrack to travel to the New York City area (including the Eastern District of New York), as part of the charged scheme." (Opp. at 2). The Government's first and third arguments are unavailing. Nearly every federal criminal case involves some interstate dimension. In fact, the Eastern District of New York premises its jurisdiction in many cases based on flights into, or out of, John F. Kennedy International Airport. Yet, the Government does not introduce into evidence in each of these cases a picture of the precise Delta airplane that an individual flew on. The reason for that is obvious: the jury understands what an airplane is and that flights land at airports. The jury does not need to see a picture of a plane to understand that a defendant took a flight that landed at JFK. As to the Government's second argument, it is entirely unclear why the Government cannot simply have a

3

case agent testify that the series of numbers and letters used in the relevant communications are a reference to ▮▮▮▮▮▮▮. Indeed, such testimony will be required in any event, since a mere photograph ▮▮▮▮ does not demonstrate its connection to Mr. Barrack. Because there is a less prejudicial means of establishing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, GX 1010 should be excluded. *Old Chief*, 519 U.S. at 182-83.

## CONCLUSION

Given their lack of any probative value, the Court should grant Mr. Barrack's motion *in limine* to exclude GX 1009, 1010, 1011, and 1012.

Dated: September 12, 2022

Respectfully submitted,

| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
|---|---|
| s/ Michael S. Schachter<br>Michael Steven Schachter<br>Randall Wade Jackson<br>Casey E. Donnelly<br>Steven J. Ballew<br>Jordan D. Reisch<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>mschachter@willkie.com<br>(212) 728-8000 (ph)<br>(212) 728-8111 (fax) | James A. Bowman (admitted *pro hac vice*)<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>jbowman@omm.com<br>(213) 430-6000 (ph)<br>(213) 430-6407 (fax) |

*Counsel for Thomas J. Barrack, Jr.*