U.S. Department of Justice

United States Attorney
Eastern District of New York

RCH/SPN/HDM/CRH
F. #2018R01309

271 Cadman Plaza East
Brooklyn, New York 11201

September 12, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: United States v. Thomas J. Barrack and Matthew Grimes
            Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government writes in opposition to defendants Thomas J. Barrack and Matthew Grimes's (the "Defendants") joint motion in limine to exclude Government Exhibits 510-A and 510-B (collectively, "the exhibits"). See Dkt. No. 180 (the "Motion" or "Mot."). The evidence at issue are statements (1) by fugitive co-defendant Rashid Al Malik ("Al Malik") that he believed he was acting in the United States for a foreign government, including a claim that he was acting as a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in relation to the incoming Trump Administration, and (2) made to Al Malik that, as an agent of a foreign government, Al Malik should provide notice or register that fact with the U.S. government. This evidence is admissible because it is highly probative of Al Malik's state of mind with respect to his actions as an agent of the United Arab Emirates ("UAE") government and, therefore, of his guilt of a substantive violation of 18 U.S.C. § 951. Specifically, Al Malik's admission of conduct on U.S. soil at the direction of the UAE and his tacit endorsement of a friend's detailed characterizations of that conduct reflect Al Malik's understanding of the nature of that conduct. This evidence is relevant to the charges against the Defendants because the government must prove Al Malik guilty of violating Section 951 as a predicate to establishing that the Defendants aided and abetted that criminal conduct. See, e.g., United States v. Huezo, 546 F.3d 174, 179 (2d Cir. 2008) (to establish aiding-and-abetting liability, the government must prove "that the underlying crime was committed by a person other than the defendant"). Accordingly, the government respectfully requests that the Court deny the motion.

      I.    Government Exhibits 510-A and 510-B

      Government Exhibit 510-A is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The conversation took place on January 10, 2017, ten days prior to the inauguration of President-Elect Donald Trump. In the conversation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Government's Exhibit 510-B is another ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ which took place on January 20, 2017, during the inaugural festivities. During this conversation, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Although he discusses other matters, at no point in either set of messages does Al Malik correct ▓▓▓ or suggest that he has misunderstood Al Malik's role as a UAE representative on U.S. soil.

II. <u>Al Malik's Knowledge and Intent is Relevant</u>

Evidence is relevant and admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence' and if 'the fact is of consequence in determining the action.'" <u>United States v. Monsalvatge</u>, 850 F.3d 483, 494 (2d. Cir. 2017) (quoting Fed. R. Evid. 401). The Second Circuit has described relevance as a "very low standard" and "low bar." <u>See</u> <u>United States v. Rutigliano</u>, 614 F. App'x. 542, 545 (2d Cir. 2015); <u>United States v. Al-Moayad</u>, 545 F.3d 139, 176 (2d Cir. 2008). "[S]o long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." <u>United States v. Quattrone</u>, 441 F.3d 153, 188 (2d Cir. 2006). Relevant evidence is not limited to establishing an element of the crime, but also includes background evidence that shows, for example, "circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." <u>United States v. Gonzalez</u>, 110 F.3d 936, 941 (2d Cir. 1997).

The Defendants and Al Malik are charged with acting as agents of the United Arab Emirates without prior notification to the Attorney General pursuant to 18 U.S.C. §§ 951 and 2. To prove a violation of Section 951, the government must prove that a defendant (1) acted as an agent of a foreign government or official; (2) failed to notify the Attorney General that he would be acting as an agent of that government or official; (3) acted knowingly; and (4) acted, at least in

part, in the United States. See Request No. 4, Gov't Request to Charge (ECF No. 147) (citing relevant law and prior jury charges). While the state of mind of the Defendants is of course relevant to prove a Section 951 offense directly, the state of mind of fugitive co-defendant Al Malik is likewise probative of the Defendants' guilt as aiders-and-abettors. To establish aiding and abetting liability, the government must prove that the substantive offense has been committed. See 18 U.S.C. § 2; Huezo, 546 F.3d 174 at 179. In other words, the government must prove that the person whom the Defendants aided and abetted—i.e., Rashid Al Malik—in fact committed the substantive offense, which includes proof that Al Malik knowingly acted on U.S. soil at the direction of the UAE government.[1] Because the government must prove that Al Malik knowingly acted as an agent of the UAE to prove that the Defendants' aided and abetted him, Al Malik's state of mind with respect to his own conduct is directly relevant to the Defendants' guilt.

The Defendants argue that Al Malik's knowledge "demonstrates nothing about either of the other defendants' intent" and "is entirely irrelevant to the knowledge held by [the Defendants]." Mot. at 5. The government is not offering this evidence to prove the Defendants' knowledge or intent. It is relevant to prove Al Malik's knowledge and intent. And because the government must prove Al Malik's knowledge and intent to prove the Defendants' liability under several theories of guilt, it is relevant at trial.

### III. The Exhibits Are Relevant and Admissible

Government Exhibit 510-A is probative of Al Malik's knowing and intentional criminal conduct in several respects. First, the timing of the communications is relevant because the trial evidence will show that the communications in the exhibit occurred around the same time that the UAE government was working to gain access to the White House (through Al Malik and the Defendants) in order to learn about high-level U.S. government appointments and to influence U.S. policy. Second, Al Malik's statement that he would be at the inauguration as ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ shows Al Malik's understanding that he was operating in the United States on behalf of the UAE and in connection with U.S. government functions.[2] Finally, ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the context of the statement makes clear that ▓▓▓▓▓ understood Al Malik to be operating in the United States on behalf of his home government, the UAE. That Al Malik said nothing to correct ▓▓▓▓ conception of Al Malik's role constitutes probative evidence that Al Malik agreed with that characterization. See, e.g., United States v. Ho, 984 F.3d 191, 208 (2d Cir. 2020) (holding that court reasonably concluded that had defendant disagreed with representation, he would have said so, and thus acted within its discretion in finding that "lack of denial" supported inference of understanding); United States v. Shulman, 624 F.2d 384, 390 (2d Cir. 1980) ("Where the defendant's adoption of another person's statement purportedly is manifested by silence, or other ambiguous conduct, courts will consider the

---

[1] In addition to aiding and abetting Malik, Barrack, and Grimes may also be found guilty if the jury concludes that either one aided and abetted the other (e.g., that Grimes aided and abetted Barrack).

[2] None of the statements referenced herein – by Al Malik or by ▓▓▓▓▓ – are being offered for the truth of the matter asserted but, rather, as evidence of Al Malik's state of mind and understanding.

3

incriminatory content of the statement in order to determine whether the defendant actually has adopted the statement by his silence.").

Government Exhibit 510-B powerfully reinforces the point. Again, the timing is relevant because the statements were made around and regarding the Presidential Inauguration and the transition to the Trump Administration. ▓▓▓ told Al Malik that he ▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓ went on to make several statements reflecting his understanding that Al Malik was operating on U.S. soil on behalf of the UAE. Again, Al Malik did nothing to correct ▓▓▓ understanding.

In sum, the conversations in Government Exhibits 510-A and 510-B demonstrate that Al Malik knowingly acted as an agent of the UAE in the United States, both by his affirmative statements and his silence in the face of direct inquiry and discussion about the legality of his conduct. This evidence, coupled with other evidence at trial that Al Malik followed through with his intentions and acted as an agent of the UAE without providing notification to the Attorney General, is relevant to proving that the Al Malik committed the substantive Section 951 offense, a necessary predicate to proving one theory of aiding and abetting liability against the Defendants. See Huezo, 546 F.3d 174 at 179.

IV. The Exhibits Should Not Be Precluded by Rule 403

The Defendants argue that the Court should preclude Government Exhibits 510-A and 510-B under Rule 403. The Court may exclude relevant evidence if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403 (emphasis added). "Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly." George v. Celotex Corp., 914 F.2d 26, 31 (2d Cir. 1990). Exclusion of relevant evidence should only be undertaken if the probative value of the evidence "could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." Quattrone, 441 F.3d 153, 186 (2d. Cir. 2006). No such risks exist with the admission of these exhibits. Far from confusing, the exhibits are straightforward and non-inflammatory. They are relevant, non-hearsay statements that help prove Al Malik's knowledge.

The Defendants' analysis of Rule 403 suffers largely from the same defects as their relevancy analysis under Rule 401. First, the defendants conflate the minimal requirements of relevance with the government's ultimate burden of proof. The Defendants claim that the exhibits provide "no insight into the question that the jury will need to decide in this case" and that the statements do not, on their own, prove that Al Malik was required to provide notice to the Attorney General. See Mot. at 2, 6. But the relevance test is a "low bar" and there are many questions for the jury to decide in this case, not just one. As articulated above, these communications tend to make a fact, whether Al Malik knowingly and intentionally acted as an agent of the UAE in the United States, more likely to be true. And since that fact is one of consequence in determining

whether or not the Defendants aided and abetted Al Malik's commission of a criminal offense, it is relevant to the case and is admissible evidence.

The Defendants assert that the jury will "graft Mr. Al Malik's supposed knowledge onto [the Defendants]." Mot. at 7. The Defendants identify no reason why this would be true or present any more risk than exists in any case in which the government must prove the knowledge and intentions of multiple persons. The one case cited by the Defendants involved a defendant's attempt to testify about a wholly unrelated third party's involvement in separate criminal activity. See United States v. Kornhauser, 519 F. App'x 41, 41 (2d Cir. 2013) (affirming decision to exclude proposed testimony by defendant in child pornography case about his uncle's "history of problematic sexual behavior" where the defendant "did not articulate how or whether this testimony would be relevant"). Here, the government bears the burden of proof, and may prove the Defendants are guilty by proving that they aided and abetted Al Malik's violation of Section 951. To do so, the government needs to prove Al Malik knowingly and intentionally violated Section 951, and the evidence is directly relevant to that fact. To the extent the Court found it necessary, the government would not object to an appropriate limiting instruction that this evidence is admissible as relevant to Al Malik's knowledge and intent and should not be considered as evidence of the Defendants' knowledge. See Fed. R. Evid. 105; Richardson v. Marsh, 481 U.S. 200, 206, 107 S. Ct. 1702, 1707, 95 L. Ed. 2d 176 (1987) ("This accords with the almost invariable assumption of the law that jurors follow their instructions").

Finally, the Defendants complain about the clarity of ▮▮▮ statements, but that is an ordinary dispute about how much weight a jury should place on the evidence. The government is permitted to argue that ▮▮▮ understood, and expressed his understanding, that Al Malik was an agent of the UAE operating on U.S. soil, and that Al Malik acknowledged that fact through his silence. The Defendants are likewise welcome to call ▮▮▮ (whom they originally listed as a trial witness), or to argue that this is "just casual talk between friends." That may be a viable defense strategy, but that is not a reason to preclude the evidence.

V. Conclusion

For the reasons stated above, the government respectfully submits that the Motion to exclude the exhibits should be denied in its entirety.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

cc: Counsel for Thomas Joseph Barrack (by ECF)
Counsel for Matthew Grimes (by ECF)
Clerk of the Court (BMC) (by ECF)