UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  UNITED STATES OF AMERICA,                                 :
                                                            :  **ORDER**
                                                            :
              - against -                                   :  21-cr-371 (BMC)
                                                            :
                                                            :
                                                            :
  AL MALIK ALSHAHHI, *et al.*,                              :
                                                            :
                                     Defendants.            :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Defendants' [159] motion *in limine* and part of the Government's [168/169] motion *in limine* to admit certain evidence and exclude certain evidence are resolved as follows.

1. Defendants' [159] motion *in limine* to exclude certain exhibits as inadmissible under the co-conspirator hearsay exception is conditionally denied. As an initial matter, the Court disagrees with defendants' articulation of what constitutes a conspiracy to violate Section 951. Defendants have acknowledged that "to prove that [defendants] engaged in a conspiracy to act as an agent of a foreign government, the Government must prove that there existed a conspiracy whose objective was to engage in conduct subject to the direction or control of a foreign government or official." This is all that is required. There is no additional requirement that the Government prove that each alleged conspirator knew the registration status of each other member of the conspiracy. The intent requirement is satisfied so long as a defendant knew that he was not registered with the Attorney General as an agent of a foreign government.

2. The Court also rejects defendants' argument that statements made by declarants not identified as co-conspirators in the superseding indictment are inadmissible under the co-

conspirator exception. See United States v. Wedd, 993 F.3d 104, 117 n.6 (2d Cir. 2021) (a "co-conspirator statement is admissible if it was made pursuant to any conspiracy, whether charged or uncharged"); United States v. Ahmed, 94 F. Supp. 3d 394, 431 (E.D.N.Y. 2015) ("There is no requirement that the Indictment name co-conspirators." (citation and internal quotation marks omitted)).

3. In any event, the Court declines to rule at this time as to whether the Government has met its burden to prove the existence of a conspiracy. The Court will instead follow the standard protocol established by the Second Circuit in United States v. Geaney, 417 F.2d 1116 (2d Cir. 1969). Under Geaney, "statements proffered as coconspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of the necessary evidence" establishing "that a conspiracy existed, that the defendant and declarant were members, and that the statements were made during the course of and in furtherance of the conspiracy." United States v. Tracy, 12 F.3d 1186, 1199 (2d Cir. 1993) (citing Geaney, 417 F.2d at 1120). The Court will therefore refrain from ruling on whether the Government has met its burden to prove a conspiracy by a preponderance of the evidence until the close of the Government's case.

4. Defendants also move to preclude specific exhibits – Government Exhibits 3-t, 4, 6, 7, 13, 38, 39, 40, 42, 47, 111, 504-t and 513-t – as ineligible for admission under the co-conspirator exception. This request is mooted as to most of these documents as the Government has indicated that it intends to offer only one of these exhibits under the co-conspirator exception.

5. The Court defers ruling on Exhibits 111, 6, and 7. At this point, the Government has not adequately established a factual predicate to support its assertion that these documents

are relevant to a meeting between Barrack "and a senior UAE national security official", but it will have the opportunity to do so at trial.

6. The Court conditionally admits Exhibits 3-t, 4, 38 and 39 for the purpose of showing the relationships between Khalifa Al Ghafli, Al Shamsi, and Al Neyadi, and that they maintained channels of communication regarding official matters of state, provided that the Government establishes the relevance of each of these particular individuals and their communications to the charged conduct.

7. The Court will conditionally admit Exhibit 13, provided that the Government can establish – through evidence besides the statement itself – that Gibbs was operating as an agent of Barrack at the time she sent this email. The Court also conditionally admits Al Malik's email to Khalifa Al Ghafli forwarding Gibb's email as a statement of a co-conspirator, subject to Geaney.

8. The Court defers ruling on Exhibit 40. The Government will need to establish at trial that Al Malik was aware of or included in this email.

9. The Court defers ruling on Exhibit 42. The Government will need to provide a factual context for the Court to consider admission of this document – most notably the identity of "HH."

10. The Court defers ruling on Exhibit 47. At this point, the Government has not established the relevance of communications regarding MBZ's planned meetings with United States government officials.

11. The Court defers ruling on Exhibit 47. At this point, the Government has not established a factual predicate for the admission of this exhibit.

12. The Court defers ruling on Exhibits 504-t and 513-t until the Government provides the Court with a copy of the excerpts that it intends to offer.

13. Part of the Government's [168/169] request to exclude certain evidence and admit certain evidence is granted in part and denied in part. Evidence of Stockman's arrest is relevant to show that defendants were unable to follow through with a directive from the UAE because of circumstances beyond their control, as it makes it more probable that defendants' failure to follow through was not because of willful disobedience or a change of heart, but rather due to impossibility. Nor is this evidence unduly prejudicial or confusing to the jury. Nothing suggests that admitting this evidence would force the jury into considering the defendants "as the sort of people who would advocate for a convicted felon to fill a high Government post." As defendants point out, no evidence suggests that they knew about Stockman's arrest during the period that they considered advocating for him, nor was Stockman yet a "convicted felon." The evidence also suggests that defendants never met with Stockman, and the fact that defendants ceased advocating for him shortly after his arrest suggests that they were not looking to put someone facing federal charges into a government post.

14. The Government's request to preclude evidence and argument relating to its conduct during its investigation as well as details regarding enforcement of Section 951 in unrelated cases is granted in part and denied in part. First, the Government argues that defendants should be precluded from offering evidence or argument that it selectively targeted defendants for prosecution or otherwise acted with an improper motive. Because "a selective prosecution defense alleges a defect in the institution of the prosecution, [it] is an issue for the court rather than the jury." United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011) (internal quotation marks omitted). This Court has previously determined that defendants have not made

the requisite showing to pursue a selective prosecution claim and they have presented no additional evidence to persuade it to make such a finding now. However, the Court denies the Government's request to the extent it would preclude Barrack from introducing evidence or argument that the Government's conduct, including its delay in bringing the charges and its failure to make a record, reduces the probative weight of its evidence regarding the false statement charges. Such argument and evidence are likely directly relevant to Barrack's defense, including whether his statements were literally true. See United States v. Mandanici, 729 F.2d 914, 921 (2d Cir. 1984).

15. Second, and for similar reasons, the Court grants the Government's motion to preclude evidence or argument concerning (1) its decisions in other cases or instances involving Section 951, and (2) the number or nature of notifications made to the Attorney General pursuant to Section 951. However, the Court will consider permitting evidence of the Government's confusion surrounding the definition of agent contained in Section 951, if otherwise admissible.

16. The Court denies the Government's motion to preclude evidence or argument in support of a claim that either defendant should be acquitted because they provided notice to some U.S. Government official other than the Attorney General. The Court previously ruled that compliance with Section 951 "mandates notification to the Attorney General, not to other governmental officials," which is the position that it still holds. Even so, the Court does not agree that evidence of disclosure to other Government officials is necessarily irrelevant or improper for purposes other than guilt as to this element. Defendants are entitled to present to the jury their theory that they did not act as agents of the UAE because "evidence that [] Barrack openly and repeatedly disclosed his contacts and interactions with the UAE to the U.S.

Department of State, the President of the United States, and the President's closest aides . . . belie the existence of an agency agreement."

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 15, 2022