

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH         *271 Cadman Plaza East*
F. #2018R01309             *Brooklyn, New York 11201*

September 15, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Thomas Barrack, et al.
              Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

       The government respectfully writes in response to the Court's order dated September 13, 2022, denying the defendants' motion to preclude testimony by the government's expert witnesses. See Dkt. No. 215 (the "Order"). In that decision, the Court preliminarily denied the defendants' motion to exclude expert testimony by Dr. Christopher Davidson concerning two subjects – the role of His Excellency Ali Bin Hammad Al Shamsi ("Al Shamsi") within the UAE government's intelligence apparatus and the relationship between the UAE and KSA governments – provided the government establishes a sufficient factual foundation for their relevance at trial. The government presently anticipates calling Dr. Davidson as its first witness at trial in order to provide the jury with the necessary factual background to understand and evaluate the remaining evidence in the case. The government therefore respectfully submits this offer of proof regarding the evidentiary foundation for the proffered testimony on these two topics and respectfully requests that Dr. Davidson be permitted to testify as to these two topics at the outset of the trial.

     I.    Ali Mohammed Bin Hammad Al Shamsi

       In the Order, the Court held that Dr. Davidson would be permitted to testify about Al Shamsi's role within the UAE government's intelligence apparatus, provided the government established a "connection between Ali Al Shamsi and the alleged criminal conduct of the defendants." Dkt. No. 215 at 4. It is relevant and necessary that Dr. Davidson be permitted to provide background information about who Al Shamsi is because, as discussed below, the government will introduce evidence at trial establishing that Al Shamsi was one of the most important UAE government officials that the defendants communicated with as part of the charged scheme, particularly given his senior role in UAE intelligence operations, and testimony regarding his role and responsibilities is central to this case.

At trial, the government will introduce, among other evidence related to Al Shamsi and his connection to the charged conduct, evidence that:[1]

- 

- 

- 

- 

- 

- 

- 

---

[1] This offer of proof is not intended to constitute an exhaustive record of all evidence related to Al Shamsi or his interactions with the defendants, but simply represents a proffer of evidence sufficient to support Dr. Davidson's testimony explaining Al Shamsi's role and responsibilities in the UAE government.

- 
- 
- 
- 
- 
- 
- 
- 
-

The government respectfully submits that the above-described evidence more than adequately demonstrates a "connection between Ali Al Shamsi and the alleged criminal conduct of the defendants," warranting testimony by Dr. Davidson that will explain Al Shamsi's role and responsibilities.  Dkt. No. 215 at 4.

II.   Relationship Between UAE and KSA

The Order states that Dr. Davidson will be permitted to testify regarding the relationship between the UAE government and the KSA government, provided the government lays a "factual foundation to show that coordination between the UAE and the KSA is relevant to the charged conduct." Dkt. No. 215 at 4.  As discussed below, the government will introduce evidence at trial that elevation of the KSA and, in particular, KSA Deputy Crown Prince Mohammed bin Salman Al Saud ("MBS"), was a high foreign policy priority for the UAE during this time period, driven in part by the close alignment between those two countries.  Many of the taskings given to the defendants in this case by the UAE government reflected these foreign policy priorities, and testimony regarding the relationship between the UAE and the KSA during this time period is relevant background to understanding why the UAE government was seeking the assistance of the defendants in elevating the KSA and MBS.

At trial, the government will introduce evidence that:[2]

- 

- 

- 

---

[2] This offer of proof is not intended to constitute an exhaustive record of all evidence related to the UAE's prioritization of the KSA and MBS, but simply represents a proffer of evidence sufficient to warrant Dr. Davidson's testimony explaining the relationship between the UAE government and the KSA government during this time period.

- 

- 

- 

- 

- 

- 

- 

-



---

[3] The GCC refers to the Gulf Cooperation Council, a regional union consisting of the six Arab Gulf states, including the KSA and the UAE.

The government respectfully submits that the above evidence more than adequately demonstrates a "factual foundation to show that coordination between the UAE and the KSA is relevant to the charged conduct." Dkt. No. 215 at 4.

III.    Conclusion

For the reasons stated herein, the government respectfully requests that it be permitted to elicit testimony from Dr. Davidson at the outset of the trial regarding the role and responsibilities of Ali Bin Hammad Al Shamsi and the relationship between the UAE and the KSA during the relevant time period.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:      /s/ Matthew J. McKenzie
Matthew J. McKenzie
Trial Attorney

cc:     Counsel for Thomas Joseph Barrack (by ECF)
Counsel for Matthew Grimes (by ECF)
Clerk of the Court (BMC) (by ECF)