UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    UNITED STATES OF AMERICA,

                  - against -

    AL MALIK ALSHAHHI, *et al.*,

                  Defendants.
----------------------------------------------------------- X

**ORDER**

21-cr-371 (BMC)

**COGAN**, District Judge.

    1.    Defendants' [162/163] motion *in limine* is conditionally denied and part of the Government's [168/169] motion *in limine* is conditionally granted. The Court defers ruling on whether the Government has proven the existence of a conspiracy to violate Section 951 with respect to the UAE's interests in Qatar and whether Al Malik's notes were made in furtherance of such a conspiracy until the end of the Government's case. See United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969); United States v. SKW Metals & Alloys, Inc., 195 F.3d 83, 88-89 (2d Cir. 1999). Whether there will be any direct testimony as to Al Malik's purpose in creating these notes is not determinative for purposes of determining whether the evidence is admissible, although defendants are free to argue that the lack of direct testimony should diminish the weight of the evidence. See United States v. Maldonado-Rivera, 922 F.2d 934, 957 (2d Cir. 1990).

    2.    Barrack's [199] motion is conditionally denied. Nothing suggests that the Government is "mak[ing] a false statement of fact or law to a tribunal" under N.Y. R. Prof'l Conduct 3.3 by arguing that Barrack was involved in securing the ADIA investment. The Government will not be precluded from offering into evidence the "Barrack Magic" investment

tracker – provided that the Government can establish a connection between Barrack and ADIA's investment in DCP I – because the Government has represented that it intends to elicit testimony from witnesses who worked at Colony and know the reference.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
September 17, 2022