| | |
|---|---|
| RCH/SPN/HDM/CRH | *271 Cadman Plaza East* |
| F. #2018R01309 | *Brooklyn, New York 11201* |

September 20, 2022

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Thomas Joseph Barrack, et al.
          <u>Criminal Docket No. 21-371 (S-1) (BMC)</u>

Dear Judge Cogan:

The government respectfully writes in opposition to the defendants' motion to preclude Dr. Christopher Davidson, the government's expert witness, from testifying as to the role of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in the United Arab Emirates' ("UAE") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or the responsibilities of the ▮▮▮▮.

As the Court recalls, the defendants have already attempted once to preclude testimony by Dr. Davidson on these subjects. <u>See</u> ECF No. 164. The Court preliminarily denied that motion and permitted the government to elicit this testimony from Dr. Davidson provided the government laid a factual foundation for its relevance. <u>See</u> ECF Nos. 215. The government has since proffered to the Court nearly two dozen exhibits that it expects to introduce that will connect Al Shamsi to the criminal conduct charged in this case, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1]

Now the defendants move once again to preclude such testimony, arguing that Dr. Davidson, a former university professor and author of numerous peer-reviewed academic studies who has spent the past two decades researching the UAE and the Kingdom of Saudi Arabia ("KSA"), is not qualified to testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The defendants complain that the government's submission did not discuss the bases for Dr. Davidson's opinions, but that was not its purpose. The Court did not find any basis to question Dr. Davidson's qualifications to speak on these subjects, but simply indicated that the government needed to lay a factual foundation for the relevance of such testimony, which is what the government did. Notably, the defendants make no challenge to the sufficiency of the government's proffer of relevance.

or that the ███████████████████████████████████████████████████████████████
███████████████████████████████████████████[2]

The defendants assert both that Dr. Davidson is "not qualified to offer" testimony regarding ██████████ role and that of the ██████ and that "it is impossible for the [d]efendants to assess" the reliability of the proffered testimony. With respect to the latter position, the defendants claim that the government's disclosure of the bases for Dr. Davidson's opinions was "enigmatic." It is difficult to see how the defendants can plausibly question the sufficiency of the government's disclosure, given that, when the defendant's provided notice to the government of their own expert witness on the UAE and the KSA, they cited the <u>exact</u> same bases for their own expert witness's opinions, <u>verbatim</u>. <u>Compare</u> Gov't Letter dated Aug. 5, 2022, attached herein as Ex. A at 3 <u>with</u> Def. Letter dated Sept. 2, 2022, attached herein as Ex. B. The defendants cannot simultaneously take the position that the government's disclosure was insufficient and that their own disclosure was sufficient, when both letters use the exact same language.

To be clear, Dr. Davidson is relying upon research methodologies that are widely adopted as reliable in his academic field (as perhaps evidenced by the fact that the defense expert witness has used the exact same methodologies), including (a) study of the relevant peer-reviewed academic literature, which is the gold standard of academic research; (b) interviews of relevant stakeholders, including academics, diplomats, government officials, former government officials, non-governmental organization staffers, activists, and journalists, among others; (c) in-country surveys of Gulf State citizens; and (d) study of archival materials, such as publicly available government records and historical newspaper archives. In addition, with respect to his testimony on ████████████████████ specifically, Dr. Davidson's expected testimony will be based on such reliable principles and methods widely accepted within his academic field, including review of reliable primary and secondary sources. These include official UAE statements and publications, peer-reviewed academic literature published in leading university academic presses, analytical literature published by researchers well respected in the international relations scholarly community, and well-respected newspapers of record. Courts in this district routinely admit expert testimony based on similar research methodologies concerning subjects of a similar nature. See, e.g., United States v. Pugh, 15 CR 116 (E.D.N.Y.), ECF No. 59 (Expert Notice), Tr. 844-50 (qualification), 859-62 (testimony about position and role of various ISIS members, including then-leader Abu Bakra al-Baghdadi), Transcript attached herein as Ex. C.

Moreover, Dr. Davidson will not be, as the defendants baselessly assert, "merely parroting [hearsay] to the jury," but providing his own assessment of the role of █████████ and the ██████ based on his evaluation of these primary and secondary sources and his application of

---

[2] The defendants also move to preclude Dr. Davidson from testifying that ███ ████████████████████████████████████ If the defendants had conferred with the government prior to filing their motion (as the government has repeatedly encouraged them to do throughout this case), they would have learned that the government does not intend to elicit such a description from Dr. Davidson.

reliable principles and methods to his assessment of those sources, including evaluation of the credibility of those sources and comparison of their various standards of inquiry and findings.

It should also be noted that much of this testimony cannot be subject to any serious dispute. Indeed, the defendants attach as an exhibit to their motion an Internet website identifying ██████████████████████████████████████████ Dr. Davidson's expected testimony that ████████████████████████████████████████████████████████████████████ is hardly a matter of significant disagreement among the parties. Nor can there be any significant dispute that ███████████████████████████████████████████████████████████████ among other areas. The UAE Embassy has even publicly referred to Al Shamsi as the UAE Director of National Intelligence. See, e.g., UAE Embassy US (@UAEEmbassyUS), Twitter (Jan. 19, 2022, 10:52 AM), https://www.twitter.com/UAEEmbassyUS/status/148382978 3901487114 ("The Ambassador will join His Excellency Ali Al Shamsi, UAE Director of National Intelligence, for meetings with the White House, Admin, and Congress today in Washington, DC. (3/3)."). The defendants can hardly object to Dr. Davidson testifying to facts that are readily verifiable from the UAE's public statements.[3]

At bottom, the defendants do not take issue with the methodologies that Dr. Davidson has relied upon in developing the basis for his expertise (given that their expert witness relies upon the same methodologies). Nor do they take issue with Dr. Davidson's application of these methodologies to any of his other expert opinions. Rather, they would prefer the jury not hear his expert opinion on this matter, because it is highly probative of the defendants' guilt. That is not an appropriate basis for precluding Dr. Davidson's testimony, nor is it an appropriate basis to request a Daubert hearing. See United States v. Ashburn, 88 F. Supp. 3d 239, 244 (E.D.N.Y. 2015) ("Nothing requires a district court to hold a formal Daubert hearing in advance of qualifying an expert witness.") (citing cases); see also United States v. Stevens, 219 F. App'x 108, 109 (holding that Daubert hearing was not required "where the reliability of an expert's methods is properly taken for granted").

_____

[3] The defendants also argue that Dr. Davidson's testimony will be "substantially misleading" because it will not discuss other governmental positions that ██████████ held in the UAE decades ago. The defendants do not explain how failing to discuss other positions that ██████ held at other time periods not relevant to this case would make Dr. Davidson's testimony about the position that ██████████ held during the time period relevant to this case misleading. It does not and in fact such testimony is not relevant to the issues the jury must decide.

For the reasons stated above, the government respectfully submits that the defendants' motion to preclude certain testimony by Dr. Davidson be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:      /s/
Matthew J. McKenzie
Trial Attorney

cc:      Counsel for Thomas Joseph Barrack (by ECF)
Counsel for Matthew Grimes (by ECF)
Clerk of the Court (BMC) (by ECF)