```
                                                                    803

 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2
     - - - - - - - - - - - - -    X
 3
     UNITED STATES OF AMERICA,    :    20-CR-272(PKC)
 4
              Plaintiff,          :
 5                                     United States Courthouse
         -against-                :    Brooklyn, New York
 6
     DONAL O'SULLIVAN, et al.,    :
 7                                     October 7, 2021
              Defendants.         :    9:30 a.m.
 8
     - - - - - - - - - - - - -    X
 9
                    TRANSCRIPT OF JURY SELECTION
10           BEFORE THE HONORABLE PAMELA K. CHEN
           UNITED STATES DISTRICT JUDGE, and a jury.
11
     APPEARANCES:
12
     For the Government:         JACQUELYN M. KASULIS
13                               Acting United States Attorney
                                 BY: FRANK TURNER BUFORD
14                                    VIRGINIA NGUYEN
                                      MEREDITH A. ARFA
15                               Assistant United States Attorneys
                                 271 Cadman Plaza East
16                               Brooklyn, New York

17
     For Deft. D. O'Sullivan:    ALAN M. VINEGRAD, ESQ.
18                               ERIN K. MONJU, ESQ.

19
     For Deft. H. O'Sullivan:    CHRIS FLOOD, ESQ.
20

21   For Deft. P. Naughton:      SEAN F. O'SHEA, ESQ.
                                 AMANDA DEVEREUX, ESQ.
22
     Court Reporter:             Andronikh M. Barna
23                               225 Cadman Plaza East
                                 Brooklyn, New York
24                               (718) 613-2178

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

Andronikh M. Barna, Official Court Reporter, RPR, CRR

Proceedings 845

parties anticipate you will see or hear, or that will be introduced.  But at the end of the day, and at the end of the trial, if you never see it, it didn't exist.

I want to make sure you understand the purpose of openings and to understand that what you saw on the screen and was shown to you is not yet evidence.  And, again, to emphasize, the defendants have no obligation to put on any evidence, but obviously if the proof of what you saw never comes in, then it doesn't exist.

Okay, so with that, I'm going to give you a break. Let's start again at 11:30 everybody.

THE COURTROOM DEPUTY:  All rise.

(Jury exits the courtroom.)

THE COURT:  Please be seated, everyone.

Now I hope you can appreciate that it takes a lot to get me angry, but I am angry.

Nobody gave me a heads up that there was going to be anything shown during an opening that could constitute an exhibit.  I drew the line when you got to the plea agreement, because as far as I know, those don't routinely come in, and no one made a motion to have it admitted, and as far as I was concerned, it wasn't necessarily going to be an exhibit.  So I did not want the jury to be shown that.

And you forced me, Mr. Vinegrad, to give an instruction to tell the jury that it's not evidence yet.  And

1  you on the defense side surely know that there should be at
2  least some be heads up given to the judge that the defense or
3  the government or some party wants to show the jury things
4  that are not yet admitted into evidence.
5          Now, my understanding is that the government may not
6  have objected to it, but that doesn't mean no one should have
7  told me, because you put myself and Ms. Abdallah in a very
8  difficult position, where we turn the lights off, quite
9  frankly, after the exhibit, or whatever you want to call it,
10 is sitting up there for a while.
11         This is not closing.  It's an opening.  And for the
12 defense to present to the jury what is maybe going to come in
13 as evidence, without letting me know so that I could give some
14 sort of caution, as I did just now that it's not yet evidence,
15 and it's an opening statement, not an argument about evidence
16 that was already introduced, is inexcusable.
17         So I erred -- I let you put in everything but the
18 plea agreement.  And I want the record to be clear that there
19 were at least three charts, a photograph of the facility shown
20 to the jury already, although none of it has been admitted.
21         Fine, if the government doesn't want to object,
22 that's one thing, but someone should have let me know and so I
23 didn't have to make an in-the-moment decision and run the risk
24 of interrupting, and I didn't interruption your opening,
25 because I didn't want to tell that to the jury that I thought

Proceedings                                                              847

1   something inappropriate had been done, but I drew the line at
2   showing them the plea agreement.  Because, as you all know,
3   those don't always come into evidence, and so it's 3500
4   material right now.
5           And I think the defense often argues that the plea
6   agreement shouldn't come in, because it has all these
7   provisions about telling the truth, et cetera.
8           So you folks are risking having things excluded if
9   you don't give me some heads up about what's coming.  This was
10  an easy one.  Someone should have told me, sought permission
11  to show the jury what may come in as evidence later so that I
12  could given some kind of cautionary instruction.
13          Mr. Vinegrad.
14          MR. VINEGRAD:  I apologize to the Court.  Putting
15  aside the plea agreement, and my experience just may differ
16  from Your Honor, I respect what Your Honor's saying, that they
17  are introduced and routinely admitted during
18  cross-examination.
19          The other exhibits, we have stipulations for all of
20  them.  I anticipate they will be received in evidence.  I
21  think that does explain the government's lack of objection.
22  That does not excuse our not notifying the Court.  It was our
23  intention.  It didn't get carried out, and I take 100 percent
24  responsibility for that.  And I apologize to the Court, and if
25  I have anything to do with it, it will not happen again.

LINDA D. DANELCZYK, RPR, CSR, CCR, Official Court Reporter