

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 21, 2022

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thomas Joseph Barrack, et al.
                <u>Criminal Docket No. 21-371 (S-1) (BMC)</u>

Dear Judge Cogan:

      The government respectfully writes regarding the scope of anticipated testimony by Dr. Christopher Davidson, the government's expert witness on the United Arab Emirates ("UAE") and the Kingdom of Saudi Arabia ("KSA"). During opening statements, Mr. Schachter explicitly stated in his PowerPoint presentation that the UAE, as a factual matter, is "an important ally of the United States":

During his address to the jury, Mr. Schachter went even further, explicitly asserting as a matter of <u>truth</u> that the UAE was an important ally that partnered with the United States in the fight against terrorism:

> You know why all of them and Tom went on television in public appearances and said that the UAE is an important ally? It's because the UAE is an important ally. <u>The UAE sent its sons to fight and die with us in Afghanistan</u>. <u>The UAE fought ISIS in Syria and in Iraq</u>. The UAE, today, posts thousands of American troops stationed in the United Arab Emirates. We provide the UAE some of our most advanced weapons.
>
> Tom Barrack didn't say that the UAE was an ally because he was being controlled by some foreign country. He said it for the same reason that President Obama said it. <u>It's because it's about the most true, benign, and obvious thing that anybody can say about the United Arab Emirates</u>. That's not propaganda. <u>That's just the truth</u>.

Trial Tr. 387:12-25 (emphasis added).[1] These assertions were a central component of their opening statement – Mr. Barrack cannot have been an agent of the UAE, and his statements on their behalf cannot have constituted propaganda, because his praise of the UAE as an important ally was "the truth."

Mr. Schachter made these remarks after the defendants had previously moved to preclude the government from eliciting testimony from Dr. Davidson as to the "bad acts" of the UAE because "[t]here is no reason for a mini-trial on whether the KSA or UAE are 'good' countries or 'bad' countries, as that is utterly irrelevant to any question for the jury to decide." Dkt. No. 164-1 at 16. And yet, by his remarks, that is precisely what Mr. Schachter sought to do.

Now that the relationship between the UAE and the United States has been placed in issue by the defense <u>before</u> <u>the</u> <u>jury</u>, the government should be permitted to address this issue as well, including by providing the jury with some perspective on the degree to which the UAE has directly undermined the interests of the United States, including by way of example: (a) transferring American-made weapons to al Qaeda-linked fighters in Yemen in violation of arms sales agreements with the United States; (b) assisting Russian individuals and businesses to evade United States-imposed sanctions on Russia, following its invasion of Ukraine; and (c) significant human rights violations, including, as reported by the U.S. Department of State, "torture in detention; arbitrary arrest and detention, including incommunicado detention, by government agents; political prisoners; government interference with privacy rights; undue restrictions on free

---

[1] Mr. Schachter's subsequent characterization of his prepared remarks to the jury, in urging the Court to bar the government from addressing them through Dr. Davidson's testimony, was clearly inaccurate.   See Trial Tr. 434:8-9 ("Your Honor, this was not an opening that spoke about whether the UAE is a good guy or a bad guy.").

expression and the press, including criminalization of libel censorship, and Internet site blocking; substantial interference with the rights of peaceful assembly and freedoms of expression and association; the inability of citizens to choose their government in free and fair elections; and criminalization of same-sex sexual activity." "2020 Country Reports on Human Rights Practices: United Arab Emirates," U.S. DEP'T OF STATE, https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/united-arab-emirates/#:~:text=Significant%20human%20rights%20issues%20included,including%20criminalization%20of%20libel%2C%20censorship%2C.

       The government has no desire to conduct a mini-trial on whether the UAE is a "good" or "bad" country, but it respectfully submits that it must be permitted some leeway to address that issue which has now been placed into the juror's minds by Mr. Schachter in his opening statement. The defense cannot simultaneously make this claim a centerpiece of their defense – of such importance that it merits its own PowerPoint slide – and keep any evidence to the contrary from the jury.

       Accordingly, the government respectfully requests that it be permitted to elicit the following from Dr. Davidson during his testimony tomorrow: (a) the UAE has provided material support to entities adverse to the interests of the United States, in contravention of express U.S. foreign policy, as summarized above; and (b) the United States has expressed concern with significant human rights violations in the UAE. The government is not seeking, at this time, to elicit more detailed testimony from Dr. Davidson on these subjects and will ensure that any such testimony is brief and measured. If, however, the defense seeks to further explore the alignment

of the United States and the UAE during cross-examination, the government may seek further leeway from the Court to address this issue more fully.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:   /s/
          Ryan C. Harris
          Samuel P. Nitze
          Hiral D. Mehta
          Craig R. Heeren
          Assistant U.S. Attorneys
          (718) 254-7000

          MATTHEW G. OLSEN
          Assistant Attorney General
          Department of Justice
          National Security Division

By:   /s/
          Matthew J. McKenzie
          Trial Attorney

cc:   Counsel for Thomas Joseph Barrack (by ECF)
       Counsel for Matthew Grimes (by ECF)
       Clerk of the Court (BMC) (by ECF)