**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

September 22, 2022

<u>*VIA ECF*</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: <u>United States v. Thomas Barrack, et al., 1:21-cr-371 (BMC) (S-1)</u>**

Dear Judge Cogan:

With mere hours remaining until it calls Dr. Christopher Davidson as an expert witness, the government seeks to dramatically expand the scope of his testimony to include multiple prejudicial topics that fall well beyond the Rule 16 notice it provided to the defense. The government seeks this "leeway" on the grounds that defense counsel's comments during yesterday's opening statements regarding the strength of the US-UAE alliance purportedly opened the door to inflammatory testimony about the UAE's human rights violations, sanctions evasion to assist Russia's invasion of Ukraine, and allegations about al Qaeda-linked fighters in Yemen. Mot. 2-3. The government is improperly conflating the entirely separate questions of whether a country is an ally with the question of whether a country is "good." There is likely no nation in the world that could survive the type of moral purity test that the government now suggests is somehow the appropriate inquiry for whether a country operates as a U.S. ally.

But even putting aside this fundamental flaw in the government's argument, *none* of these newly proffered topics are proper areas of testimony and the Court should reject the government's midnight proffer in its entirety.

First, the government disclosed the scope of Dr. Davidson's testimony months ago and the defense has prepared to examine the government's expert witness on the basis of that disclosure. If the government sought to elicit testimony beyond the noticed topics, then it had a Rule 16 obligation to supplement its disclosure so the parties could litigate disputes *before* trial, not the night before his testimony. That is precisely the purpose of Rule 16(a)(1)(G), as the parties have done multiple times for this witness already. *See United States v. Cruz*, 363 F.3d 187, 196 n.2 (2d Cir. 2004) (Rule 16 designed to "minimize surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination").

To justify its request to elicit testimony well beyond its expert disclosure, the government feigns surprise that defense counsel would comment on the US-UAE alliance. Mot. 2. But Mr. Barrack explicitly notified the government several weeks ago that he would be eliciting such testimony

from his defense expert.  *See* Ex. 1 (9/2/2022 Ltr. to USAO-EDNY) ("A description for the jury of the historical alliance between the UAE and the US, including bilateral cooperation with respect to defense, anti-terrorism measures, trade, energy policy and economic initiatives").  If the government failed to raise issues with that testimony before, it should not now be permitted to use defense counsel's comments during opening statements to broaden the scope of its own disclosure hours before Dr. Davidson's testimony.  *United States v. Dukagjini*, 326 F.3d 45, 56 (2d Cir. 2003) (Rule 16 provides "an incentive for the government to limit its use of experts to proper subject matters of expert testimony, lest broader expert testimony require broader pre-trial disclosure").

Second, the government's newly proposed topics go far beyond any comments from defense counsel during opening statements.  When the government objected to the opening statement and suggested that it should be allowed to elicit testimony that the United States and UAE "diverge" on certain areas, the Court said: "[M]aybe I'll allow some of that."  *See* Trial Tr. 433:24.  The Court clarified that, "If the door is open, it's open for some things, it's not wide open for everything."  *Id.* 434:2-4.  It is difficult to imagine how much wider the government could try to open the door than by introducing highly inflammatory testimony about human rights issues within the UAE or sanctions evasion allegations relating to Russia's invasion of Ukraine four years after the relevant time period of the indictment.  Yet the government has taken license from the opening statement to address matters far beyond the alliance or military support between the UAE and the United States.  This is improper.

Finally, consistent with its opening and its prior Rule 16 disclosures to the government, the defense fully intends to elicit testimony and introduce evidence about the US-UAE alliance and military coordination between both countries.  Where the government intends to elicit testimony from Dr. Davidson that the relationship was "not positive" in 2016 and then "improved" in 2017, it can hardly claim that examination about these issues are surprising or that they open the door to testimony about UAE domestic politics or other topics that long post-date the indictment and have no bearing on the alliance.  *See* Ex. 2 (8/5/2022 EDNY Ltr., Topics 18 and 19).  Indeed, the Superseding Indictment alleges that Mr. Barrack made multiple comments about the alliance with Gulf Allies and with the UAE.[1]  Demonstrating that Mr. Barrack's comments were consistent with statements by U.S. leaders (not prompted by an alleged agency relationship) is a critical part of his defense, particularly where the prosecutor labeled such claims "propaganda" during his own opening statement.  It is not a *cart blanche* invitation for the government's expert to offer irrelevant and prejudicial testimony untethered to these topics.

The Court should therefore preclude Dr. Davidson from testifying about the newly noticed topics in their entirety.

Respectfully Submitted,

---

[1] *See e.g.* Sup. Ind. ¶ 27(c) ("On or about July 1, 2016, BARRACK participated in another nationally televised interview during which he praised the United Arab Emirates."); Sup. Ind. ¶ 27(i) ("[O]n or about January 31, 2017, BARRACK participated in a nationally televised interview during which he discussed . . . the need to . . . partner with 'our allies' in the Middle East.")

WILLKIE FARR & GALLAGHER LLP
/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew
Jordan D. Reisch

O'MELVENY & MYERS LLP

James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack, Jr.*

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie