

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM  *271 Cadman Plaza East*
F. #2018R001309  *Brooklyn, New York 11201*

September 23, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Thomas Barrack, et al.
>      Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

The government respectfully moves in limine to preclude testimony by defense expert witness Daniel N. Hoffman, because the defendants have failed to comply with the notice provisions for expert witnesses under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.

I. Relevant Background

On September 2, 2022, the defendants advised the government that they planned to call Daniel Hoffman as an expert witness. See Def. Letter dated Sept. 2, 2022, attached herein as Ex. 1. On September 19, 2022, the defendants also requested that the Court ask potential jurors about their knowledge of Daniel Hoffman because he was "a potential witness." See Trial Tr. at 6:11-15. The defendants also disclosed a resume for Mr. Hoffman. See Ex. 1. In the September 2 letter, the defendants disclosed the following about Mr. Hoffman:

> We have identified Daniel N. Hoffman as a potential rebuttal witness, given the Government's stated intention to call Mr. Higgins in its case in chief. We have not determined, as of yet, any specific areas of expected testimony but we will supplement this disclosure once we have made that determination. Mr. Hoffman's resume is attached as Ex. A to this letter.

Ex. 1 at 6. To date, no supplement in compliance with Rule 16(b)(1)(C), or any additional information about Mr. Hoffman, has been provided to the government.

II. Legal Standard

Rule 16(b)(1)(C) provides that "the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under

Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if" the defendant has requested expert disclosures and the government complies. Fed. R. Crim. P. 16(b)(1)(C). That summary must include "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id.

The purpose of Rule 16(b)(1)(C) is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination." United States v. Wilson, No. 04 CR 1016 (NGG), 2006 WL 3694550, at *2 (E.D.N.Y. Dec. 13, 2006) (quoting Fed. R. Crim. P. 16, Advisory Committee Notes, 1993 Amendment). "It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal procedure regarding any topics or opinions not properly disclosed." United States v. Mahaffy, No. 05 CR 613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007). "A court may preclude the testimony as a whole, or any part that it determines was not properly disclosed to the Government." Id. (precluding defendant from presenting expert testimony due to late submission that "only proffered general topics and did not describe any opinions that would be offered by the witness on these topics"); see also Fed. R. Crim. P. 16(d)(2). "Preclusion is also justified when the expert disclosures merely list general topics about which the expert will testify." United States v. Ulbricht, No. 14-CR-68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015) (citing United States v. Concessi, 38 F. App'x 866, 868 (4th Cir. 2002)). "Courts have also precluded expert testimony when the Rule 16 disclosures fail to specify the expert's bases, reasons, and sources for their opinions." See United States v. Ferguson, No. 3:06CR137 (CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (collecting cases).

III.     Argument

The defendants have provided no written summary of any testimony that they intend to elicit from Mr. Hoffman under Rules 702, 703, or 705 of the Federal Rules of Evidence, nor any summary that describes Mr. Hoffman's opinions or the bases and reasons for those opinions, as required by Rule 16(b)(1)(C).[1] The Court should preclude Mr. Hoffman's testimony due to the failure of the defendants to comply with Rule 16(b)(1)(C). See Wilson, 493 F. Supp. 2d at 487 (precluding expert testimony based in part on inadequate notice); Mahaffy, 2007 WL 1213738, at *3 (precluding expert testimony due to late submission of notice).

The defendants have proffered no areas of expected testimony, no opinions, and no bases for those opinions as to Mr. Hoffman. They have indicated that Mr. Hoffman may serve as a rebuttal witness following the government's examination of its expert witness Mr. Michael Higgins, but that disclosure is nowhere near sufficient to satisfy Rule 16(b)(1)(C). To the extent

---

[1] Rule 16(b)(1)(C) has been triggered because the government has requested this information and complied with its own expert obligations under Rule 16. Specifically, the government provided notice of its expert witnesses on June 2, 2022 and July 19, 2022, and supplemented that notice on August 5, 2022. See Exhibit 2. The government has repeatedly requested that the defendants provide summary of their experts' testimony as required by Rule 16.

that the defendants intend to argue that they cannot decide the scope of Mr. Hoffman's testimony until it hears the government's case, that argument has already been squarely rejected by courts. See United States v. Finazzo, No. 10 CR 457, 2013 WL 618425, at *3 (E.D.N.Y. Feb. 19, 2013) (rejecting "argument that [the defendant] could not decide what expert testimony he intended to rely upon at trial without any knowledge of the government's case"). "[A] defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case [to] the defendant's satisfaction." Id.

Because trial has already begun, and the defendants have still failed to make any of the required Rule 16(b)(1)(C) disclosures, the Court should preclude Mr. Hoffman's testimony.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court preclude expert witness testimony by Mr. Hoffman.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

Enclosures

cc:    Clerk of the Court (by email)
       Counsel of Record (by ECF)