UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                     :
  UNITED STATES OF AMERICA,                          :
                                                     :   **ORDER**
                                                     :
              - against -                            :   21-cr-371 (BMC)
                                                     :
                                                     :
                                                     :
  AL MALIK ALSHAHHI, *et al.*,                       :
                                                     :
                          Defendants.                :
                                                     :
--------------------------------------------------------- X

**COGAN**, District Judge.

Defendants' [179/180] motion *in limine* and two of the Governments' [168/169, 219/220] motions *in limine* are resolved as follows.

1. Defendants' [179/180] motion *in limine* to exclude certain text communications between Rashid al Malik and Daniel Rivetti is denied. These text messages are relevant to showing that Al Malik knew that he was acting as an agent of a foreign government and that he was not registered in violation of Section 951 – which the Government must prove to establish that Barrack and Grimes aided and abetted that violation. See United States v. Huezo, 546 F.3d 174, 179 (2d Cir. 2008) ("To convict a defendant of aiding and abetting a given crime, the government must prove that the underlying crime was committed by a person other than the defendant." (internal quotations and citation omitted)). If requested by defendants, the Court will consider instructing the jury that this evidence is relevant only to Al Malik's state of mind – and should not be relied upon to establish that Barrack or Grimes knew about Al Malik's alleged activities as an agent of a foreign government or his registration status.

2. The Government's [219/220] motion *in limine* to admit certain statements made by Al Malik to the FBI is conditionally granted. The Court admits these statements as statements of a co-conspirator, subject to the Court's determination of whether the Government has produced sufficient evidence to show that the requirements of the co-conspirator exception are satisfied at the conclusion of its case. See United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969); United States v. Eisen, 974 F.2d 246, 269, n.8 (2d Cir. 1992) ("[A]cts or statements designed to conceal an ongoing conspiracy are in furtherance of that conspiracy.").

3. The Government's [168/169] motion *in limine* to admit certain statements made by Grimes to a grand jury is granted in part and denied in part.[1] The portions of Grimes' grand jury testimony that the Government seeks to admit in its [235-1] reply Exhibit A are admissible against Grimes, subject to the following:

- Pursuant to Fed. R. Evid. 106, Day 1 Tr. 37:23-38:22 must be introduced along with Day 1 Tr. 38:23-39:3, subject to the proposed Bruton redactions in defendants' [245-2] sur-reply Exhibit 1. See United States v. Bruton, 391 U.S. 123 (1968).

- Pursuant to Fed. R. Evid. 106, Day 1 Tr. 40:11-42:11 must be introduced along with Day 1 Tr. 42:12-43:1, subject to the Bruton redactions below:

\* \* \*
A: – Rashid and ~~Tom~~ **[others]**. MBZ is like MBS's mentor – sorry – Mohammed bin Zayed is the crown prince of Abu Dhabi and Mohammed bin Salman is the crown prince of Saudi Arabia.
\* \* \*
Q So – and I'd like – to the extent you can focus on what you learned from Rashid or ~~Tom~~ **[others]** as opposed to what you learned in the newspapers, that would be –
\* \* \*

---

[1] In its reply, the Government withdrew many of the statements it intended to offer from Grimes' grand jury testimony. The Government's motion is moot as to the withdrawn statements. Defendants' [244/245] motion for leave to file a sur-reply is granted.

- Pursuant to Fed. R. Evid. 106, Day 2 Tr. 2:20-10:5 must be introduced along with Day 1 Tr. 119:3-12.  Day 2 Tr. 2:20-10:5 is admissible subject to the <u>Bruton</u> redactions below:

    \* \* \*
    Q: Okay.  And who had arranged that meeting ~~for you and Mr. Barrack~~?
    \* \* \*
    A: And then kind of got situated.  I don't remember how long we were there.  And then a series of SUVs came to pick us up to take us to the harbor where Sheikh Tahnoun keeps his boat, and I think that's where he stays when he's there.  ~~So Rashid Al Malik, Tom Barrack, and myself got in the series of SUVs.  I rode by myself while they rode together.  If memory serves me correctly, they rode with Ali, this same gentleman.~~
    \* \* \*
    A: We got to the docks.  We got out of the SUVs.  And I don't remember if Sheikh Tahnoun had come down to personally greet us or they, he had gone up, they had just gone up into his boat to go see him.  ~~But Rashid and Tom got up into his boat and I was escorted to the boat next to it, which I think was owned by his cousin or brother or something like that.~~  And I waited for a few hours until their meeting was finished.
    \* \* \*
    Q: Okay.  Do you have any knowledge as to what ~~Sheikh Tahnoun, Rashid and Tom Barrack~~ [they] spoke about during their private meeting on the boat?
    \* \* \*
    A: As we discussed last time, I think there was discussions of Sheikh Tahnoun may be coming to the US to visit ~~with Tom.~~
    \* \* \*
    ~~Q: So what happened next? . . .~~ [remaining testimony inadmissible under <u>Bruton</u>]

4.      The Court denies Barrack's request to admit additional excerpts of Grimes' grand jury testimony as impeachment evidence under Fed. R. Evid. 806.  Rule 806 allows the credibility of a declarant to be attacked if the statement at issue is a hearsay statement or a statement introduced under Rule 801(d)(2)(C), (D), or (E).  Because Grimes' testimony is non-

3

hearsay admitted as an opposing party statement under Rule 801(d)(2)(A), Barrack cannot rely on Rule 806 to impeach Grimes' testimony.

**SO ORDERED.**

                                                     Digitally signed by Brian M. Cogan
                                                                                  U.S.D.J.

Dated: Brooklyn, New York
        September 27, 2022