```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :     ORDER
                                                            :
                 - against -                                :     21-cr-371 (BMC)
                                                            :
                                                            :
                                                            :
   AL MALIK ALSHAHHI, et al.,                               :
                                                            :
                                  Defendants.               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The Government's [278] request to admit Exhibit 275 is denied. The probative value of this exhibit is substantially outweighed by its prejudicial impact. The exhibit will confuse and mislead the jury create a near certainty that we would have to delve into the details of the Manafort case so the jury would understand the differences between his conduct and the conduct at issue here.

Any probative value of the evidence is attenuated because there is no evidence establishing that defendants actually read the article. Even if defendants read the article, the probative value of the evidence is reduced because the article references Manafort's failure to "register" under FARA – which is not directly relevant to the Government's allegations that defendants failed to provide "notice" under Section 951. More fundamentally, the probative value of this evidence is limited because the Court has held – and the jury instructions will state – that the Government need not prove that defendants specifically knew that it is illegal for them to act as agents without providing notice under federal law. For similar reasons, the article has minimal probative value as to whether defendants violated FARA. As the Court understands the

Government's case, the Government is not arguing that defendants needed to have possessed specific knowledge of FARA's registration requirement to violate that statute.

It seems the Government has redacted the article to avoid the obviously undesirable possibility that we will have to fully explore the multitude of factors leading to Manafort's disgrace and imprisonment. However, admitting the redacted article creates substantial risk of misleading the jury. It could give the jury the impression that defendants were focused only on Manafort's possible failure to register as a foreign agent, when the full article suggests that Manafort also faced other, unrelated issues. There is also a substantial risk that the jury could improperly consider Manafort's failure to register as evidence of defendants' guilt in this case. Furthermore, if this exhibit came in, defendants would likely seek to introduce evidence showing how the circumstances of Manafort's failure to register under FARA – a statute that the defendants are not charged with violating – differ from the defendants' circumstances in this case. This case is not going to turn into a trial of Manafort nor is the evidence going to be redacted so that it appears that the circumstances surrounding Manafort's downfall bear similarity to the circumstances alleged in the indictment against these defendants.

The minimal probative value of this evidence in showing defendants' knowledge of FARA's registration requirement is substantially outweighed by the prejudicial impact of confusing the issues, misleading the jury into rendering a verdict based on guilt by association, and wasting time through a mini-trial on Manafort. The motion *in limine* is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 2, 2022