# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 5, 2022

***VIA ECF***

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***United States v. Rashid Sultan Rashid Al Malik Alshahhi*, et al., 1:2l-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

We write on behalf of Mr. Barrack and his co-defendant, Matthew Grimes. Defendants request that the Court permit Defendants to cross examine the Government's witnesses using portions of the recorded interviews of Mr. Barrack that were not played by the Government in its case-in-chief.[1]

During court on October 3, 2022, the Court explained its view that Defendants should be permitted to cross examine Agent Sidaros about the fact that "she did not include" certain evidence in the evidence "she chose to testify about." (Tr. 1371: 8-16.) As the Court acknowledged, "that's just standard cross-examination." (*Id.*) Indeed, on September 29, the Court explained its inclination to permit Defendants to play these additional portions, subject to the Rule of Completeness, and assuming that the additional clips which Defendants sought to play were not of undue length. (Tr. 977:8 – 981:2). The Government acknowledged this exchange in its filing on October 2, 2022. *See* ECF 286 at 4.

As part of Agent Sidaros's cross examination, Defendants intend to move, under Federal Rule 106, for the admission of additional excerpts of four of Mr. Barrack's televised interviews, selective excerpts of which were played during Agent Sidaros's direct examination. Rule 106 states that where a party, here, the Government, "introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any

---

[1] Defendants have received the Government's October 5, 2022 afternoon filing. Although the Court has already addressed a nearly identical submission, Mr. Barrack intends to separately respond to the Government's letter later this today, as the Government has incorrectly described both the facts and the law.

other writing or recorded statement—that in fairness ought to be considered at the same time." *See* Fed. R. Evid. 106.[2]

The Advisory Notes to the Rule further explain the importance of permitting additional excerpts of a recording to be viewed by the jury quickly after the original excerpt is published. The Advisory Committee has noted that Rule 106 is "based on two considerations." The "first is the misleading impression created by taking matters out of context," which is precisely what has happened during the Government's presentation of evidence. So far, the jury has been left with the impression that when Mr. Barrack appeared on national television, a significant portion of his statements and commentary were devoted to the UAE and Saudi Arabia, which is entirely untrue. In fact, as the additional excerpts offered by Defendants demonstrate, it would be more accurate to say that in the majority of Mr. Barrack's interviews, the UAE and Saudi Arabia were *barely mentioned*, which is an important fact for the jury to consider as they evaluate whether or not Mr. Barrack ever served as a covert agent pursuing an "influence" campaign for a foreign power.

In fact, if Mr. Barrack was truly an "agent" of the UAE, as the Government contends, it seems likely that Mr. Barrack, given a major media platform upon which he could stress the Emirati agenda, would certainly say more than the brief references contained in the Government's excerpts. The jury is entitled to see that when Mr. Barrack was given the opportunity to appear on prime-time media, Mr. Barrack's references to the UAE were sparse and when made, were made in the context of an entirely uncontroversial point that few in American politics would dispute—*i.e.*, that the UAE holds a position as a strong ally of the United States in the Middle East—and thus, did little to advance any supposed foreign policy agenda of the UAE. The jury additionally should be permitted to assess for themselves whether Mr. Barrack in these interviews appears to have been just answering questions posed by the questioner, and therefore does not appear to have entered the interviews with any particular purpose to advance some improper agenda. Because this consideration is meaningful to every one of Mr. Barrack's interviews, but Defendants do not wish to be unduly repetitive in this brief, Defendants henceforth refer to this argument as the "Context Argument."[3]

In addition, the second consideration that merited the passing of Rule 106, as explained by the Advisory Committee, is the "inadequacy of repair work" when the admission of additional portions of a recorded statement are "delayed to a point later in the trial." This is also a meaningful concern for Defendants, as the defense case (if there is any defense case) will not begin for at least several weeks and there is real prejudice to Defendants in permitting the jury to

---

[2] Defendants are not moving to admit additional excerpts for every interview that was played in part by the Government, but rather only those interviews where Defendants believe that the Government's excerpts were misleading.

[3] In addition, Defendants intend to play for the jury certain video clips of interviews given by Mr. Barrack before April 2016 (when Mr. Barrack allegedly became an "agent" of the UAE), which demonstrate that Ms. Sidaros was selective in her presentation of evidence, in that she did not put in front of the jury the fact that Mr. Barrack was saying the *same* things about the UAE and the Middle East in interviews *before* the alleged conspiracy as he said in the interviews displayed *after* the alleged conspiracy began.

sit with a misleading impression of these interviews for a significant period, before Defendants can correct the misimpression suggested by the Government's extremely narrow excerpts during its own case-in-chief.  As with the Context Argument, this consideration is meaningful to each of Mr. Barrack's interviews, but Defendants do not wish to be repetitive in this brief, and thus, henceforth refer to this argument as the "Prejudice Argument."

1. **BX-851 (additional excerpts of  Mr. Barrack's May 31, 2016 Bloomberg News Interview, originally excerpted by the Government as GX-901A) Should Be Admitted.**

Defendants seek to admit BX-851, which includes 12 minutes of additional portions of Mr. Barrack's interview with Bloomberg's Erik Schatzker on May 31, 2016.  The Government admitted, as GX-901A, a 3 minute, 55 second excerpt of this May 31, 2016 Interview, which originally ran for 27 minutes.  BX851 is approximately 16 minutes and includes the portions of the interview that were already published by the Government, plus the surrounding questions that add key context to those segments.[4]

BX-851 should be admitted, for the reasons described above in Defendants' Context and Prejudice Arguments.

In addition, if the jury is not permitted to see the additional excerpts of Mr. Barrack's interview, the jury will be left with the impression that Mr. al Malik's reaction—that is, "This is amazing !!! I changed everyone perception here about Trump[;] trying to be a great ambassador for him here !...," *see* GX124 (attached as Exhibit A to this Motion)—was based on the statements included in the 4-minute clip published by the Government.  But in fact, nearly the entire May 31, 2016 Interview was about candidate Trump and his capacity to lead and there is every reason to think that it was those *other statements* that were viewed as "amazing" to persons in the UAE, who thereafter changed their "perception" as to Candidate Trump's suitability to serve as the President of the United States.  The jury is entitled to view the additional excerpts, marked as BX-851, when considering the meaning of Mr. al Malik's statements in GX124.

2. **GX-903 (additional excerpts of Mr. Barrack's July 1, 2016 MSNBC Interview, originally excerpted by the Government as GX-903A) Should Be Admitted.**

Defendants seek to admit GX903, which includes the additional portions of Mr. Barrack's interview with MSNBC's Stephanie Ruhle on July 1, 2016 that were not admitted by the Government.  The Government admitted, as GX-903A, an excerpt of 34 seconds of the July 1, 2016 Interview, which originally ran for 6 minutes and 51 seconds.  Defendants believe the full interview—which is short—should be viewed by the jury.

GX903, the full interview, should be admitted, for the reasons described above in Defendants' Context and Prejudice Arguments.  In addition, if the jury is not permitted to see the additional excerpts of Mr. Barrack's interview, the jury will be left with the impression that Mr. al Malik's reaction to the interview, as expressed in GX-248 (attached as Exhibit B to this Motion),

---

[4] Although the Government already has the full interviews, Defendants will send the specific excerpts that they intend to use to the Government today.

where he texts Mr. Barrack to say, "I think you smashed her !!!" is a response to Mr. Barrack's comments concerning fundamentalist Islam, which is the only portion of the video that was published by the Government.

In fact, as Mr. Barrack noted in the same text message, *see* GX-248, Ms. Ruhle, perhaps unsurprisingly, given her role as an anchor on MSNBC, was "anti-everything" that the Trump Campaign was suggesting and most of the interview involved Mr. Barrack's attempt to respond to Ms. Ruhle's concerns. The interview begins with Ms. Ruhle's criticism of the Trump Campaign's fundraising efforts, which Mr. Barrack responds to, then continues into a criticism by Ms. Ruhle that "business leaders" do not like Trump, which Mr. Barrack responds to, then proceeds into a criticism of Trump's policy towards "Mexicans," which Mr. Barrack also responds to. (Indeed, Mr. Barrack's response on this point includes his comment that Mexico is America's "greatest ally," which is important for the jury to hear, as it suggests that Mr. Barrack perhaps frequently refers to many of America's allies as its "greatest" or "best," because that is the way that Mr. Barrack happens to speak, and not because he is being controlled or directed by those foreign nations.) When viewed in context, it is clear that Mr. al Malik's response, "I think you smashed her !!!" likely has very little to do with Mr. Barrack's statements about the Middle East (which Ms. Ruhle did not challenge) and rather reflects the fact that Mr. al Malik was a Trump supporter and he appreciated Mr. Barrack's defense of the Trump Campaign on MSNBC. The jury is entitled to view the additional excerpts, marked as GX-903 when considering the meaning of Mr. al Malik's statements in GX-248.

3. **BX-848 (additional excerpts of Mr. Barrack's July 21, 2016 Bloomberg Interview with Charlie Rose, originally excerpted by the Government as GX-905A and GX-905B) Should Be Admitted.**

Defendants seek to admit BX-848, which includes approximately 9 additional minutes of Mr. Barrack's Bloomberg interview with Charlie Rose on July 21, 2016. The Government admitted, as GX-905A and GX-905B, excerpts totaling approximately 3 minutes and 45 seconds of the July 21, 2016 Interview, which originally ran for approximately 20 minutes. BX-848 itself is 13 minutes long, because it encompasses the excerpts published by the Government.

BX-848 should be admitted, for the reasons described above in Defendants' Context and Prejudice Arguments. In addition, if the jury is not permitted to see the additional excerpts of Mr. Barrack's interview, the jury will be left with the impression that Mr. al Malik's reaction to the interview, as expressed in GX-501M (attached as Exhibit C to this Motion), where he texts Mr. Grimes to say, "the feedback is amazing," which the Government contends is a reference to "feedback" from UAE officials, is a response to Mr. Barrack's comment to Mr. Rose concerning the "Muslim Ban" and Mr. Barrack's claim that the young leaders in "Qatar," the "UAE" and "Saudi Arabia," are America's "allies" but are "trapped themselves by fundamentalist Islam," which are the only portions of the interview that were published by the Government.

In fact, the "feedback" that Mr. Barrack was "amazing" during his interview with Mr. Rose could have been in response to any number of topics discussed in the interview, including Mr. Barrack's claims that candidate Trump will be a "disrupter" rather than a member of the "status quo" when it comes to American foreign policy, or Mr. Barrack's discussion (which was more wide-ranging than the narrow clips published by the Government) concerning the tensions and

challenges present in the Middle East.  Much of the interview also speaks to domestic issues, including candidate Trump's childhood, business background, and so forth, and Defendants agree that those segments of the interview do not need to be admitted at this point.  However, the jury is entitled to see the Government's clips in their proper context and that includes the entirety of Mr. Barrack's statements in response to Mr. Rose's questions concerning foreign policy.  Certainly, given the hours upon hours that the Government has spent simply reading text messages into the record, a clip of approximately 13 minutes that puts into context some of the most important evidence in the case is appropriate.

4. **BX-849 (additional excerpts of Mr. Barrack's September 2, 2016 Erin Burnett CNN Interview, originally excerpted by the Government as GX-906A) Should Be Admitted.**

Defendants seek to admit BX-849, which includes approximately two additional minutes of Mr. Barrack's CNN interview with Erin Burnett on September 2, 2016.  The Government marked as GX-906A, an excerpt of 2 minutes and 41 seconds of the interview, which originally ran for 8 minutes and 38 seconds on September 2, 2016.

BX-849, which only involves two additional minutes of the September 2, 2016 Interview, should be admitted, for the reasons described above in Defendants' Context and Prejudice Arguments.  Indeed, in this particular interview—in a portion that the Government selectively cut from Mr. Barrack's discussion of the Middle East—Mr. Barrack praises Saudi Arabia but remains absolutely silent regarding the UAE, which is meaningful evidence in a case where the jury must evaluate whether Mr. Barrack was acting, during these media appearances, at the direction and control of the UAE.

Sincerely,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Steven J. Ballew

O'MELVENY & MYERS LLP


James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack*, Jr.

WINSTON & STRAWN LLP

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
Sofia R. Arguello
Johanna Rae Hudgens

*Counsel for Defendant*
*Matthew Grimes*

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze

Craig R. Heeren
Matthew John McKenzie