

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 5, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Thomas Joseph Barrack, et al.
                 Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

        The government writes in brief opposition to a particularly illuminating aspect of the Defendants' letter seeking leave to play videos not played by the government during its direct examination of Special Agent Elizabeth Sidaros. See ECF No. 290. Specifically, the Defendants state, in a footnote with no argument or citation to authority, that they "intend to play for the jury certain video clips of interviews given by Mr. Barrack before April 2016 (when Mr. Barrack allegedly became an 'agent' of the UAE), which demonstrate that Ms. Sidaros was selective in her presentation of evidence, in that she did not put in front of the jury the fact that Mr. Barrack was saying the same things about the UAE and the Middle East in interviews before the alleged conspiracy as he said in the interviews displayed after the alleged conspiracy began." Id. at 2 n.3 ("Footnote 3"). The Defendants should not be permitted to play the videos referenced in Footnote 3, or any others from which the government played no excerpts, until their case-in-chief, should they decide to present one.

        The above-referenced footnote, and the Defendants' studiously off-hand suggestion that they intend to play videos never played or referenced by Agent Sidaros, powerfully underscore the arguments advanced by the government in its motion of earlier today regarding defendant Barrack's failure to comply with his Rule 16 discovery obligations and his efforts to move case-in-chief exhibits into evidence under the guise of impeachment. See ECF No. 289 (Gov't Mot. to Compel Production of Defense Exhibits). The government received the videos referenced in Footnote 3 less than two hours ago. They were never previously disclosed in discovery or as exhibits. In total, and collectively, they are nearly four hours long. At least one is undated. At least one contains clear hearsay. None are admissible extrinsic evidence of impeachment. These videos plainly are not being offered pursuant to the Court's preliminary ruling under Rule 106 regarding completeness, as no portion of them has ever been played to the jury. They are defense case-in-chief exhibits that should have been produced through reciprocal discovery long ago and that should be introduced through a defense witness, subject to government cross examination.

Lest there be any doubt that these exhibits were and always have been case-in-chief exhibits (there should be none), the government notes that Mr. Schachter referenced this very evidence in his opening statement, when he told the jury: "You're going to know that Tom was just speaking his mind when you see these interviews and not saying something because anyone or any country directed him to say those things. How do you know that? Because Tom was saying the exact same thing years before the Government accuses him of being some kind of foreign agent." Tr. at 402:3-8. Mr. Schachter was previewing the defense case, not his anticipated cross examination of a government publication witness. The government obviously takes a different view of the video evidence at issue, but that should be a matter for the government to address when it cross-examines the defense witness who introduces these videos (and can authenticate them, which Special Agent Sidaros cannot), should the defense decide to introduce them in a defense case.

With respect to the purported impeachment value of the late-disclosed videos, the argument apparently is that the government was required either to show the jury defense exhibits from a period pre-dating the charged conspiracy through Agent Sidaros or leave itself open to publication of those defense exhibits on cross examination, notwithstanding that nothing in the videos casts a word of Agent Sidaros's testimony into question. In other words, the defense takes the position that it may force publication of its case-in-chief exhibits through the government witness, one way or another. The rules of evidence, the rules governing reciprocal discovery, principles of trial fairness, and caselaw interpreting such provisions provide no support for such a process.

Accordingly, and for the reasons stated in the government's motions to limit aspects of defense cross-examination and to compel compliance with Rule 16, see ECF Nos. 271 (Mot. Regarding Def. Exs.), 289 (Mot. to Compel), the government respectfully requests that the Court

preclude admission of the video evidence referenced herein unless and until the Defendants decide to put on a case.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

By:   /s/
       Ryan C. Harris
       Samuel P. Nitze
       Hiral D. Mehta
       Craig R. Heeren
       Assistant U.S. Attorneys
       (718) 254-7000

       MATTHEW G. OLSEN
       Assistant Attorney General
       Department of Justice
       National Security Division

By:   /s/
       Matthew J. McKenzie
       Trial Attorney

cc:    Counsel for Thomas Joseph Barrack (by ECF)
       Counsel for Matthew Grimes (by ECF)
       Clerk of the Court (BMC) (by ECF)