# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 5, 2022

**_VIA ECF_**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: _United States v. Rashid Sultan Rashid Al Malik Alshahhi_, et al., 1:2l-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

      We write on behalf of Mr. Barrack to respond to the Government's letter, dated October 5, 2022, which appears to be, in sum and substance, the same letter that it filed a week ago, on September 27, 2022 (Dkt. 271). The Government's motion should be denied.

      Mr. Barrack has already disclosed to the Government hundreds of case-in-chief exhibits, including all of the exhibits that defense counsel has determined to date that it will use in its case in chief. What Mr. Barrack has not done—and is in no way obligated to do—is disclose his impeachment exhibits. The disclosure of impeachment exhibits has never been required in a criminal case and for an obvious reason: the Government, if given advance notice of the defendant's strategy for impeaching its witnesses, would simply amend its examination of witnesses to pre-emptively neuter the defense. That is not how a trial works and the Government is entitled to no such strategic advantage.

      Indeed, the Government fails to persuasively identify any case-in-chief exhibits that have not been disclosed to the Government. Its letter points to three "examples." First, the Government notes that Mr. Barrack did not originally disclose as case-in-chief exhibits a handful of largely publicly-available headshots of officials from the Middle East that were used, for demonstrative effect, in one of Mr. Schachter's opening slides. When the Government asked Mr. Schachter about those photos, counsel realized he had forgotten to mark the photos as case-in-chief exhibits, but then did so and sent them to the Government. Given that the Government has now introduced multiple photographs of these same individuals, plus many more, it hardly seems as though the Government suffered any prejudice.

      The Government's second "example" of a failure to disclose case-in-chief exhibits actually involves the _disclosure of case-in-chief exhibits_. The Government's witness list, dated September 9, had more than forty individuals listed on it, including Mr. Barrack's executive assistant, Jessica Gibbs. However, given that Ms. Gibbs has no inculpatory testimony to offer the jury, Defendants doubted that the inclusion of Ms. Gibbs on the Government's witness list actually reflected a real intention on the part of the Government to call Ms. Gibbs. As such, when the Government

informed defense counsel on Monday, September 19 that it intended to call five different witnesses on Thursday, September 22 including Ms. Gibbs, defense counsel needed to develop its (heretofore, unexpected) examination of Ms. Gibbs. Counsel for Mr. Barrack then identified the documents it planned to use—there were only ten exhibits and most were emails of less than a page each—and sent them to the Government, within 48 hours of learning that Ms. Gibbs would be called as a Government witness. The next day at court, on Thursday, September 22, the Government informed counsel that it did *not* plan to call Ms. Gibbs that day and in fact, would not call her until the following Wednesday, after the five-day break. During that five-day break, defense counsel, who continued to prepare for Ms. Gibbs's examination, identified two additional case-in-chief exhibits that she intended to use with Ms. Gibbs and sent them to the Government. On the morning of Wednesday, September 28—the morning Ms. Gibbs was expected to testify—the Government emailed defense counsel at 7:30 AM, stating that it was no longer planning to call Ms. Gibbs as a Government witness, consistent with what Defendants had expected from the beginning. As the Government acknowledges, the parties' list of case in chief exhibits will necessarily be adjusted as the case evolves, *see* Gov. Mot. at 3, n. 2, and the case in chief exhibits associated with Ms. Gibbs (who was never called as a witness) is a natural example of such a circumstance.

The third "example" of a case-in-chief exhibit that the Government claims was not disclosed to the Government was not a case-in-chief exhibit at all, but rather an *impeachment* exhibit that Mr. Barrack had *no obligation* to provide to the Government in advance: BX-806, a portion of the meeting of the Republican Party's Platform Committee concerning the declassification of the so-called "28 Pages," aired on CSPAN on July 12, 2016 at 9:10 EDT, and which has been publicly available to anyone who wished to view it on CSPAN's public website since July 13, 2016 at 3:55AM EDT (both of which are before Mr. Barrack was even informed of a change of the platform, much less emailed about it, and which were available on the CSPAN website for at least five years prior to the return of the Indictment in this case). The Government and the FBI, through Agent Sidaros, chose to admit and publish to the jury several emails concerning the "confidentiality" of this information, without thereafter disclosing to the jury that in fact, the information wasn't the least bit confidential. Where the Government's selection and publication of evidence is misleading and incomplete, Defendants have an obligation to cross examine on that basis, and where an FBI agent is forced to admit that the Government never sought to "look on the internet" to see if the information described as "confidential" in the Government's exhibits was, in fact, "already a matter of public record," *see* Tr. 1785:12-18, defense counsel is engaged in a "well-established" form of impeachment. *See e.g., Hale v. Soto*, No. CV 12-6840-DDP (OP), 2013 U.S. Dist. LEXIS 184052, at *41 (C.D. Cal. Aug. 28, 2013) (agreeing that where defendant's counsel "impeach[ed] the investigation," by attempting to show that the investigation was not adequate and the police had jumped to erroneous conclusions, he was engaged in "a well established tactic used by defense counsel" that is aimed at "trying to plant the seeds of reasonable doubt."); *see also* Dkt. 282 (Defendants' October 2, 2022 submission at 2, 4) (collecting cases).[1]

---

[1] Where the Government has made explicitly clear that its theory of criminality with respect to Mr. Barrack involved the disclosure of "inside information" concerning the Republican Party platform, as it has here, it is well within the ambit of impeachment to demonstrate for the jury that the Government did not investigate the issue with any thoroughness, especially where the impeachment evidence was publicly available through basic Google searches. *See* Gov't Opp. to Expert MIL, Dkt. 182 at 22-23 ("Specifically, the government expects to introduce evidence at

The Government's claim that an impeachment exhibit is magically transformed into a case-in-chief exhibit (and thus must be disclosed in advance) if the exhibit happens to "buttresses" the defense's case, *see* Gov. Ltr. at 3, has no support in law. The case cited by the Government—*United States v. Napout*—says no such thing. In fact, it says the opposite: *Napout* states that where cross-examination is based on "buttress[ing]" the defendant's "theory" of the case, "*rather than. .impeaching* the testimony given by the witness on direct examination," the cross examination can be "seen as part of the defendant's case in chief." 2017 WL 6375729 at *7. Moreover, the Government's suggested procedure—in which any impeachment exhibit that also happens to support the defense's "theory" of the case must be disclosed in advance—would fatally undermine the purpose of impeachment. In such a circumstance, as described above, the Government would simply craft its direct examination to "draw the sting" from the impeachment evidence, thus rendering the defense's efforts to impeach the witness significantly less powerful. Because such an outcome is clearly unfair, Rule 16 explicitly makes clear that no impeachment evidence need be disclosed in advance. Fed. R. Crim. P. 16(B)(1)(A).

It is for this same reason that the Government's "suggestion," which it repeats from its September 27th letter, that if any impeachment exhibit is admitted, the Court should give a "limiting instruction" that the exhibit may only be considered in "connection with [witness name's] credibility," should be denied. In fact, in this case, just as in every criminal case, impeachment evidence can be considered by the jury in considering Defendants' guilt, not just in considering whether a witness was "credible" or not.

The Government's final arguments concerning trial "efficiency" are unavailing. The non-disclosure of impeachment exhibits until they are offered during cross-examination is standard procedure in criminal cases and there is no reason why that procedure would create more "inefficiency" in this case than it would in any other criminal case. Moreover, despite the Government's complaint that it felt "rushed" to make a decision about the admission of BX-806,

---

trial that one of the actions that Barrack undertook as an agent of the UAE *was to disclose non-public information* to Al Malik and other UAE government officials indicating that language had been removed from the Republican National Convention party platform that had called for the declassification of the Declassified Pages. In disclosing this information to Al Malik and other UAE government officials, Barrack advised them that this undisclosed information about the foreign policy positions of the Republican Party was '[v]ery confidential' and 'very sensitive,' but invited them to nonetheless share it with a senior UAE national security official."); *id.* at 23 ("With Dr. Davidson's limited testimony, jurors will be better equipped to understand the nature of the Declassified Pages being discussed by Barrack in his conversations with UAE government officials and the context and relevance of Barrack's decision to funnel *non-public and sensitive information* about the position being articulated in the party platform of the Republican National Convention on this issue to UAE government officials, as well as the significance of that information to those officials. Ultimately, it was Barrack's decision, not the government's, to interject himself in this foreign policy issue and funnel inside information regarding that issue to a foreign government. He cannot claim that he should be shielded from that decision or that the jury should be left in the dark about it.") (emphasis added).

it has offered no argument that the exhibit was anything other than admissible, even after more than 24 hours of consideration.

The Government's motion should be denied.

Sincerely,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Steven J. Ballew

O'MELVENY & MYERS LLP


James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack*, Jr.

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie