Halpern May Ybarra Gelberg LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071
(213) 402-1900 – telephone
(213) 402-1901 – facsimile
www.halpernmay.com

Grant B.Gelberg
(213) 402-1940 – direct dial
grant.gelberg@halpernmay.com



October 7, 2022

**<u>VIA ECF</u>**

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Rashid Sultan Rashid Al Malik Alshahhi, et al.*
　　　 Case No. 1:21-cr-00371-BMC-TAM

Dear Judge Cogan:

　　　This evening, the government sought *in camera* review of documents logged as privileged by non-party Alison Marckstadt in response to a Rule 17 subpoena. Ms. Marckstadt submits that the government's brief, which comes three weeks into trial and over two weeks after the government received her initial privilege log, fails to establish that *in camera* review is warranted. If the Courts finds that *in camera* review is appropriate, Ms. Marckstadt respectfully requests that she be given to Tuesday, October 11, 2022 to submit the materials for the Court's review, to provide the Court with needed context to assess the privilege assertions, and to substantively respond to the government's brief. (*See* ECF No. 293.)

　　　Ms. Marckstadt is a longtime assistant and project manager for Mr. Barrack. (ECF No. 186.) She was retained as a consultant for Mr. Barrack's defense counsel from approximately August 2021 through April 2022. Since that time, she has continued to serve as a consultant to Mr. Barrack on various matters including, but not limited to, assisting him with various aspects of his defense of this case.

　　　On September 13, 2022, the Court granted in part and denied in part Ms. Marckstadt's motion to quash the government's August 30, 2022 trial subpoena (the "Subpoena"). (ECF No. 214.) In so doing, the Court narrowed the Subpoena in a number of important respects. (*Id.* at 2-3.) To respond to the Subpoena, Ms. Marckstadt and her counsel reviewed over 21,000 documents in roughly three weeks, producing nearly 1,700 documents to the government, and providing a privilege log containing 1,466 entries.



The government has had Ms. Marckstadt's initial privilege log (which has been updated on a rolling basis) since September 22. Earlier today, the government informed counsel that it intended to seek *in camera* review of 50 documents on the privilege log. The government did not seek further information about the documents, ask any clarifying questions about the basis for privilege, or seek additional information supporting the assertion of privilege over these documents.

It is unclear why the government failed to make these follow-up inquiries. What is clear, is that after voluminous briefing by the parties and significant efforts by Ms. Marckstadt to produce a large number of documents on a compressed timeline, the government's challenge to the privilege log boils down to a handful of documents.

These remaining documents are privileged and, if ordered to provide them for *in camera* review, Ms. Marckstadt will expeditiously submit them at the Court's direction. Ms. Marckstadt requests—if the Court finds that *in camera* review is warranted—to provide her until Tuesday, October 11 to submit the records with additional documents needed to assess the basis for privilege (such as privileged parent emails where the government only challenges the attachment to the email) and to respond to the legal and factual contentions in the government's brief.

Such a timeline is appropriate where government notified counsel of its intent to file earlier today, where the government filed its motion on a Friday afternoon before a holiday weekend, and where providing Ms. Marckstadt sufficient time to respond to the government's brief will assist the Court in any *in camera* review.

Very truly yours,

*/s/ Grant B. Gelberg*

**Grant B. Gelberg**
Halpern May Ybarra Gelberg LLP

Cc:     Counsel of Record
          (Via ECF)