UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  UNITED STATES OF AMERICA,                                 :
                                                            :  **ORDER**
                                                            :
            - against -                                     :  21-cr-371 (BMC)
                                                            :
                                                            :
                                                            :
  AL MALIK ALSHAHHI, *et al.*,                              :
                                                            :
                                Defendants.                 :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

The Government's [298] motion *in limine* to admit testimony from Heather Hunt is denied. The limited probative value of this testimony is substantially outweighed by the prejudicial impact of confusing the issues, misleading the jury, and wasting time. See Fed. R. Evid. 403.

The proffered testimony is simply too far removed from the pertinent issues to offer any meaningful probative value. Defendants are charged with violating Section 951, not FARA. While Section 951's notification requirement can be satisfied by registering under FARA, an individual can also provide notice under Section 951 by mailing or faxing a form to the Attorney General. See 28 C.F.R. § 73.3(a). Hunt's testimony that defendants would have been required to register under FARA had they provided notice under Section 951 and that they would have suffered "downstream" effects from registering under FARA is also highly speculative. As defendants point out, a FARA registrant is not automatically barred from political advocacy or TV appearances. Although the government and the public might have been informed about defendants' alleged ties to the UAE had defendants been required to register, the real-world

consequences of this disclosure are far too complex to allow Hunt to hypothesize as to what might have happened had defendants been required to register.

Nor have defendants "opened the door" to this testimony by arguing that the government "allows people to be an agent for a foreign country" or that defendants could have complied with Section 951 by faxing or mailing a "one-page form" to the Attorney General. These arguments were aimed at minimizing the burden of registering – not the consequences for failing to register – to show that defendants would have complied with Section 951's relatively straightforward notification process if they had in fact been acting as agents of a foreign government. Moreover, the probative value of Hunt's testimony in rebutting defendants' arguments regarding the legal commercial transaction defense is extremely tenuous. The job of explaining U.S. law to the jury is for the Court, not a witness. If the Court decides to instruct the jury that a violation of FARA precludes the legal commercial transaction defense, then the Court will instruct the jurors as to the legal requirements of FARA.

Having a witness dedicated to explaining the intricacies of complying with a different statute than that which the defendants are charged with violating also presents an undue risk of confusing the issues and wasting time. Hunt's testimony presents the additional risk of misleading the jury to believe that defendants should have registered under FARA to satisfy notice under Section 951, when that was not in fact the only means available to defendants to provide notice under Section 951.

Because any probative value of Hunt's testimony is substantially outweighed by the

prejudicial impact of confusing the issues, misleading the jury, and wasting time, the motion *in limine* is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
        October 10, 2022