U.S. Department of Justice

United States Attorney
Eastern District of New York

RCH/SPN/HDM/CRH
F. #2018R01309

271 Cadman Plaza East
Brooklyn, New York 11201

October 11, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thomas Joseph Barrack, et al.
                 Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

        The government anticipates calling Federal Bureau of Investigation ("FBI") Special Agents Tracee Mergen and Warren Chiu to testify about the false statements made by defendant Thomas J. Barrack during his interview with the government on June 20, 2019 (the "June 2019 Interview"). In advance of that testimony, the government respectfully moves to preclude the defendants from (1) eliciting other statements by defendant Barrack on other topics during the June 2019 Interview and (2) admitting reports or notes of the interview, including notes created by one or more of Barrack's lawyers. Such testimony and evidence, when offered by the defendant, would constitute hearsay without an exception. To the extent Barrack wishes to put in his own statements from this interview, he can do so by testifying and subjecting himself to cross-examination.

I.    Background

        Barrack was interviewed on June 20, 2019 by members of the FBI and the Department of Justice (the "June 2019 Interview"). Barrack attended this voluntary interview with three of his attorneys. The interview lasted several hours and covered many different topics. During the interview, Barrack made several false and misleading statements, which form the basis for Counts Three through Nine of the Superseding Indictment.

        The government anticipates that Special Agents Chiu and Mergen will testify about a limited set of statements made by Barrack during the interview, including the false statements that he made to law enforcement. Their direct testimony is expected to last a little over an hour each and is expected to cover each of the false statements at issue, and several discrete statements about, for example, ███████████████ Barrack made numerous additional statements on a variety of topics that the government does not expect to cover during its direct examination, including, for example, statements about: ███

The FBI documented the June 2019 Interview in a 56-page set of handwritten notes, (attached as Exhibit A) and subsequently memorialized the interview in a 23-page formal report prepared (attached as Exhibit B) by Special Agents Mergen and Chiu and an FBI Forensic Accountant who was present at the interview. Counsel for Barrack has also turned over an 18-page PDF, which counsel has described as "Rule 26.2 material for Mr. Herrington and Mr. Cassis," a reference to two of the three attorneys in attendance with Barrack at the interview (the "Herrington/Cassis Notes"). The PDF is undated, unpaginated, unsigned and does not indicate the author. Barrack has not provided a native version of the PDF or any associated metadata, nor has he confirmed the author to the government.

II. Analysis

A. Barrack's Statements Are Inadmissible Hearsay When Offered by Barrack

While the defendant has an absolute right to silence, he may not simultaneously invoke that right and also offer his prior statements into evidence for the truth of the matters asserted. See United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); United States v. Demosthene, 334 F. Supp. 2d 378, 381 (S.D.N.Y. 2004), aff'd, 173 F. App'x 899 (2d Cir. 2006) ("a defendant generally may not introduce his own prior statement for the truth of the matters asserted therein . . . By seeking to introduce such statements, [the defendant] is, in essence, attempting to present a second version of his own admissions in order to permit the jury to decide which of the two versions to credit.").

Here, Barrack made numerous statements about a wide array of topics during the June 2019 Interview. A subset of Barrack's statements will be offered by the government as non-hearsay party opponent-admissions. See Fed. R. Evid. 801(d)(2). Many of Barack's statements, and indeed entire topics, will not be the subject of the witnesses' testimony. Barrack is not now permitted to offer these additional statements, because they would constitute inadmissible hearsay. See United States v. Yousef, 327 F.3d 56, 153 (2d Cir. 2003) (observing that the "Government was free to introduce a statement as an admission by a party opponent," but that the defendant "had no right to introduce it on his own"). To permit Barrack to do so "could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury," United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005), and improperly permit Barrack to "attempt to get [his] side of the . . . story in front of the jury without him[self] testifying and opening him[self] up to cross-examination." United States v. Davidson, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004).

The Second Circuit has made clear that the prohibition against a defendant's admission of his own prior statements applies even where the government offers other parts of those statements from the same interview. See United States v. Hill, 658 F. App'x 600, 605 (2d Cir. 2016) (affirming district court's parsing of a defendant's recorded statement to admit the discrete inculpatory statements and exclude the other self-serving statements that he was "innocent"); United States v. Johnson, 507 F.3d 793 (2d Cir. 2007) (holding that the court properly bifurcated a defendant's post-arrest statement and precluded the defense from introducing a self-serving portion of the defendant's post-arrest statement); United States v. Black, No. 13-CR-316 (DLI), 2014 WL 5783067, at *2 (E.D.N.Y. Nov. 5, 2014) ("[T]he defendant's self-serving, exculpatory statements are inadmissible hearsay ....").

Accordingly, Barrack is not permitted to elicit his statements for the truth of the matter asserted on cross-examination of the government witnesses.

B. Barrack's Additional Statements Are Not Necessary for Completeness

Under the rule of completeness, "an omitted portion of the statement" may be admitted where "necessary to explain the omitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Fawwaz, 691 F. App'x 676, 678 (2d Cir. 2017) (summary order). But "[t]he rule of completeness is 'not a mechanism to bypass hearsay rules for any self-serving testimony.'" United States v. Blake, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016) (quoting United States v. Gonzalez, 399 F. App'x 641, 645 (2d Cir. 2016)). The rule "does not … require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v. Gupta, 747 F.3d 111, 139 (2d Cir. 2014) (citations omitted); United States v. Harper, No. 05-CR-6068, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009) ("[A] defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness ...., while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements.").

As a result, courts are required to parse a defendant's statements to admit the inculpatory statements offered by the government and to exclude the self-serving, unconnected statements offered by the defendant. See United States v. Loera, No. 09-CR-0466 (BMC), 2018 WL 2744701, at *5 (E.D.N.Y. June 7, 2018) ("the rule of completeness does not require the introduction of 'self-serving' statements") (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir.), on reh'g, 196 F.3d 383 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016) (finding that "omitted statements were generally post-hoc explanations for prior conduct, which did not alter the meaning of the admitted redacted portion."). The burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the government intends to offer. See United States v. Glover, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

The government does not intend to elicit many of Barrack's statements, and even entire topics covered at the June 2019 Interview, during direct examination. Thus, the rule of

3

completeness will not apply. And Barrack cannot use the rule of completeness to evade the adversarial process and shield himself from cross-examination, yet put his story before the Court. Several cases from this Circuit are instructive and highlight how courts have narrowly construed the rule of completeness. For example, in United States v. Johnson, the Second Circuit concluded that the Court properly admitted statements from a defendants' confession related to "*plans* to execute the robbery" and excluded statements that were about "the *execution* of the robbery." 507 F.3d at 796–97 (emphasis in original). In United States v. Jackson, the Circuit affirmed the trial court's decision to admit a portion of a recorded conversation between the defendant and another person where the defendant was warned that a scheme he was involved in "constituted the federal crime of extortion," and declined to admit later portions of the recording the defendant contented would permit the jury to hear "the tone and substance of [the other person's] statements" and understand that person "to be exaggerating, overly emotional, or 'out of control,' and would conclude that [the defendant] had reason to discount [the] warning." 180 F.3d at 73. In United States v. Williams, the Circuit affirmed the district court's decision to admit the defendants' inculpatory statements during an interview that he possessed a firearm while excluding statements from an earlier part of the same interview that "he didn't know anything about the weapon." 930 F.3d 44, 58 (2d Cir. 2019) (explaining that earlier self-serving exculpatory statement was not "necessary to explain" his later inculpatory admission).

Even more so here, Barrack's interview covered numerous discrete topics that will not be the subject of the testimony of the government's witnesses at trial, and thus allowing Barrack to put his own statements on topics that were not covered do not complete any component of the anticipated testimony. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To the extent Barrack wishes to testify about other parts of the interview, or the charged conduct, he is welcome to do so, but his many statements during the interview on other topics are hearsay and may not be admitted for completeness purposes.

C. <u>Report and Notes About The June 2019 Interview Are Inadmissible</u>

Barrack likewise cannot offer any of the notes or reports of the June 2019 Interview into evidence, because those materials contain two layers of hearsay, as they reflect the out-of-court statements of the authors of those documents, and the out-of-court statements of Barrack. Unless the defendant can offer a non-hearsay purpose or hearsay exception for both hearsay statements, the documents are inadmissible. See Fed. R. Evid. 805.

The Second Circuit has considered this issue in the context of a false statement case, and specifically affirmed the exclusion of notes of the interview at issue. In United States v. Sampson, the defendant sought to introduce notes taken by an FBI agent during an interview where the defendant made false statements, and the trial court sustained a hearsay objection. 898 F.3d 287, 308 (2d Cir. 2018). The Second Circuit affirmed the decision, agreeing that the FBI agents' notes "were hearsay not shown to fall within any exception, and were therefore inadmissible under Federal Rule of Evidence 802." Id. (explaining further that the defendant was "offering them as

4

an accurate reflection of what occurred during [the defendant]'s interview with the FBI" and that this "was improper").

The same is true here—the notes and reports of the interview are inadmissible hearsay. This is especially the case with the Herrington/Cassis notes, which are not materials produced by the government witnesses, and have not been authenticated by any witness at this trial.

III. Conclusion

For the foregoing reasons, the government respectfully requests that the Court preclude the defendants from (1) eliciting statements by defendant Barrack for the truth of those statements that are unrelated to the statements offered by the government witnesses; and (2) admitting reports or notes of the interview, including notes created by one or more of Barrack's lawyers, because they are hearsay without an exception.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

cc: Counsel for Thomas Joseph Barrack (by ECF)
    Counsel for Matthew Grimes (by ECF)