```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :   **ORDER**
                                                            :
                  - against -                               :   21-cr-371 (BMC)
                                                            :
                                                            :
   AL MALIK ALSHAHHI, et al.,                               :
                                                            :
                                  Defendants.               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Barrack's [306] request to compel the Government to produce additional portions of Special Agent Tracee Mergen's grand jury testimony is denied.

The Government has already provided defendants with portions of Mergen's grand jury testimony that relate to her background and the statements made by Barrack at his June 2019 interview with the FBI and DOJ. In doing so, the Government has complied with its obligations under 18 U.S.C. § 3500. A review of the full transcript shows that the undisclosed portions of Mergen's testimony do not "relate to the subject matter" of the testimony that the Government seeks to elicit from Mergen regarding certain statements made by Barrack at the June 2019 interview. 18 U.S.C. § 3500(c) ("[T]he court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness."). The additional portions of Mergen's testimony primarily concern evidentiary support for allegations in the indictment regarding defendants' conduct in acting as agents of the UAE. These additional portions of Mergen's testimony do not "deal with the specific 'events and activities testified to on direct examination'" because Mergen will not be testifying about the underlying events referenced in

the interview or the truth or falsity of Barrack's statements.  United States v. Snyder, 740 F. App'x 727, 729 (2d Cir. 2018) ("Statements on the same general subject matter do not 'relate' unless they deal with the specific 'events and activities testified to on direct examination.'" (quoting United States v. Cardillo, 316 F.2d 606, 615 (2d Cir. 1963))).  Nor do the additional portions of the testimony provide material that could be used to impeach for bias, interest, or memory.  See United States v. Birnbaum, 337 F.2d 490, 498 (2d Cir. 1964).

For substantially the same reasons, the Government is not required to disclose the additional portions of Mergen's testimony under Brady v. Maryland, 373 U.S. 83 (1963) or Giglio v. United States, 405 U.S. 150 (1972).

**SO ORDERED.**

*Brian M. Cogan*
‎                                       U.S.D.J.

Dated: Brooklyn, New York
‎        October 12, 2022