

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 13, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Thomas Joseph Barrack, et al.
               Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government writes in brief reply to defendant Barrack's opposition to the motion to preclude the admission of the defendants' hearsay statements.

      As discussed in the government's opening brief, it is blackletter law that a defendant may not admit his own out-of-court statements for their truth. See United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."); United States v. Yousef, 327 F.3d 56, 153 (2d Cir. 2003). The Second Circuit has expressly held this basic principle remains true in false statement cases. United States v. Sampson, 898 F.3d 287, 308 (2d Cir. 2018) ("Agent Zacher's notes were hearsay not shown to fall within any exception, and were therefore inadmissible under Federal Rule of Evidence 802.").

      The defendant does not cite any caselaw to contradict this well-established set of rules on the handling of defendants' out-of-court statements. Nor does he seriously grapple with Sampson, even though it stands firmly in the way of his argument. Barrack claims that Sampson is distinguishable, and says that unlike Sampson, he is seeking to admit the notes to "show the woefully inadequate record the government chose to create," rather than for the truth. Opp. at 4. But Sampson addressed this issue, and held that the trial court's decision to permit cross-examination on the structure of the interview while keeping out the hearsay notes was proper:

> Sampson offered Agent Zacher's notes to prove the truth of their contents—i.e., he was offering them as an accurate reflection of what occurred during his interview with the FBI. This was improper. The district court explicitly allowed Sampson to raise the relevant information by cross-examining Agent Hosey without admitting the notes. See App'x at 799 ("**You can ask [Agent Hosey about the structure of the interview] in a completely different way that doesn't violate my ruling [that**

**the notes are inadmissible]. ['] Did you ask him questions about various topics?['] ['] Did you return to various topics after asking other questions?['] ['] Yes or no?['] That's it, and you've got your point, and move on.**").

Sampson, 898 F.3d at 308–09 (emphasis added). The defendant's bare assertion that the notes and report are not being offered for the truth does not make it so. And their claim that they seek to challenge the structure of the interview is essentially the same argument as in Sampson. They are of course entitled to do this, but they cannot admit into evidence hearsay records for this purpose.

If the defendant's theory of admissibility were true, it would eviscerate the rule against the admission of hearsay statements by defendants, and the Second Circuit's clear preference for the proper functioning of the adversarial process. By Barrack's logic, in any case where the defendant's statements are at issue (false statements, obstruction of justice, wire fraud, bank fraud, interstate threats, etc.), the defendant would be able to admit all of their statements without having to face cross-examination. As multiple courts have held, while the defendant has the right to silence, he cannot use his own out-of-court statements in an "attempt to get [his] side of the . . . story in front of the jury without him[self] testifying and opening him[self] up to cross-examination." United States v. Davidson, 308 F. Supp. 2d 461, 480 (S.D.N.Y. 2004); see also United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005) (permitting hearsay testimony of defendant "could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury").

The defendant cites a series of cases for the proposition that he may seek to impeach the witness using their notes and reports. Barrack can seek to impeach the witness. But, as has been discussed repeatedly during this trial, impeachment is a non-hearsay use that requires certain foundational requirements to be done correctly, and does not permit the wholesale admission of the defendant's statements. See, e.g., Fed. R. Evid. 613 (discussing rules for impeachment by witness's prior statement). None of the cases cited by the defendant (nearly all of which come from outside this circuit) stand for the proposition that he can admit all of his statements, or admit them for their truth. Indeed, one of the cases cited by the defendant affirmed the trial court's refusal to admit an FBI report as substantive evidence. See United States v. Bramble, 103 F.3d 1475, 1479 (9th Cir. 1996) ("Nor did the district court err in refusing to admit Agent Cox's report as substantive evidence.")

Finally, the defendant suggests that the statements can be admitted as party-opponent admissions and as statements against interest of an unavailable declarant. Both claims are wrong. The Second Circuit has expressly held that "a government agent's out-of-court statements are not admissible for their truth in a criminal prosecution as admissions by a party opponent." United States v. Yildiz, 355 F.3d 80, 80 (2d Cir. 2004) (citing United States v. Santos, 372 F.2d 177, 180–81 (2d Cir.1967)). And the defendants' lone citation for the novel idea that Barrack's statements are somehow statements against interest comes from a civil case, where the report was admitted against interest of the deceased interviewee (i.e. the person standing roughly in Barrack's shoes), and where the court expressly noted that the admission was only permissible because it was in the context of a civil (not criminal) proceeding. See Picard v. Sage Realty, No. 20 CIV. 10057 (JFK), 2021 WL 6052422, at *4 (S.D.N.Y. Dec. 21, 2021) (noting that Rule 804

requires that the statement must be supported by "corroborating circumstances that clearly indicate its trustworthiness" when offered in a criminal case).[1]

Barrack's request is a thinly-veiled attempt to put before the jury his hearsay statements in the hope that they are considered for their truth. This should not be permitted. For the foregoing reasons, the government respectfully requests that the Court preclude the defendants from eliciting statements by defendant Barrack for the truth of those statements and admitting reports or notes of the interview because they are hearsay without an exception.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

cc: Counsel for Thomas Joseph Barrack (by ECF)
    Counsel for Matthew Grimes (by ECF)

---

[1] The defendant also fails to identify how the statements are adverse to the interests of the declarant (i.e. Barrack), unlike in the case he cites, where declarant Bernie Madoff admitted to committing fraud in the FBI agent report. See Picard, 2021 WL 6052422, at *2 ("Madoff stated during the proffer session that 'he began to engage in fraud…'").