UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                    :
UNITED STATES OF AMERICA,         :
                                                    :    **ORDER**
                                                    :
      - against -                    :    21-cr-371 (BMC)
                                                  :
                                                  :
AL MALIK ALSHAHHI, *et al.*,        :
                                                  :
                      Defendants.    :
                                                  :
------------------------------------------------------------ X

**COGAN**, District Judge.

      The Government's [309] motion *in limine* and part of the Government's [316] motion *in limine* are resolved as follows.

      1.     The Government's [309] request to admit GXs 62, 90, 99, 100, 151, 152, and 327 is granted in part and denied in part.

             a.     GXs 62 and 90 are inadmissible because the minimal probative value of these exhibits is substantially outweighed by the risk of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. That Barrack failed to comply with advice from Rick Gates regarding best practices for Barrack's potential appointment and confirmation as an ambassador in Latin America, as the Government alleges, does not make it more likely that Barrack violated Section 951 by acting as an agent of the UAE or by aiding and abetting others in doing so. Moreover, if this evidence were admitted, Barrack would likely seek to introduce additional evidence regarding the confirmation process for ambassadors to put

                Gates's advice into context as well as evidence showing why Barrack was not ultimately appointed as an ambassador in Latin America to rebut the inference that any malfeasance caused him not to be appointed. This presents an undue risk of confusing the issues and wasting time. There is also an undue risk that this evidence would mislead the jury into believing that Barrack acted unlawfully or in contravention of an internal policy at Colony Capital or DigitalBridge.

    b.    GX 99 and GX 100 are admissible to show the relationship between Stockman and Al Malik and Al Shamsi.

    c.    GX 151 and GX 152 are inadmissible hearsay.

    d.    GX 327 is admissible as an admission by a party-opponent.

2.    The Government's [316] request to admit GX 1021 is denied.[1] GX 1021 is inadmissible because the minimal probative value of this exhibit is substantially outweighed by the risk of confusing the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. The November 2017 subpoena issued to Colony Capital from the Special Counsel's Office containing broad document requests not focused on the UAE or Middle East does little to show that Barrack was aware that his voluntary interview in June 2019 was related to a grand jury investigation. This inference is made even more attenuated by the fact that Barrack had already appeared for an interview directly related to the subpoena with the Special Counsel's Office in December 2017 – making it less likely that he believed the November 2017 subpoena related to a voluntary interview with a different set of government agents and prosecutors eighteen months later. This

---

[1] The Government also seeks to admit GXs 343 and 1022. The Government's request to admit GX 343 is denied as moot as defendants do not object to the admission of this exhibit. The Court reserves ruling on the Government's request to admit GX 1022, as counsel for Grimes has requested oral argument on his objection to this exhibit.

exhibit also presents a substantial risk of confusing the issues, misleading the jury, and wasting time by injecting issues related to the Special Counsel's Office's investigations, which would likely require Barrack to introduce evidence explaining his involvement in these investigations.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
October 14, 2022