

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM  *271 Cadman Plaza East*
F. #2018R001309  *Brooklyn, New York 11201*

October 15, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Thomas J. Barrack and Matthew Grimes
           Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government respectfully requests that the Court deny the defendant's request to reconsider the Court's order that Allison Marckstadt disclose to the government all communications specified by the Court, both as to the particular documents reviewed in camera and similar documents in the broader set withheld from the government, including communications involving Tommy Davis. In the event the Court reconsiders its order, the government respectfully requests the Court conduct an in camera review of the additional 288 communications defendant Thomas Barrack has belatedly identified as privileged (the "Davis Materials"), even if that review is conducted on an accelerated basis with focus on communications involving Mr. Davis on which no attorney is copied.

    I.    Reconsideration of the Court's Order Is Not Warranted

      The government is not in a position to assess whether any of the communications at issue are privileged, but the Court correctly ruled that Ms. Marckstadt and Barrack failed adequately to establish any privilege by the (already late) deadline set – clearly, in a public docket bounce – for briefing on the question. There is no basis for reconsideration of the Court's ruling, particularly given that the government is now approximately two days from the close of its case (which the government would prefer not to hold open but may have to depending on the contents of the Marckstadt documents). Marckstadt and Barrack thus have failed to meet the "very strict standard" for granting reconsideration, because they have failed to identify new facts, new law, or clear error, particularly with respect to the untimeliness of their filing, which was a cornerstone of

the Court's ruling.[1] See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."); United States v. Gross, No. 98-CR-0159 (SJ), 2002 WL 32096592, at *3 (E.D.N.Y. Dec. 5, 2002); Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).

On the merits, the government generally has no quarrel with the law cited in Barrack's opposition, or with the proposition that in certain, limited circumstances, a PR consultant can fall within an asserted privilege. But the government is highly skeptical that all of the 288 documents referenced by Barrack that involve communications with Mr. Davis fall within the scope of the limited exception to principles of third-party waiver and thus requests expedited in camera review. The possibility of privilege does not establish the existence of privilege, and each document must be considered on its own. This is so even as to communications involving attorneys, and particularly close scrutiny is warranted in the context of communications with a PR consultant. The proffered retainer agreements are not magic cloaks – they are agreements that merely raise the possibility that some communications involving Mr. Davis may be privileged. Notably, Barrack's opposition does not address the fact that Davis' communications were with Marckstadt who also is a third-party with no claim to privilege (to say nothing of the other third parties, like Amy Ho, that the Court identified are on numerous communications).

As the Court knows, "the attorney-client privilege, like all evidentiary privileges, stands in derogation of the search for truth so essential to the effective operation of any system of justice: therefore, the privilege must be narrowly construed." Calvin Klein Trademark Tr. v. Wachner, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) (citing United States v. Nixon, 418 U.S. 683, 710 (1974)); see also United States v. Ackert, 169 F.3d 136, 139 (2d Cir. 1999) (observing that "a communication between an attorney and a third party does not become shielded by the attorney-client privilege solely because the communication proves important to the attorney's ability to represent the client") (citations omitted). As stated on the record on Friday, the government has no interest in obtaining privileged communications, but neither is the government prepared to accept the line-drawing proposed by counsel in this regard, particularly given the difficult history of this issue. Notably, the government provided the Court with a sample of 50 out of more than 1400 documents—a sampling that was effectively random beyond the date and names of people—and the Court found that all but three were obviously not privileged. Trial Tr. at 2765:15-17 (describing the three the court found to be privileged as "being generous on the issue").

The government recognizes that its request for in camera review places an additional burden on the Court, but, respectfully, the government cannot be faulted for that burden. The government notes that when it requested efficient, timely production of documents responsive to the subpoena and an accompanying privilege log, counsel for Ms. Marckstadt, presumably in

---

[1] The government agrees that, while the Rule 17 subpoena and compliance orders are directed to Marckstadt, the only privilege likely relevant is one asserted by Barrack. Although this motion practice involves both Marckstadt and Barrack, the government refers to Barrack throughout the remainder of this response.

consultation with Barrack's counsel, indicated it just could not be done. This was so notwithstanding that the government issued a narrowed subpoena to Ms. Marckstadt on August 30, 2022, with which, notwithstanding the subsequent motion to quash, Ms. Marckstadt's team should have been preparing to comply. Weeks went by. The Court issued its order on September 13, 2022, directing compliance with the subpoena. Days passed. The trial began. Finally, on September 30, 11 days after the start of trial, the government received the responsive materials. Apparently it also was just too burdensome for the assembled army of highly skilled lawyers to present adequate briefing to the Court by the October 11 deadline. But no sooner had the Court indicated it might actually resolve the issue in favor of the government than the requested briefing and backup materials arrived on ECF, within hours. This is tactical delay. Hold off as long as possible in hopes that delay will prove fruitful, even if it means blowing through a Court-imposed deadline, then ask for more time (and further delay) if necessary. The process has done nothing except put a substantial burden on both the government and the Court.

In light of the foregoing, the government respectfully requests that the Court deny Barrack's request for consideration or, at a minimum, conduct further in camera review. If the Court is not able to conduct a full review, the government requests an accelerated review, with a focus on documents on which no attorney is present.

II. <u>The Court Should Order Barrack to Produce Non-Privileged Ex Parte Exhibits</u>

Barrack filed several exhibits with the court under seal and <u>ex parte</u>. <u>See</u> Exhibits 1-3 of Bowman Declaration (ECF No. 322-1); Exhibits B-E to Motion (ECF No. 322-2). The government respectfully requests that the Court direct Barrack to disclose any exhibits that are not privileged. For example, the defendants attached the "retainer agreements" with Tommy Davis, but retainer agreements often are not privileged. <u>See</u> <u>Torres v. Toback, Bernstein & Reiss LLP</u>, 278 F.R.D. 321, 322 (E.D.N.Y. 2012) (observing that "a long and unbroken line of cases in this Circuit have established that 'in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'") (quoting <u>Vingelli v. U.S., Drug Enf't Agency</u>, 992 F.2d 449, 452 (2d Cir. 1993) and collecting cases). Accordingly, the government respectfully requests production of the retainer agreements and any other <u>ex parte</u> records the Court concludes are non-privileged.

III. <u>Conclusion</u>

  Accordingly, for the forgoing reasons, the Court should deny defendant Barrack's motion for reconsideration, or, in the alternative, conduct an <u>in camera</u> review of the withheld records.

  Respectfully submitted,

  BREON PEACE
  United States Attorney

By: /s/
  Ryan C. Harris
  Samuel P. Nitze
  Hiral D. Mehta
  Craig R. Heeren
  Assistant U.S. Attorneys
  (718) 254-7000

  MATTHEW G. OLSEN
  Assistant Attorney General
  Department of Justice
  National Security Division

By: /s/
  Matthew J. McKenzie
  Trial Attorney

Enclosures
cc: Clerk of the Court (by email)
  Counsel of Record (by ECF)