WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

October 19, 2022

*VIA ECF*

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Rashid Sultan Rashid Al Malik Alshahhi, et al., 1:2l-cr-371 (BMC) (S-1)*

Dear Judge Cogan:

We write in response to the Government's motion to exclude certain defense exhibits, filed at 10:30 PM last night (Dkt. 345), on the eve of the testimony Mr. Barrack's first defense witness, Professor Bernard Haykel, Professor of Near East Studies at Princeton University, whose testimony was disclosed to the Government during the first week of September and to which the Government has never objected.  The Government's motion should be denied:  the Government misunderstands the purpose for which Mr. Barrack intends to offer these exhibits, or objects to exhibits Mr. Barrack no longer intends to offer.  Over the weekend, Mr. Barrack invited the Government to meet and confer on any objections, so as to avoid unnecessary motion practice. The Government filed this motion instead of conferring with counsel, which is unfortunate given that a large number of the Government's objections could easily have been addressed by defense counsel.

The Government's motion is without basis and should be denied.

I.      Background

In its Opening Statement to the jury, the Government argued that Mr. Barrack "tried to . . . manipulate the American public" (Tr. 371:4-5) and that "[t]he UAE and the defendants decided to use the media to promote the UAE's agenda."  (Tr. 374:29-21).  The Superseding Indictment devotes four pages to Mr. Barrack's television appearances in which the Government alleges that Mr. Barrack "praised" the United Arab Emirates.  (*See* Sup. Ind. ¶ 27(a)-(j)).  In support of these allegations, the Government has played for the jury a number of media appearances, in which Mr. Barrack makes statements regarding the UAE's allyship with the United States and its shared interest, with the United States, in eradicating fundamentalist terrorism:

- GX-901-A (Mr. Barrack: "Look, the **United Arab Emirates** and Saudi Arabia and Israel, **in my opinion will align as allies very quickly here**.  And the world could change for the better and they -- all three of them, I guarantee you, want terrorism to go away.  They're dealing with their own unbelievable stuff and they've been the best allies to America.").

- GX-903-A (Mr. Barrack: "**Most of those countries, our allies,** our greatest allies, Saudi Arabia, **United Arab Emirates**, Qatar, are all saying give us some direct U.S. foreign policy and **help us with fundamentalism**.").
- GX-904-A (Mr. Barrack: "[O]ur friends, our best allies -- Saudi Arabia, the **United Arab Emirates**, um, Qatar -- **are also the subject of this fundamentalist terror that's going on inside of them.  They don't like it, they don't want it, they want to stamp it out**.").
- GX-905-A (Mr. Barrack: "So our friends - **Abu Dhabi**, Dubai, Qatar, Saudi Arabia - are **already trying to align a position saying I need your help to do this and then I can start winnowing away at** fundamentalism**.  I will do it.**  I will get there and we'll do it together and we'll have a clearing process.").
- GX-907 ("So in a Trump presidency, when you say really the issue with ISIS is you have hundreds of millions of young boys and girls who have no hope, **and you have allies that have been our allies** *for 40 years***.**  You have Israel, Saudi Arabia, Qatar, **the Emirates,** with great young leaders who are all saying help us, give us a direct foreign policy, and **we will help you eliminate these fundamentalist, radical groups**.").

Mr. Barrack is entitled to demonstrate that, at the time he made these statements, American leaders *had consistently taken the position, for decades*, that the UAE is an important ally of the United States.  Repeating statements similar to those made by the President of the United States, the United States Secretary of State, the United States State Department, the United States Department of Defense, and United States military cannot possible constitute a campaign to "*manipulate* the American public."

As Mr. Barrack disclosed to the Government on September 2, 2022, Mr. Barrack will be eliciting testimony from Professor Haykel that, in Professor Haykel's opinion, Mr. Barrack's statements regarding the UAE were (i) accurate and (ii) consistent with the public position taken by the US government and US government officials.  Specifically,  Mr. Barrack notified the Government that Professor Haykel would testify concerning, among other things:

5. A description for the jury of the *historical alliance* between the UAE and the US, including bilateral cooperation with respect to defense, anti-terrorism measures, trade, energy policy and economic initiatives.

6. An analysis of the statements made by Mr. Barrack in the interviews referenced in Paragraph 27 of the Superseding Indictment, as reflected in the Government's marked exhibits, regarding  (i) *the alliance between the US and the UAE* and/or KSA; (ii) the leadership of MBZ and/or MBS; and (iii) *the stance of the UAE and KSA regarding terrorism and fundamentalist radical Islam* – including the Professor's opinion that Mr. Barrack's statements were (A) *factually accurate*; and (B) *consistent with the public position taken by the US government and US government officials*.

7. A description for the jury of the history of the animosity between Qatar and other countries in the Middle East, including the UAE and KSA, including the events that led up to the blockade and embargo of Qatar and

the policy positions held by the UAE and KSA toward Qatar and the Muslim Brotherhood during that period . . .

(i) the fact that it is extremely common for business leaders in the West to meet with foreign leaders such as Mohamed bin Zayed Al Nahyan ("MBZ") and Mohammed bin Salman Al Saud ("MBS") . . .

*See* Ex. 1 (9/2/2022 Barrack Supplemental Expert Disclosure to USAO-EDNY).

As the Court remarked in advance of Dr. Davidson's testimony, the Government has never challenged Mr. Barrack's ability to present such testimony and can cross examine Dr. Haykel on these subjects.[1]

II.   Government's Objections to Exhibits for Professor Haykel

A table of the exhibits to which the Government objects, the Government's basis for objection, and Mr. Barrack's response is provided below:

| BX | Government Objection | Barrack Response |
|---|---|---|
| **816** | The government does not object to several other videos of President Obama the defense intends to offer, but objects to this video because of its limited relevance, its prejudicial nature (a substantive discussion of a military strike on ISIS), and the cumulative nature of this exhibit relative to other videos. | President Barrack Obama's statements on September 13, 2014 that "America is proud to stand shoulder to shoulder" with "our friends" including the United Arab Emirates "on behalf of our common security" and that "the people and the governments in the Middle East are rejecting ISIL and standing up for the peace and security that the people of the region and the world deserve"—is highly relevant evidence that Mr. Barrack's statements that the (i) UAE has been our ally for "40 years" and (ii) the UAE does not like the "fundamentalist terror" going on inside the country and "wants to stamp it out"—was a statement consistent with the public position taken by the US government and US government officials. It is squarely within the scope of Professor Haykel's proffered expert testimony. The Government articulates no basis as to why it is unduly prejudicial or what other evidence it is supposedly cumulative of. |

---

[1] Tr. 491:2-6 ("the defense has designated an expert who is going to testify as to the historical alliance between the UAE and the U.S., including bilateral cooperation with respect to defense, anti-terrorism measures, trading energy policy, and economic initiatives. I got about 40 motions in limine leading up to the trial, I didn't get anything from the Government saying that shouldn't be allowed.").

| 833 | As discussed above, the video constitutes hearsay without an exception. | The Government's objection is moot, as Mr. Barrack, at this time, does not plan to offer this exhibit. (Should it be offered, it will not be offered for its truth, but to contrast statements made by the UAE Ambassador about Qatar with statements made by Mr. Barrack during the Qatar blockade. The statements contained within the video by a U.S. State Department official are also admissions of a party opponent.) |
|---|---|---|
| 841 | The government objects because the undated video is not properly authenticated, is undated, is not relevant, and constitutes hearsay. This video is not an official U.S. government statement (the person in the video is a former official, according to the video), and the government is unaware of any non-hearsay purpose to admit a video of a former military official making positive comments about the UAE. | The Government's objection is moot, as Mr. Barrack, at this time, does not plan to offer this exhibit. (Should it be offered, it will not be offered for its truth but to demonstrate that Mr. Barrack's comments were consistent with the statements made in 2013 by Martin Edward Dempsey, who was then the current chairman of the Joint Chiefs of Staff, the highest ranking and most senior military officer of the United States. ) |
| 904 | The government objects to the exhibit as irrelevant. The government objects to the statements because they are hearsay and, if not offered for their truth, are irrelevant. The statements, at a minimum should be redacted. The government also objects to the image on authenticity grounds. | This March 27, 2018 tweet by Lloyd Blankfein, the chairman of Goldman Sachs, is not being offered for its truth that "The Crown Prince is always impressive when he sets out his vision for the KSA." Instead, it is being offer in support of Professor Haykel's expert opinion that "it is extremely common for business leaders in the West to meet with foreign leaders such as Mohamed bin Zayed Al Nahyan ('MBZ') and Mohammed bin Salman Al Saud ('MBS')."  The Court has already admitted several such photos over the Government's objections. *See*, *e.g.*, BX-917, BX-925, BX-1049, BX-1050. Mr. Barrack does not understand the Government's authenticity objection, as Professor Haykel can testify that this photo was posted to Mr. Blankfein's public Twitter account and he can identify the individuals in the photograph. |
| 908 | The government objects to the exhibit as irrelevant. | The Government's objection is moot, as Mr. Barrack, at this time, does not plan to offer this exhibit.  (Should it |

|  |  | be offered, it would be relevant for the same reasons as BX-904.) |
|---|---|---|
| 1090 | The government objects to the text underneath the picture as hearsay. | The Government's objection to the caption of this photo indicating that the United States Secretary of Defense met with MBS at the Pentagon on June 16, 2016 to "discuss matters of mutual importance" is without basis. The photo and caption are currently available on the website for the United States Department of Defense[2] and are statements of a party opponent. Mr. Barrack will stamp a replacement version of this exhibit making clear that it is from DoD.  Moreover, at a minimum, this statement can be offered not for its truth but for the fact that it was posted to the DOD website, which is consistent with Mr. Barrack's argument that his statements regarding the alliance between the UAE and US were consistent with remarks made by the US Government and not a form of UAE "propaganda" intended to manipulate the American public. |
| 1337 | The government objects because the exhibit reflects hearsay being offered for the truth of the assertions and because the article lacks relevance. | The Government's objection is moot, as Mr. Barrack, at this time, does not plan to offer this exhibit. (Should it be offered, it would be admissible as a statement of a party opponent, as the article is from the website of the United States Army.) |
| 1349 | The government objects because the exhibit lacks relevance. The press statement is from nearly five years before the start of the relevant time period, the statement itself (describing generally the relationship of the UAE and the USA) is of minimal relevance | Secretary Clinton's December 2, 2011 statement that—"The United States and the United Arab Emirates share a long history of friendship and cooperation" is highly relevant evidence that Mr. Barrack's statement that the UAE has been our ally for "40 years" was both accurate and consistent with the public position taken by the US government and US government officials.  It is squarely within the scope of Professor Haykel's proffered expert testimony concerning "the historical alliance between the UAE and the US." |
| 1356 | The government objects because the exhibit lacks any relevance. The statement is from nearly 10 years prior to the start of | Secretary of State Condoleezza Rice's statement on February 26, 2006, as the Secretary of State during the presidential administration of George W. Bush that, "[W]e have a really strong ally in the UAE. I mean, our naval activity within the UAE is probably more active |

---

[2] *See* https://www.defense.gov/Multimedia/Photos/igphoto/2001554936/mediaid/1185961/

| | | |
|---|---|---|
| | the relevant time period, and the statement itself is of minimal relevance. | and more intensive than almost any place [sic] else in the region. This is a very good ally," is relevant evidence that Mr. Barrack's statements that the UAE has been our ally for "40 years" was both accurate and consistent with the public position taken by the US government and US government officials. It is squarely within the scope of Professor Haykel's proffered expert testimony concerning "the historical alliance between the UAE and the US." |
| 1714 | The government objects to the statements because they are hearsay and, if not offered for their truth, are irrelevant. The Government objects also on completeness grounds – as the image reflects, there is a second part to this tweet that is missing. Finally, the government objects to the image on authenticity grounds. | BX-1704 is a tweet by the UAE Embassy on July 16, 2017, several months into the blockade of Qatar, quoting the Ambassador of the UAE, Yusuf Al Otaiba, which publicly accuses Qatar of funding terrorism.  It is not being offered for its truth, but to contrast Mr. Barrack's (complimentary) statements about Qatar during the blockade with statements by an actual agent of the UAE, its Ambassador.  Furthermore, Professor Haykel will be describing the Qatar blockade to the jury and this tweet is part of the historical record.

In addition, the fact that something is an excerpt of something else does not make it objectionable on completeness grounds.  The Government has introduced many exhibits at trial that are excerpts of other exhibits.  Nevertheless, to ameliorate the Government's completeness concern, Mr. Barrack has now marked a replacement version of the tweet that contains the second part. If the Government has any questions about the authenticity, Mr. Barrack would refer it to the verified United Arab Emirates government twitter account.[3] |
| 1715 | The government objects for the same reason as it does for BX 904. | It is admissible for the same reason as BX-904. |
| 1742 | As discussed above, the "Wayback Machine" website pages are not properly authenticated and are inadmissible. | Given the timing of the Government's motion, Mr. Barrack wishes to be heard on this issue closer to the time when it will actually be offered, which if the Government's projections as to the length of its |

---

[3] https://twitter.com/uaeembassyus/status/886741868385632256
https://twitter.com/UAEEmbassyUS/status/886741901596139521

- 6 -

| | | |
|---|---|---|
| | | remaining case are accurate, will not be until late afternoon.<br><br>As an initial matter, it is clear that the Court can take judicial notice of the fact that printouts from the Wayback Machine are authentic under Rule 201 as they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Parziale v. HP, Inc., 2020 U.S. Dist. LEXIS 179738, *8 (N.D. Cal. Sep. 29, 2020) (courts "have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule."). Professor Haykel will describe what the Wayback Machine is to the jury and explain that he uses it in his academic studies.<br><br>In any event, we are in the process of serving the custodial witness here and so, at a minimum, Mr. Barrack would offer these exhibits subject to connection and request that the government reconsider the waste of time involved in calling a custodial witness to introduce patently relevant and accurate evidence.[4] |
| 1743 | As discussed above, the "Wayback Machine" website pages are not | As described in Mr. Barrack's response regarding BX1742. |

[4] As Mr. Barrack has explained to the Government, BX-1742 and BX-1743 are critical evidence in this case, only recently discovered by defense counsel, that are highly probative of Mr. Barrack's innocence. They prove, conclusively, that the "talking points" sent by Khalifa al Ghafli were not generated for Mr. Barrack's covert use by someone within the highest levels of the UAE government to "manipulate the American public." Instead, the Talking Points appear to be, in many instances, a verbatim "cut and paste" job from information that was then-posted (in the summer of 2016) on the website of the UAE Embassy in Washington DC's website. The proposed drastic remedy by the Government, complete exclusion, perhaps demonstrates the evidentiary strength of this evidence.

| | | |
|---|---|---|
| | properly authenticated and are inadmissible. | |
| 1768 | The government objects pursuant to the rule of completeness, as well as to hearsay. The statement offered is a UAE official describing its role in the Qatari blockade, and makes several highly critical comments about Qatar. The exhibit redacts statements by a Qatari official responding to those statements | This is a September 22, 2017 statement by a representative of the UAE at the UN General Assembly that: "Our decision to break off relations with Qatar was not a difficult one. Our decision to sever diplomatic ties and relations was a direct response to Qatar's own actions, which have destabilized the region. Qatar meddles in the internal affairs of other Arab States, supports radicalism and fosters extremism in many countries in the Middle East. In point of fact, the State of Qatar is regularly violates international law and the decisions and resolutions of the Security Council. **We shall therefore continue, on the basis of the decisions that we have already taken, to enact the measures that we have put in place because we have found no other way to protect ourselves from Qatar's hostile actions.**"<br><br>The UAE's statement is not being offered for its truth. Instead it is being offered to explain what was in the public domain on September 22, 2017, when according to GX 509-A, Mr. Barrack spoke to Mr. Al Malik regarding a Camp David summit.  According to GX 502-R, Mr. Al Malik subsequently spoke to Mr. Barrack on the same subject, and then according to GX 91, on September 25, 2017 Mr. Barrack contacted Chief of Staff Kelly to discuss the Middle East.<br><br>The Government offers no basis for why the statements by Qatari official responding to those statements are necessary for completeness.  If the Court nevertheless finds it necessary to introduce a version of this exhibit that contains the response from Qatar, Mr. Barrack will gladly do so, but the exhibit should not be precluded. |

III.    <u>Government's Objections to Exhibits for Jessica Gibbs</u>

A table of the exhibits to which the Government objects, a summary of the exhibit, the government's basis for objection, and Mr. Barrack's response is provided below:

| BX | Government Objection | Barrack Response |
|---|---|---|

| | | |
|---|---|---|
| 168 | The statements about Rashid al Malik "coordinating" are hearsay. The government requests that these statements be redacted. | The Government's objection is moot, as Mr. Barrack does not plan to offer this exhibit. Should Mr. Barrack offer this exhibit, it will not be offered for its truth, but only to show that Mr. Al Malik arranged meetings for Mr. Barrack with prominent UAE businessmen in the private sector, consistent with the Court's October 11, 2022 Order. *See* Dkt. 302 (BX170 and BX183 are admissible for the non-hearsay purpose of demonstrating the nature of the relationship between Barrack and Al Malik.")/ |
| 171 | The statement that the Emir of Qatar "had made a special request for [Tom Barrack] to attend" is hearsay and should be redacted. | The Government's objection is moot, as the limited redaction proposed by the government is acceptable to Mr. Barrack. Again, motion practice on this could have been avoided if the Government had simply raised this issue with defense counsel. |
| 244 | The email is not relevant. None of the defendants' witnesses for Tuesday are on this email, and any testimony about the email is also likely to be hearsay. | Should the defense seek to introduce this document in the course of any examination, the *sole purpose* of its introduction will be to show the existence of an email address for Mr. Barrack on the email domain hosted for the Presidential Inaugural Committee at the time in question. There will be no testimony about the subject of the email. |

IV.    Conclusion

For the foregoing reasons, the Government's motion should be denied.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew

Jordan D. Reisch

O'MELVENY & MYERS LLP

James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack*, *Jr.*