**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 22, 2022

<u>VIA ECF</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>*United States v. Rashid Sultan Rashid Al Malik Alshahhi*, et al., 1:2l-cr-371 (BMC) (S-1)</u>

Dear Judge Cogan:

  We respectfully submit this letter to alert the Court of exhibits upon which Mr. Barrack will rely in response to the government's venue argument, as articulated for the first time during oral arguments regarding Defendants' Rule 29 motions on the afternoon of October 20. During oral argument, it became apparent for the first time that the government's entire venue theory is dependent on a novel application of the "contiguous waters doctrine," which is both factually and legally erroneous. We intend to address this more fully in our forthcoming briefing on Rule 29, but we wanted to immediately alert the Court that we have identified a very small set of new case-in-chief exhibits that squarely refute the government's "proof" of venue. These materials are precisely the kind of "straggler" documents the Court indicated could trickle in throughout trial; documents that--until now--have been irrelevant to Mr. Barrack's defense. These documents have now become critical to show Mr. Barrack's location on specific days.

  Following the government's articulation of its venue argument, counsel for Mr. Barrack reviewed the trial record to identify dates on which the government alleged that Mr. Barrack committed a supposed "act of agency" while in the areas the government will allege constitute the Eastern District of New York ("EDNY"). We were able to conclusively identify where Mr. Barrack was on specific days and times.[1] Our review established that Mr. Barrack was not actually in EDNY at the time of any of the alleged acts of agency.[2] For example, counsel discovered

---

[1] As Jessica Gibbs testified, Mr. Barrack's executive assistants were responsible for managing Mr. Barrack's daily schedule and would regularly send him detailed messages with itineraries or agenda. Tr. 3457:8-3458:6; Tr. 3458:25-3459:6; 3460:4-3461:4. We reviewed correspondence between Mr. Barrack and the executive assistant team on and around the days in question to identify Mr. Barrack's precise location.

[2] In its case, the government did not always introduce exhibits clearly establishing the time of a given communication. For those messages, we searched for other versions of the same correspondence within the record to establish the time the communications were sent. These additional exhibits provide no new

documents establishing that, while Mr. Barrack was in EDNY during part of the day on July 1, 2016 (a day on which the government alleges he sent Mr. Al Malik an email related to the alleged agency agreement), Mr. Barrack was actually in the *Southern* District of New York when he sent the relevant messages.

The Court's instruction on case-in-chief exhibits is clear. However, the defense must be permitted to add case-in-chief evidence to disprove the government's novel venue theory. This additional disclosure is properly limited. Mr. Barrack is disclosing only 13 exhibits, totaling 20 pages. We are turning over these materials to the government today, and we will not offer them into evidence until after Mr. Barrack's direct testimony concludes. This will give the government more than sufficient time to review and consider the evidence.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

| | |
|---|---|
| /s/ Randall W. Jackson | O'MELVENY & MYERS LLP |
| Michael S. Schachter | James A. Bowman |
| Randall W. Jackson | |
| Casey E. Donnelly | |
| Steven J. Ballew | |

*Counsel for Defendant*
*Thomas J. Barrack, Jr.*

Cc (via ECF): Government Counsel of Record

---

substantive information to the government—they merely clarify the vague timeline put forward by the government.