# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 23, 2022

**_VIA ECF_**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: _United States v. Rashid Sultan Rashid Al Malik Alshahhi_, et al., 1:2l-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

      We respectfully submit this letter in response to the Government's Motion to Preclude Untimely Exhibits, filed at Dkt. 361 ("Motion to Preclude"). The Government's Motion should be denied. A defendant in a complex criminal case must have some flexibility to respond in the defense case to arguments and information advanced by the Government. *See, e.g., Ferensic v. Birkett*, 501 F.3d 469, 476 (6th Cir. 2007) (affirming grant of habeas petition where defense evidence was excluded, observing: "the Supreme Court has given special consideration to the nature of the exclusion-triggering discovery violation . . . noting that only egregious violations involving, for example, 'willful misconduct' on the part of the defendant or his counsel will justify the exclusion of material evidence . . . . stated differently, the exclusion of a defendant's evidence should be reserved for only those circumstances where 'a less severe penalty would perpetuate rather than limit the prejudice to the State and the harm to the adversary process.'"). Here, the tiny set of new exhibits are directly responsive to the arguments and evidence the Government has recently advanced.

      Indeed, the defense waited for months during discovery and weeks of the Government's case in chief to learn what evidence the Government would argue demonstrated venue. After the presentation by Agent Busick regarding venue evidence related to Mr. Grimes, we expected the Government to make some such presentation with respect to Mr. Barrack – none occurred.

      For this reason, at the Rule 29 argument, defense counsel stated, "I have not the slightest idea what the Government's venue theory is, not the slightest." (Tr. 3684:23-24). It simply was not obvious that Mr. Barrack's travel over the East River constituted the Government's entire venue theory until the Government stated, in arguing against grant of the defense Rule 29 motion, that: "Mr. Barrack appears many, many times on Television in New York City. He transits in and out of the Eastern District to get there. He broadcasts to the nation these talking points that affect every part of the country, including the Eastern District of New York." (Tr. 3709:15-19). The Court inquired whether the Government's venue argument is: "[Mr. Barrack] flies into the New York for the purpose of giving a television interview in Manhattan." The Government responded, "That's not the only venue," adding "[a]fter one of those interviews, he texted Mr. Al Malik about

NEW YORK   WASHINGTON   HOUSTON   PALO ALTO   SAN FRANCISCO   CHICAGO   PARIS   LONDON   FRANKFURT   BRUSSELS   MILAN   ROME

the interview or e-mails him," noting that Mr. Barrack's calendar puts him in the Hamptons during this exchange. (Tr. 3708:20-3709:6). These specific allegations appear nowhere in the indictment and are very different from the generalized statements, simply describing the geographic areas of the Eastern District, referenced in the Government's letter filed tonight.

A criminal trial is a search for truth. The documents at issue demonstrate that Mr. Barrack was not in the Eastern District for any of the supposed "acts of agency" that the government alleges. This is a key allegation in this case. The defense should not be precluded from presenting to the jury proof that Mr. Barrack was not actually in the district when any of these alleged acts of agency occurred. If the Government's case in chief evidence otherwise suggests that Mr. Barrack was, that is an issue in dispute that the jury should be allowed to decide having been permitted to see all of the relevant evidence that supports the contentions of both parties.

Finally, the Government has failed to demonstrate that it will suffer any prejudice if the Court permits Mr. Barrack to introduce these 13 documents (9 of which are a single page) totaling 20 pages.[1] Indeed, the Government has spent considerably more of its own time and the Court's time seeking a remedy than it would have taken to simply review this small set of documents. Moreover, this evidence will not be offered by Mr. Barrack until the end of his case, so even if the Government has not had a chance to review those materials yet, it certainly will have had a chance to do so by the time they are offered in court. Indeed, the Government continues to represent its intention to "assert venue based on (*among other things*) the waterways surrounding the Eastern and Southern Districts of New York." *See* Dkt. 361 at 1 (emphasis added). The Government presumably is referring to something that it introduced during its case in chief that it did not mention during Court on Thursday. If so, there is especially no prejudice to the Government, since the Government appears to be referring to evidence that satisfies venue despite the materials that Mr. Barrack intends to introduce. We appreciate the Court's consideration.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

| | |
|---|---|
| /s/ Randall W. Jackson | O'MELVENY & MYERS LLP |
| Michael S. Schachter | James A. Bowman |
| Randall W. Jackson | |
| Casey E. Donnelly | |
| Steven J. Ballew | |

---

[1] The Government also complains of late disclosure of five documents produced on Sunday, October 23. The Government cannot claim prejudice as to those documents either. First, as defense counsel made clear to the Government, Mr. Barrack only intends to use three of those documents on redirect depending on the scope of the Government's cross-examination of Mr. Barrack. The other two documents include a photograph and a one-page document that the Government previously produced to Mr. Barrack in discovery.

*Counsel for Defendant*
*Thomas J. Barrack, Jr.*

Cc (via ECF): Government Counsel of Record