UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                        :

UNITED STATES OF AMERICA,   :

                                                        :   **ORDER**

          - against -             :   21-cr-371 (BMC)

AL MALIK ALSHAHHI, *et al.*,   :

               Defendants.  :

---------------------------------------------------------- X

**COGAN**, District Judge.

The Court has reviewed the parties' proposed jury instructions and attendant briefing and plans to circulate proposed jury instructions in the coming days. Specifically, the Court has considered the issues raised in the Government's cover letter to the Proposed Jury Instructions/Verdict Form [274], also addressed in [301], [362] and [369], and finds as follows: (1) Government's Request No. 10 accords with applicable law; (2) an instruction on the "legal commercial transaction" affirmative defense is appropriate; and (3) once invoked, it is the Government's burden to prove beyond a reasonable doubt that the "legal commercial transaction" defense does not apply.

**I.**     **Government's Request No. 10**

The Government asks the Court to instruct the jury that, in order to prove a violation of 18 U.S.C. § 1001, "[t]he government is not required to prove that the defendant made the exact statement or used the precise language charged in the Indictment [and] need only prove beyond a reasonable doubt that the defendant made a statement substantially similar to the one alleged." Defendants object because, in their view, any discrepancy between the allegedly false statement

identified in the indictment and the proof at trial constructively amends the indictment in violation of the Grand Jury Clause of the Fifth Amendment. I disagree.

Once an indictment has been returned, "its charges may not be broadened through amendment except by the grand jury itself." United States v. Miller, 471 U.S. 130, 143 (1985). But an impermissible constructive amendment only occurs where the government's proof at trial "so alter[s] an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Klein, 216 F. App'x. 84, 86 (2d Cir. 2007). Where the "Government prove[s] the essential elements of the crime charged . . . albeit with different proof . . . the indictment [is] not constructively amended." United States v. Kaplan, 490 F.3d 110, 129 (2d Cir. 2007).

The defense first makes the straw man argument that the Government cannot secure a conviction under § 1001 based on false statements that are altogether different from those alleged in the Superseding Indictment. The Government's proposed instruction concedes that point. *See* ECF No. 274-1 at 31–32 ("The government is not required to prove that the defendant made the exact statement or used the precise language charged in the Indictment. The government need only prove beyond a reasonable doubt that the defendant made a statement <u>substantially similar to the one alleged</u>." (emphasis added)). To the extent that Special Agent Mergen testified to false statements that are wholly absent from the indictment, the Government's proposed instruction actually protects against constructive amendment. See United States v. Frank, 156 F.3d 332, 338 (2d Cir. 1998) ("If anything, the district court's use of the 'substantially the same' language avoided prejudice to the defendants by ensuring that they would not be convicted on the basis of an overt act that differed in any significant way from the overt acts specified in the indictment.").

Next, the defense argues that the Government "is obligated to prove that Mr. Barrack made the precise statements that are alleged in the Superseding Indictment[,] and the Government may not seek conviction on the basis of statements that are merely 'similar' to what the grand jury alleged." ECF No. 301 at 5. This is somewhat confusing, as the indictment does not contain precise statements or quotations, just summaries of the allegedly false statements. To the extent the defense is arguing that Special Agent Mergen's testimony must track the summaries in the indictment verbatim, that is not what the law requires. See United States v. Wallace, 59 F.3d 333, 337 (2d Cir. 1995) ("[W]here a generally framed indictment encompasses the specific legal theory or evidence used at trial, no constructive amendment occurs."). Minor variations in the proof at trial are not enough to show constructive amendment, and courts in this circuit "consistently permit[] significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." United States v. Banki, 685 F.3d 99, 118 (2d Cir. 2012), as amended (Feb. 22, 2012). Indeed, it would be suspect if Special Agent Mergen had testified, word for word, to the precise language contained in the indictment. That would invite the assumption that Special Agent Mergen was testifying, not based on her recollection of the interview with Barrack years earlier, but based on her review of the indictment during witness preparation.

The defense relies heavily on United States v. Lambert, 501 F.2d 943, 946 (5th Cir. 1974), which was a variance case, not a constructive amendment case. See United States v. Dupre, 462 F.3d 131, 140 (2d Cir. 2006) ("An indictment is constructively amended when the proof at trial broadens the basis of conviction beyond that charged in the indictment. By contrast, a variance occurs when the charging terms of the indictment are left unaltered, but the evidence at trial proves facts materially different from those alleged in the indictment." (internal

quotations omitted)). It is unclear whether the defense is making a variance objection, but that too would fail, as there "is simply no risk of [the] defense having been impaired by a lack of notice of what crimes were charged." Klein 216 F. App'x. at 87.

If there are discrepancies between the indictment and Special Agent Mergen's testimony, the defense is free to use those discrepancies to cast doubt on her memory or credibility.

## II. Legal Commercial Transaction Affirmative Defense

Although the parties do not dispute that the "legal commercial transaction" exception contained in 18 U.S.C. § 951(d) functions as an affirmative defense,[1] the Government contends that the evidence adduced at trial does not support a jury instruction on this defense. They argue the evidence does not support a finding that defendants were engaging in a commercial transaction, nor could any purported transaction have been "legal," because it would have violated the Foreign Agent Registration Act ("FARA"). Defendants respond that there is adequate evidence in the record to permit the jury to decide whether they were engaging in a commercial transaction, and failure to register under FARA does not make a commercial transaction "illegal." The Court finds that the evidence adduced at trial warrants an instruction on the "legal commercial transaction" defense but rejects defendants' argument that failure to register under FARA does not render a transaction "illegal" within the meaning of § 951.

First, a reasonable jury could find that defendants were engaged in a commercial transaction. Applicable DOJ regulations provide that, for the purpose of § 951(d), "commercial transaction" means "any exchange, transfer, purchase or sale, of any commodity, service or property of any kind. . . ." 28 C.F.R. § 73.1(f). Whether defendants' conduct qualifies depends

---

[1] The few courts to have decided the question agree with this reading of § 951. United States v. Rafiekian, 991 F.3d 529, 542–44 (4th Cir. 2021); United States v. Chaoqun, 18 CR 611, 2022 WL 3081868, at *3 (N.D. Ill. Aug. 3, 2022); United States v. Duran, 07-20999-CR, 2008 WL 11333989, at *2 (S.D. Fla. Oct. 10, 2008); United States v. Abouammo, No. 19-CR-621, (N.D. Cal. Aug. 2, 2022), ECF No. 348.

4

on how broadly one views the lifecycle of a commercial transaction. On the one hand, a jury could reasonably find that defendants were engaged in the relationship building that naturally precedes a commercial transaction and/or were trying to promote regional stability to safeguard an anticipated deal. On the other hand, a jury could reasonably find that defendants were engaged in political activity untethered from any tangible underlying transaction. This is a fact question best left to the jury.

Second, the Court concludes that a commercial transaction in violation of FARA is not "legal" within the meaning of § 951. The word "legal" is not ambiguous, and we must presume that Congress said what it meant and meant what it said. See Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253 (1992). This conclusion is supported by applicable DOJ regulations, which provide that a commercial transaction is "legal" when it is "not prohibited by federal or state legislation or implementing regulations." § 73.1(f). Although I take defendants' point that the registration requirements of § 951 and FARA render this application of § 951 somewhat circular, the two statutes cover different conduct, and any circularity is surely the result of a patchwork of statutory amendments enacted over the past century. If Congress wants a clear separation between the conduct covered in § 951 and FARA, it is going to have to say so. As currently written, the plain meaning of the word "legal" does not exclude FARA. Thus, the Court finds that the Government is entitled to a FARA instruction.[2]

Finally, the parties disagree about where the burden lies for the "legal commercial transaction" defense. Defendants argue the Government must prove beyond a reasonable doubt that the defense does not apply, whereas the Government's proposed jury instructions would

---

[2] The Court will refrain from ruling on whether defendants were in violation of FARA, as this too is an inquiry that requires resolution of fact questions better suited for the jury than the Court.

require defendants to prove by a preponderance of the evidence that they were engaged in a legal commercial transaction. Generally, a criminal defendant must prove an affirmative defense by a preponderance of the evidence. Dixon v. United States, 548 U.S. 1, 8 (2006). But there is an exception to this rule when an affirmative defense "controvert[s] an . . . element of the offense itself." Smith v. United States, 568 U.S. 106, 110 (2013); cf. Dixon v. United States, 548 U.S. 1, 11 (2006) ("We require[ ] the Government to prove the defendant's sanity beyond a reasonable doubt because the evidence that tended to prove insanity also tended to disprove an essential element of the offense charged.").

This exception applies here. First, although we agree with the parties, for the reasons articulated in Rafiekian, that the "legal commercial transaction" exception is an affirmative defense to a § 951 charge, the statute specifically provides that an individual engaging in a "legal commercial transaction" is *not an agent* within the meaning of § 951. Id. ("[T]he term 'agent of a foreign government' . . . does not include . . . any person engaged in a legal commercial transaction."). In other words, the "legal commercial transaction" affirmative defense negates the "agent" element of § 951. This makes sense, as an individual engaging in a legal transaction is likely acting in their own commercial interest, rather than as an agent of a foreign government or official. See United States v. Rafiekian, 991 F.3d 529, 538 (4th Cir. 2021) ("[A] person must do more than act in parallel with a foreign government's interests or pursue a mutual goal."). Moreover, given the overwhelming volume of "federal or state legislation [and] implementing regulations," § 73.1(f), we think the Government is in the best position to disprove the legality of a particular commercial transaction. Once the "legal commercial transaction" defense is properly invoked, the burden lies with the Government to prove beyond a reasonable doubt that a

6

defendant "agree[d] to operate with the United States subject to the direction or control of a foreign government or official" and was not "engaged in a legal commercial transaction." § 951(d).

**SO ORDERED.**

                                            Digitally signed by Brian M. Cogan
                                            _____
                                                        U.S.D.J.

Dated: Brooklyn, New York
       October 27, 2022