**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 29, 2022

<u>**VIA ECF**</u>

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** <u>***United States v. Rashid Sultan Rashid Al Malik Alshahhi***, et al., 1:2l-cr-371 (BMC) (S-1)</u>

Dear Judge Cogan:

  Further to the discussion at the Charging Conference and pursuant to the Court's request for a letter, Mr. Barrack hereby respectfully submits his proposed jury charge that reflects his theory of the defense. *United States v. Wolfson*, 160 F. App'x 95, 96–97 (2d Cir. 2005) (citing *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991)) ("[A] criminal defendant has a right to a jury charge that reflects the defense theory.").

### THEORY OF THE CASE INSTRUCTION (Barrack)

  Mr. Barrack contends that the Government has failed to satisfy its burden of proof with respect to the charges against him. For example, with respect to Counts One and Two, Mr. Barrack contends that the Government has failed to prove that Mr. Barrack ever agreed to act in the United States as a representative of the UAE, subject to the UAE's direction or control. In addition to the lack of any evidence proving that an agreement was reached between Mr. Barrack and the UAE, Mr. Barrack contends that the evidence presented at trial demonstrates that Mr. Barrack repeatedly ignored and rejected those suggestions that were made to him by Khalifa al Ghafli and Rashid Al Malik. Instead, Mr. Barrack contends that the evidence reflects that Mr. Barrack was his own man, guided by his decades of experience in the Middle East, who made the statements he made and took the actions he took, because he believed in what he was saying and doing and because he wanted to say what he said and do what he did. At all times, Mr. Barrack was guided, not by the interests of the UAE, but by his own interests, which included the interests of his company, Colony Capital, his attempts to assist the former President and his campaign, and his beliefs concerning the complicated issues of the Middle East. If you find that Mr. Barrack was guided by his own interests, you must acquit on Counts One and Two, even if those interests, in some way, were similar to, or overlapped with, the interests of the UAE.

  With respect to Counts Three through Nine, which relate to Mr. Barrack's interview with the FBI on June 20, 2019, Mr. Barrack contends that the Government has failed to satisfy its burden

of proof with respect to proving that Mr. Barrack committed any crime during that interview. To the contrary, Mr. Barrack contends that the evidence in the record reflects that Mr. Barrack voluntarily offered to meet with the FBI and answered every one of their questions to the best of his recollection.  Mr. Barrack contends that the Government has failed to show that he made any of the false statements alleged in the Indictment, either because Mr. Barrack did not say what the Government claims he said or because the statement that Mr. Barrack made was true and the Government has failed to prove that it wasn't.  If you find that Mr. Barrack was not intending to violate the law and was answering the Government's questions to the best of his ability, you must acquit on Counts Three through Nine.  Likewise, if you find that the Government has failed to demonstrate that Mr. Barrack was intending to obstruct a grand jury proceeding in the Eastern District of New York, you must acquit on Count Three, and if you find that the Government has failed to prove that Mr. Barrack's statements were capable of affecting the decisions of the FBI, you must acquit on Counts Four through Nine.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Steven J. Ballew

O'MELVENY & MYERS LLP


James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack, Jr.*

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie