

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM  *271 Cadman Plaza East*
F. #2018R001309  *Brooklyn, New York 11201*

October 29, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Thomas J. Barrack and Matthew Grimes
> Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

The government writes in response to the defendants' four letters proposing additional changes to the Court's proposed charge to the jury.

I. Proposed Theory of the Case Instructions

"A defendant is entitled to a jury charge which reflects his defense." United States v. Doyle, 130 F. 3d 523, 540 (2d Cir. 1997). However, a defendant is "not necessarily entitled to have the exact language of the charge [he] submitted to the district court read to the jury." United States v. LaMorte, 950 F.2d 80, 84 (2d Cir. 1991) (citing United States v. Durham, 825 F.2d 716, 718-19 (2d Cir. 1987). All that is necessary to satisfy this requirement is that the jury charge "indicate clearly to the jury the defendant's theory of the case and that [the] theory, if believed, justifies acquittal." Id. (citing United States v. Alfonso-Perez, 535 F.2d 1362, 1365 (2d Cir. 1976)); see also United States v. Wolfson, 160 F. App'x 95, 96–97 (2d Cir. 2005) (court's instruction "was acceptable because it captured the essence of [the defendant's theory of the case"). Ultimately, this means a charge that "adequately apprise[s] the jury of the elements of the crime charged and their defense." Id. Moreover, the Court must guard against "theory of defense" instructions that may mislead or confuse the jury. See United States v. Boonphakdee, 40 F.3d 538, 541 (2d Cir. 1994) (affirming denial of request for instruction that defendants only sought to rob drug purchasers rather than distribute drugs themselves because instruction "informed the jury…that they did not intend to posses or distribute heroin" and further noting that instruction "might have suggested…that an intent to rob and an intent to distribute heroin were mutually exclusive"). A trial court has substantial discretion on this issue, and will not be overturned for refusal to give a requested charge "unless that [requested] instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." United States v. Han, 230 F.3d 560, 565 (2d Cir. 2000) (affirming instruction on entrapment that did not include requested language because it

"does not omit any necessary elements" and "correctly stated the law on entrapment") (cleaned up) (emphasis supplied).

The government respectfully submits that the proposed jury charge already effectively presents the defendants' theory of the defense. Mr. Barrack's proposed instruction constitutes a restatement of the burden of proof and elements for the charged crimes ("the government has failed to satisfy it burden of proof with respect to the charges against him"), coupled with a marshaling of evidence and arguments that he believes supports the theory ("For example…the evidence reflects that Mr. Barrack was his own man"). See Oct. 29, 2022 Letter from Mr. Barrack (ECF No. 378). Mr. Grime's proposed instruction is similar—the theory he proposes is that the government did not meets its burden of proof to show an agreement between Grimes and "anyone in the United Arab Emirates to be the country's agent," and then marshals evidence and argument in support of the theory (Grimes "never even had a meeting with…any UAE government official" and "took all direction from his boss, Mr. Barrack"). But a trial court "is not required to review or marshal the evidence for the jury and has broad discretion to decide which facts, if any, it will mention in its comments to the jury" which is only "circumscribed by the requirement that the charge be fair to both sides." United States v. GAF Corp., 928 F.2d 1253, 1262 (2d. Cir. 1991) (internal citation omitted).

The proposed instructions would run contrary to the rule that the charge be "fair to both sides." Instead, including these one-sided instructions would prejudice the government because a recitation by the Court of these arguments and select pieces of evidence may give the misimpression that the Court agrees with these arguments or believes the particular evidence is more important than other evidence in the case. The proposed instructions already repeatedly advise the jury throughout that the government bears the burden of proof beyond a reasonable doubt, and carefully describes each element of the offenses, as well as the affirmative defense raised by the defendants. For example, the Court already explains that "act[ing] in parallel with a foreign government's interest or independently pursu[ing] a mutual goal" is insufficient to prove a violation of Section 951. See Proposed Charge at 22. Including the defendants' proposed theory instructions will confuse the jurors. For example, Mr. Barrack's instruction may give the misimpression that if they believe Mr. Barrack was "his own man" who "believed in what he was saying and doing," they can acquit Mr. Barrack even if they conclude he agreed to operate subject to the direction or control of the UAE government. The law is clear that, however strongly or weakly-held a person's views may be, what matters under Section 951 is whether they acted pursuant to an agreement to be an agent of the foreign government. In addition, the phrase "his own man" is vague and, in any event, does not negate the element of agency even if believed. Surely there are agents the world over – plumbers, lawyers, contractors, and so on – who, notwithstanding their agency relationship, consider themselves to be their own men and women. Mr. Barrack is not charged with giving up his free will, he is charged with voluntarily agreeing to act, and in fact acting, at the direction of a foreign government. Similarly, Mr. Grimes's instruction may mislead a juror into believing that Grimes cannot be convicted because he "took all direction from his boss," even though multiple theories of liability, such as aiding and abetting Rashid al Malik, and the conspiracy charge, would permit a conviction even if he in fact took all directions from "his boss," since committing a crime at someone else's direction is not, in fact, a defense.

Should the Court be inclined to give a particular "theory of defense" charge, the government respectfully requests that such a charge (1) be a single instruction for both defendants

2

(2) be limited to legal theories and not reference arguments or particular evidence and (3) contain a specific instruction that the law allows a defendant to have his theory stated by the Court, but the jury should not view the Court's recitation of the instruction as an endorsement of the merits or validity of the stated theory, which is entitled to no weight in the jury's determination of the facts (parallel with the Court's instruction on language contained in the indictment). Although the government does not believe any additional charge is needed, the government proposes the following if one is given:

> The defendants are permitted to have their theory of defense described to you by the Court. Both Mr. Barrack and Mr. Grimes's contend that the government has failed to satisfy its burden of proof with respect to the charges against them. In particular, Mr. Barrack contends that he never agreed to act in the United States as an agent of the United Arab Emirates, and that his actions between 2016 and 2018 were not at the direction or control of the UAE government or any UAE officials. With respect to the false statement charges, Mr. Barrack also contends that the government has failed to satisfy the burden of proof with respect to the elements that I have previously read to you, and specifically that the government failed to show that Mr. Barrack made any false statements or that Mr. Barrack's false statements were capable of affecting the decisions of the government. With respect to the obstruction of justice charge, Mr. Barack also contends that the government has failed to meet the elements of the offense beyond a reasonable doubt, and specifically that the government failed to show that Mr. Barrack intended to obstruct a grand jury proceeding.
>
> Mr. Grimes's theory of defense is that he did not make any agreement with anyone in the United Arab Emirates to be that country's agent. Mr. Grimes also asserts that he did not know that either Mr. Barrack or Rashid Al Malik were, or sought to be, agents of the UAE government, and even if they were, did not know that they had not provided the required notice to the Attorney General.
>
> These are just theories of the defense offered by Mr. Barrack and Mr. Grimes. Please do not assign any weight to the fact that I am describing these theories to you. I take no position on the merits or validity of these theories. As I have previously instructed you, with respect to the Indictment, the defense theories are not evidence and are entitled to no weight in your determination of the facts. You should base your verdict on the evidence that was before you during trial, and the instructions on the law that I am giving you today.

II. <u>Proposed Obstruction of Justice Instruction</u>

The government objects to the proposed modifications to the obstruction of justice charging instructions. Barrack does not identify any legal error with the Court's instruction. Instead, the defendants are attempting to import sufficiency arguments raised in their Rule 29 motion into the jury instructions. This is neither proper nor legally accurate.

<u>United States v. Aguilar</u> does not hold that a defendant may never be convicted of obstruction of justice unless "the defendant knew that the agents he was speaking with…would

3

repeat his statements to a grand jury" as Barrack proposes the jury be instructed. See Oct. 29, 2022 Letter, Ex A. at 1-2 (ECF No. 375). As the government explained in greater detail in its Rule 29 opposition (see ECF No. 373 at 31-34), Aguilar actually holds that the government must prove a "nexus," meaning "a relationship in time, causation or logic with the [official] proceedings." United States v. Aguilar, 515 U.S. 592, 600 (1995). Notably, the Court's proposed instruction already includes this holding. See Proposed Charge at 47, Line 11-13 ("To satisfy this requirement, the defendant's conduct must have a relationship in time, causation, or logic with the proceeding such that it was foreseeable the defendant's conduct would interfere with the proceeding."). Indeed, neither Aguilar nor its progeny even require that a grand jury proceeding be "pending" as Barrack's modification would suggest. See United States v. Schwarz, 283 F.3d 76, 107 (2d Cir. 2002) (a grand jury proceeding "need not be pending at the time…so long as the [defendant] had reason to believe one would begin and one in fact did").

The instruction is also inaccurate in other respects. The modifications focus only on statements to "agents," when the evidence in this case shows that the statements were also made in the presence of federal prosecutors. It fails to note that Aguilar contemplates that other factors would influence whether a jury can find a "nexus" between the false statements and the official proceeding. For example, Aguilar explains that whether someone in the interview was "act[ing] as an arm of the grand jury" will affect the determination. 515 U.S. at 593. It also indicates that the precise information about the grand jury matters—in Aguilar, when the defendant asked whether he was a "target" of an investigation, the agent only said that a grand jury was "convening" and that "some evidence will be heard…on this issue." Id. at 600. The evidence in this trial, which include the fact that multiple federal prosecutors were present at the interview, one prosecutor advised Barrack that the interview was specifically connected to a grand jury investigation, the grand jury had served more than 200 subpoenas, and Barrack's close associates were subpoenaed shortly before the interview was scheduled are all facts that would distinguish this case from Aguilar, and would permit a jury to conclude that there is, in fact, a nexus between Barrack's false statements and a grand jury proceeding. See, e.g., United States v. Bedoy, 827 F.3d 495, 506 (5th Cir. 2016) (affirming obstruction of justice conviction where FBI agent advised the defendant that "*we* . . . opened a grand jury investigation"); United States v. Sutherland, 921 F.3d 421, 428 (4th Cir. 2019) (finding nexus in time and logic where defendant engaged in conduct "just months after the grand jury subpoena was served upon him" and involvement of prosecutors would indicate "strong likelihood that the U.S. Attorney's office would serve as a channel or conduit to the grand jury for the false evidence or testimony presented to it").

The Court's instruction was accurate, already incorporated the holding of Aguilar, and should not be changed in a manner that would make the charge legally defective.[1]

---

[1] The Court should also reject the request to repeatedly add "on June 20, 2019" throughout the elements of the offense. As the Court explained at the charging conference, the instruction already recites the indictment language in the immediately preceding paragraph, which states that Barrack is charged for conduct "on oar about June 20, 2019." See Proposed Charge at 46, Line 7; see also Tr. at 4753:9-13 ("Right above this paragraph, we quote Count Three and it says 'On or about June 20, 2019.' It says that.")

III. <u>Proposed Legal Commercial Transaction Instruction</u>

The defendants request modifications to the Court's proposed instruction on the legal commercial transaction defense. The government objects to these changes. The Court's instruction as provided are legally accurate. Defendants' proposed instructions revise the first element to say "the defendant must have been engaged in a 'transaction'" and includes the phrase later as well, stating in part "if you determine that a defendant was engaged in a commercial transaction… ." This "engaged" language is confusing because it suggests an all-or-nothing approach to Section 951—either the defendant is "engaged" as an agent of a foreign government, or he is not. But that is not the law. As the Court has previously made clear, "Section 951 regulates conduct, that is, *acting* as a foreign agent." MTD Order at 11 (emphasis in original); see also <u>id.</u> at 52 ("To be found guilty under Section 951, a person only must 'act[] in the United States as an agent of a foreign government without prior notification to the Attorney General.'") (quoting 18 USC § 951(a))."

And as the Court correctly explains in the proposed charge, this means that the jury is not required to assess whether this is an all-or-nothing "engagement" for a foreign government, but rather whether particular conduct constitute one or more acts in the United States done at the direction or control of a foreign government. As a result, the jury can find the defendants guilty even if they conclude that they acted as agents during certain periods of time, but did not act as agents during others. <u>See</u> Proposed Charge at 23 ("You do not need to find that a defendant was an agent during the entire time period 1 specified in the Indictment."). The Court should reject these proposed changes as incorrect and misleading to the jury.

IV. <u>Proposed FARA Instruction</u>

The defendants request two additional sets of instructions to be added to the FARA jury charge. The government objects to both, because they are inapplicable in this case as a matter of law.

A. <u>The Exemption for Work for Non-Governmental Foreign Principals</u>

The defendants first request an instruction based on exemptions to FARA for conduct that (1) constitutes "private and non-political activities in furtherance of the bona fide trade or commerce of [a] foreign principal" or (2) involves "activities not serving a predominantly foreign interest." <u>See</u> 22 U.S.C. § 613(d)(1) and (2). The problem for the defendants is that neither exemption applies when the "foreign principal" is a foreign government, as is the case here. As the plain language of the first exemption indicates, it applies only to <u>private</u> (i.e. non-governmental) activities of a foreign principal; if the foreign principal is a foreign government, as is the case here, by definition it cannot be "private." <u>Id.</u> at § 613(d)(1). Federal regulations applying this provision—which the defendants failed to cite—emphasize this point. The regulations indicate that "private" does include a foreign principal that is "owned or controlled by a foreign government, so long as the activities do not directly promote the public or political interests of the foreign government." 28 C.F.R. § 5.304(b). Thus, even if the defendants were acting on behalf of a foreign company (they were not), rather than directly for the UAE government, the defense would <u>still</u> be inapplicable because it involved "promot[ing] the public or political interests" of the UAE government. As amply demonstrated at trial, the defendants

advocated for the UAE government, including then-Crown Prince of the UAE Mohamed bin Zayed al Nahyan ("MBZ") and his brother, Sheikh Tahnoon bin Zayed al Nahyan, the National Security Advisor for the UAE.

The second exemption fares no better. The regulations once again make clear that the exemption only applies if a person is working for a foreign business, and even then would not apply if the lobbying work is directed by a foreign government:

> For the purpose of section 3(d)(2) of the Act, a person engaged in political activities <u>on behalf of a foreign corporation</u>, even if owned in whole or in part by a foreign government, will not be serving predominantly a foreign interest where the political activities are directly in furtherance of the bona fide commercial, industrial, or financial operations of the foreign corporation, <u>so long as the political activities are not directed by a foreign government</u> or foreign political party and <u>the political activities do not directly promote the public or political interests of a foreign government or of a foreign political party</u>.

28 C.F.R. § 5.304(c) (emphasis supplied). Here, the defendants' work was being directed by the UAE government *and* was intended to promote the public or political interest of the UAE government and the ruling family of the UAE.

Thus, as the regulations make clear neither exemption applies to this case. It is superfluous, because in no circumstance does the exemption apply to the facts necessary to prove the defendants' guilt for violating Section 951. If the jury concludes that Barrack and/or Grimes are acting at the direction or control of a foreign government, as the government alleged, then neither exemption applies. If the jury concludes that Barrack and/or Grimes is not acting at the direction or control of a foreign government, then they will be acquitted. The Court does not need to instruct the jury on law that does not affect their determination.

B. <u>The Short-Form Registration Exemption for Clerical Work</u>

The defendants also request an instruction on the exemption for the filing of a short-form registration by individuals who do clerical work for FARA-covered persons. Once a person has registered under FARA, every "partner, officer, director, associate, employee, and agent of a registrant" is also required to file a registration (a shorter version, called a "short form" registration). See 28 C.F.R. § 5.202(a). A limited class of people are excluded from the registration requirement, including employees or agents "who do[] not engage directly in registrable activity in furtherance of the interests of the foreign principal" and those "whose services in furtherance of the interests of the foreign principal are rendered in a clerical, secretarial, or in a related or similar capacity." Id. at (b), (c).

This exemption is likewise inapplicable. First, as the defendants concede, this exemption only applies in circumstances where a person acting as an agent of a foreign government <u>already has registered under FARA</u> (the "registrant"). See Def. Letter at 3. It is an undisputed fact that none of the defendants have registered under FARA. Thus, Grimes cannot take advantage of a safe harbor provision applicable to an "employee or agent <u>of a registrant</u>" who either does not engage directly in registrable activity or who performs secretarial or clerical services for a foreign

6

principal. 28 C.F.R. § 5.202(c). If the jury concludes that the defendants were engaged in FARA-registerable conduct, such as "political activities," the defendants' failure to register renders that conduct "prohibited by" FARA and thus not "legal" under Section 951.

In addition, even if Grimes were an employee of a FARA registrant (he is not), as a practical matter the jury would never reach the question of whether Grimes satisfied the requirements of § 5.202(b) or (c). This is so because either the jury will conclude that Grimes agreed to act and did act as an agent of a foreign government, as defined under § 951, which would take him outside the carveouts for employees who do not directly engage in registrable activity or who perform secretarial or clerical services, or the jury will find he was not an agent, in which case resort to the legal commercial transaction defense will be unnecessary. Notably, there is no record evidence to support an argument that Grimes, an analyst and Vice President at Colony, engaged in "clerical or secretarial" work.

  C. <u>The Proposed FARA Instruction</u>

The government opposes the proposed instructions for the reasons described above. Should the Court be inclined to give some version of either instruction, the government respectfully requests the opportunity to review and object to the language that the Court proposes to include.

V.  Conclusion

For the forgoing reasons, the government respectfully requests that the Court deny the defendants' requests for certain modifications to the proposed jury charge.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

Enclosures

cc:    Clerk of the Court (by email)
       Counsel of Record (by ECF)