# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 30, 2022

_**VIA ECF**_

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **United States v. Thomas Barrack, et al., 1:21-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

Mr. Barrack reserved arguments in his Rule 29 motion concerning the Government's theory of venue with respect to the Section 951 counts, as Mr. Barrack was unsure what evidence, if any, had even been entered into evidence to establish venue in the Eastern District on those counts. (_See_ Dkt. 366 at 28 n.6). Now that the Government has articulated its venue theory as to Mr. Barrack, we respond briefly to those arguments. (Dkt. 373 ("Gov. Opp.")).

As an initial matter, the Government claims "Barrack only challenges venue for Count One, the substantive Section 951 offense." (Gov. Opp. at 16 (citing Barrack Mot. (Dkt. 366) at 22)). Not so. Mr. Barrack also challenges venue for the Section 951 conspiracy alleged in Count 2. (_See_ Barrack Mot. at 23 ("Additionally, the Government failed to prove venue for the conspiracy charge because no 'overt act' was committed in the Eastern District of New York.")).

The Government articulates two arguments to support venue for the 951 counts, neither of which, even if viewed in the light most favorable to the Government, satisfy the Government's burden to prove venue. First, the Government claims that venue is proper in the Eastern District of New York because Mr. Barrack, on July 1, 2016, "talk[ed] to" Mr. Al Malik "about" a television appearance Mr. Barrack filmed in Manhattan (at the NBC studios where MSNBC is filmed) in which the UAE and _its arch-enemy Qatar_ were both described by Mr. Barrack, in passing, as "our greatest allies." (Gov. Opp. at 16; _see also_ Ex. 1 (GX-903A-T)). Although the Government claims that it has proved that Mr. Barrack sent this text message to Mr. Al Mailk while in the Eastern District of New York, this is incorrect. While it is true that Mr. Barrack rented a Hamptons summer house for the month of July 2016 (_see_ GX 1023), there is no evidence that Mr. Barrack was actually in the Hamptons when he texted Mr. Al Malik. Unlike the location data that the Government proffered through Agent Busick with respect to text messages sent by Mr. Grimes, the Government introduced no evidence establishing Mr. Barrack's location when he sent this text (and, as Mr. Barrack will prove in the defense case, Mr. Barrack was _not_ in the Hamptons when he sent this message). Moreover, even if the Government _had_ proved that this text message was sent from the Hamptons, no reasonable juror could conclude that Mr. Barrack "talking to" Mr. Al Malik "about" a television interview where _Qatar was praised_ constitutes an "act of agency" on behalf of the

UAE, within the Eastern District of New York. *See* Court's Proposed Jury Charge at 54 ("With respect to Count One, the Government must prove that a defendant 'acted as an agent' of the UAE within the Eastern District"). There is zero evidence that Mr. Barrack sent this text message pursuant to a "direction" of the UAE or that he was acting "on behalf of the UAE" when he texted Mr. Al Malik about the interview. *See* 28 C.F.R. § 73.1(a) ("The term agent means all individuals acting as representatives of, or on behalf of, a foreign government or official, who are subject to the direction or control of that foreign government or official"). As such, the Government has not satisfied its burden to prove venue in the Eastern District of New York on the basis of this text message.

Second, the Government claims that Mr. Barrack's "thank you" email to Sheikh Tahnoun on August 22, 2016 was "sent from the district." (Gov. Opp. at 17). There is no proof of that whatsoever and such a conclusion would require rampant (and illogical) speculation. The Government points to unspecified flight records that purportedly demonstrate that Mr. Barrack "flew into Suffolk county on August 21" and "departed for Greece" two days later, on August 23, 2016. (*Id.*). The Government, however, has introduced no evidence demonstrating that Mr. Barrack remained in the Eastern District between these two flights—the email to Sheikh Tahnoun was sent on August 22—and indeed, it would be highly unusual if he had, given that Mr. Barrack owns an apartment in midtown Manhattan where he stayed while in New York and Colony's New York office is located in Manhattan. Because the Government did not introduce *any* evidence to support its contention that Mr. Barrack was within the Eastern District on August 22, 2016 when he sent the email in question, no reasonable juror could find that the Government satisfied its burden to prove venue in the Eastern District.

Perhaps in recognition of its significant venue problem, the Government contends, without specificity, that Mr. Barrack "sent electronic communications . . . while he was in Manhattan" and then argues that because "Manhattan is surrounded on all sides by waters that are concurrently part of the Eastern District of New York," these messages and phone calls "necessarily were routed through the district." (Gov. Opp. at 17). The flaws in this argument are legion. First, "necessarily" does not satisfy the Government's burden in defeating a Rule 29 motion. The Government presented no evidence whatsoever describing how text messages and phone calls are "routed" from Manhattan. Not a single witness was called to explain how "text messages" (which may mean SMS message, iMessage, WhatsApp message—all of which function differently) "travel" under the "waters" surrounding Manhattan. Nor was any witness called who explained that "phone calls" (which may be from a cell phone or a landline phone) travel "under water" from one participant to another. In other words, the jury has absolutely no basis in the record from which it could determine that text messages or phone calls made in Manhattan were routed through the "waters" surrounding Manhattan.

Moreover, even if there *was* an evidentiary basis to support the Government's claims, a text message "routed" through the waters of Manhattan is insufficient to satisfy venue for Count One or Count Two.[1] With respect to Count One, the Government must prove that Mr. Barrack

_____

[1] Indeed, under the Government's theory, every text message or phone call placed from Manhattan, which is part of the Southern District of New York, would automatically confer venue upon the Eastern District of New York, even if neither the defendant, nor any of his co-conspirators, had

"acted as an agent within the Eastern District of New York." *See* Court's Proposed Jury Charge at 54. The fact that a message might have passed through an undersea cable in the waters surrounding Manhattan is not evidence that Mr. Barrack "acted" as "an agent within the Eastern District of New York," which is what the Government must prove. *United States v. Tzolov*, 642 F.3d 314, 319 (2d Cir. 2011) ("Venue is proper only where the acts constituting the offense—the crime's essential conduct elements'—took place.") Similarly, with respect to Count Two, the Government needs to prove that an overt act "occurred" in the Eastern District. *See* Court's Proposed Jury Charge at 54. A text message sent from Manhattan might be an overt act in the *Southern District*, because the sending of the message was an "act" that "occurred" there, but it is plainly not an "act" that "occurred" in the Eastern District. The Government's citation to *United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015), for the proposition that venue lies in any jurisdiction where a communication related to the offense happened to "pass though" is unavailing. *Rutigliano* is a wire fraud case, where the "offense conduct" is the wire transmission. *See, e.g., United States v. Kim*, 246 F.3d 186, 189 (2d Cir. 2001) ("the wire fraud statute. . .criminalizes the use of wire transmissions to further a fraudulent scheme.") As the Second Circuit has explained, because "the act of causing a wire to be transmitted in furtherance of a fraud is criminalized by the statute," venue may be established in a wire fraud case in the jurisdictions where the wire travels. *Id.* at 191-92. Section 951, however, criminalizes "acting as an agent" of a foreign power, and thus, to satisfy venue, the Government needs to prove that the defendant "acted" as an agent of the foreign power in the district where the case was brought. The Government has failed to make that showing here and thus, Count One and Count Two must be dismissed for failure to prove venue.[2]

Respectfully Submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew
Jordan D. Reisch

O'MELVENY & MYERS LLP

James A. Bowman

---

ever set foot in the Eastern District of New York or performed any offense conduct there. That is plainly not what the Constitution and the Federal Rules of Criminal Procedure contemplate. *See* U.S. Const. Art. III, §2 cl. 3 (requiring that "the Trial of all crimes shall be held in the State where the said Crimes shall have been committed."); Fed. R. Crim. P. 18 (requiring the government to prosecute an "offense in a district where the offense was committed.")

[2] In the event that the Court does not grant Mr. Barrack's Rule 29 Motion on Counts 1 and 2, Mr. Barrack respectfully requests that the Court instruct the Government that it may not argue its "under waters" theory of venue—which is without evidentiary basis in the record—to the jury in summation.

*Counsel for Defendant*
*Thomas J. Barrack*, *Jr.*

Cc (via ECF):
Hiral D. Mehta
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie