

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH/MM
F. #2018R001309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 30, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Thomas J. Barrack and Matthew Grimes
           Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government writes in response to the Court's amended proposed jury charge (Sections I-V), and also moves to admit certain rebuttal evidence (Section VI).

      I.    Legal Commercial Transaction Instruction

      The government respectfully requests that the word "other" be added to the instruction at page 38, Lines 15-19, to make clear that the second clause refers to the person that the defendant is aiding-and-abetting. The government also requests that the Court strike the language "in failing to provide notice" because the crime is to aid and abet a person acting as an agent without notice, not aiding and abetting the failure to provide notice. See MTD Order at 11 ("Section 951 regulates conduct, that is, *acting* as a foreign agent.") (emphasis added). The proposed modified instruction is as follows:

> Accordingly, it is not a crime under Count 1 or Count 2 for a person engaged in a lawful commercial transaction to fail to give the required notice under Section 951, and it is not illegal to aid and abet someone ~~**in failing to provide notice**~~ under Section 951 if that **other** person has no duty to provide notice under the legal commercial exception.

      II.    FARA Instruction

      The Court includes in its instruction: "The Government claims that this exception is not applicable. The Government claims that the defendants were not engaged in a commercial transaction, and if they were, this transaction was not "legal" because it was prohibited by a different statute called the Foreign Agent Registration Act or 'FARA.'" Page 40, Lines 16-18 (emphasis added). The government requests that the Court modify its instruction as follows, to

clarify that a case may involve multiple actions and/or transactions, including actions that are not related to FARA:

> The Government claims that this exception is not applicable. The Government claims that the defendants' **actions on behalf of the UAE** were not ~~engaged in~~ commercial transaction**s**, and if they were, **their conduct** was not "legal" because **many of their actions were** prohibited by a different statute called the Foreign Agent Registration Act or 'FARA.'

### III.     FARA "Private and Nonpolitical Activities Exemption" Instruction

The Court's Amended Charge states "FARA contains an exemption which provides that '[a]ny person engaging or agreeing to engage <u>only</u> in private and nonpolitical activities in furtherance of the bona fide trade or commerce of a foreign principal' is not required to register under FARA" and also states, "FARA also contains an exemption which provides that '[a]ny person engaging or agreeing to engage <u>only</u>' in 'activities not serving predominantly a foreign interest' is not required to register under FARA." Page 42, Lines 18-20; Page 43, Lines 1-3 (emphasis added). The Amended Charge correctly includes the word "only" before both exemptions, as reflected in the regulation. The use of "only" reflects that if an individual engages in any other registerable activities <u>beyond</u> those exempted, he or she still has a registration obligation and is not protected by this exemption. However, the Court includes the following language at the end of the charge: "If you find that <u>a particular action</u> taken by a defendant was either private and nonpolitical in furtherance of bona fide trade or commerce, or that it did not predominately serve a foreign interest, <u>a defendants conduct</u> would be 'legal' under FARA." <u>Id</u>. at 43, Lines 7-9. The government respectfully submits that by omitting the word "only," the Court will leave the jury with the misimpression that so long as a defendant engaged in <u>some</u> "particular action in furtherance of bona fide trade or commerce," then the entirety of a defendant's conduct would be "legal" under FARA. As the regulation reflects, this is not accurate. As a result, the government proposes the following modification to the final sentence of this instruction (bold and underlined):

> "If you find that a defendant **only** engaged or agreed to engage in private and nonpolitical activities in furtherance of bona fide trade or commerce, or that a defendant **only** engaged or agreed to engage in activities that did not predominantly serve a foreign interest, that defendant's conduct would be 'legal' under FARA."

### IV.     Obstruction of Justice Instruction

The Court includes the instruction: "[U]nless you find that the Government proved that the defendant knew that the agents and prosecutors he was speaking with on June 20, 2019 would convey his statements to a grand in the Eastern District of New York, you must find that the defendant was not acting corruptly and thus, that he is not guilty of Count Three." <u>See</u> Page 46, Lines 11-14. The government's obstruction of justice theory includes two theories: (1) that Barrack had reason to know that these agents or prosecutors would convey his statements a grand in the Eastern District of New York; and (2) that he scheduled this voluntary interview and made these false statements to stop or stall the gathering of other information (such as testimony and documents held by his already subpoenaed associates) by the grand jury. The Second Circuit has

held on multiple occasions after Aguilar, that efforts taken to influence the actions of a third party related to a grand jury can establish a nexus of "time, causation, or logic with the judicial proceedings." See United States v. Desposito, 704 F.3d 221, 231–32 (2d Cir. 2013) (explaining that "the nexus requirement is satisfied in situations where the discretionary actions of a third person are required to obstruct the judicial proceeding if it was foreseeable to the defendant that the third party would act on the communication in such a way as to obstruct the judicial proceeding" and that "there was abundant evidence from which the jury could infer that the defendant intended and believed that the recipients of his letters would follow his instructions and obstruct his criminal trial.") (cleaned up); United States v. Quattrone, 441 F.3d 153, 171–72 (2d Cir. 2006) ("a rational trier of fact could conclude beyond a reasonable doubt that [the defendant] knew that his conduct would obstruct the grand jury's investigation because there was a logical relationship between his knowing conduct—sending the Endorsement Email while aware of the grand jury subpoena's call for documents relating to the IPO allocation process that were in the possession of Tech Group bankers—and the effect it was likely to have—destruction of documents that otherwise would have been produced."); United States v. Reich, 479 F.3d 179, 186 (2d Cir. 2007) (affirming obstruction conviction where defendant's conduct, submitting a forged order to a third party, was reasonably foreseeable to influence a judicial proceeding).

Here, there is sufficient evidence in the record for the government to present both of their theories to the jury. Testimony at trial establishes that Barrack was aware of an ongoing grand jury investigation, that the investigation had active, and that his close associates had been served with subpoenas. The evidence establishes that Barrack requested this interview with that knowledge, after those associates had been served, and then made false statements to law enforcement and federal prosecutors who advised they were running the grand jury investigation. In that context, in addition to the theory that Barrack obstructed justice directly because he knew he was telling false statements that would in turn be provided to a grand jury, the evidence supports the second legally cognizable theory—that he scheduled the June 20, 2019 interview and told false statements to stall or end the grand jury's efforts to gather evidence and testimony from third parties, like his subpoenaed close associates, because the prosecutors and agents engaged with this action would stop or slow down their grand jury investigation. See Desposito, 704 F.3d at 231–32; Quattrone, 441 F.3d at 171-72; Reich, 479 F.3d at 186.

Accordingly, the government respectfully requests the court add the following to the instruction (addition underlined and bolded):

> "Moreover, unless you find that the Government proved **either (1)** that the defendant knew that the agents and prosecutors he was speaking with on June 20, 2019 would convey his statements to a grand jury in the Eastern District of New York **or (2) that the defendant knew that the agents and prosecutors he was speaking with on June 20, 2019 would act on his statements in such a way as to obstruct the grand jury proceeding**, you must find that the defendant was not acting corruptly and thus, that he is not guilty of Count Three.

V.   Inclusion of Section 951 Statutory Language Regarding Transmission of Notice

The government also respectfully requests reconsideration of the Court's decision regarding the inclusion of a sentence taken directly from 18 U.S.C. § 951(c) stating that notification

3

to the Attorney General under Section 951 must be provided to the Secretary of State. See Trial Tr. at 4726:25-4728:2. The requested language could be added in any of several places, including at the end of the paragraph that begins on page 23, line 11, as follows (added language underlined and bolded, taken directly from Section 951(c)):

> Notification is required to be made by the agent in the form of a letter, faxed message, or telex addressed to the Attorney General, prior to commencing the services in the United States on behalf of the foreign government. The notification must include the name or names of the agents, the address or addresses of the agents, the identity of the foreign government or foreign official for whom the agent is acting, a brief description of the activities to be conducted for the foreign government or foreign official, and the anticipated duration of the activities. **The statute provides that the Attorney General shall, upon receipt, promptly transmit one copy of each notification statement to the Secretary of State for such comment and use as the Secretary of State may determine to be appropriate from the point of view of the foreign relations of the United States.**

The instruction contains a simple, concise, accurate (indeed, verbatim) statement of a portion of the very statute at issue in this case. There is no possible risk of confusion or prejudice from helping the jury to understand this aspect of the law they will be instructed to consider.

The Court indicated during the charge conference that the government has arguments available to it to rebut any suggestion that the conduct at issue, including the failure to provide notification, had no real-world consequences or can be reduced to the mere failure to file a piece of paper. The government intends to make such arguments and to urge other reasonable inferences as to the downstream consequences of notification. Section 951 requires, as a matter of law, that the notice the defendants should have filed is to be provided to the Secretary of State to use "from the point of view of the foreign relations of the United States." The government respectfully submits the jurors are entitled to understand that, as a matter of federal law, notifications are provided to the Department of State for consideration in connection with foreign relations. The government understands that it will be free to urge this inference even absent the instruction but respectfully requests that the jury should understand the statutory framework behind the argument.

VI. <u>Admission of Blank FARA Registration Statement as Rebuttal Evidence</u>

The Court previously denied the government's motion to admit several blank FARA forms and related testimony through witness Heather Hunt on the basis that the probative value of the forms was substantially outweighed by the risk of jury confusion under Rule 403's balancing test. See Order, ECF No. 300. Following brief oral argument on the matter, the Court further instructed the government to cabin its questions to Ms. Hunt to facts related to the absence of registration or notification. See, e.g., Tr. at 2205:14-15. The Court stated further, "It's going to confuse the jury at this stage. It's something I'm going to have to sort out at the charging

4

conference." Tr. at 2205:20-22. It is now clear that the jury will receive instructions on FARA as part of the Court's charge, including an instruction that "FARA requires that a person who acts as an agent of a foreign principal file a registration statement and supplement that statement as needed." Court's Charge at 44:8-9. In this context, there can be no possible prejudice from permitting the jurors to see and understand the nature of the information that must be required in the single, blank FARA registration statement referenced expressly in the charge. The form is relevant rebuttal evidence because it helps to rebut the repeated suggestions by the defense that the defendants' conduct constituted a lawful commercial transaction and also defendant Barrack's repeated suggestion that he disclosed the information at issue to the Trump Campaign and to senior government officials during the administration. See, e.g. Tr. at 4089:13-4091:12 (discussing disclosure of May 2016 trip to Jared Kushner and Paul Manafort); Tr. at 4317:19-23. Indeed, Mr. Barrack was asked on direct examination "What, if any, efforts were you undertaking to conceal from the Trump Administration your meetings with Mohammed bin Zayed or Mohammed bin Salman?" Mr. Barrack relied "I was trying to do the opposite." Id. at 4318:20-23. The FARA form tends to rebut the idea that Mr. Barrack was "trying to do the opposite" because it reflects the type of information Mr. Barrack was supposed to (but did not) disclose to the government.

VII.     Conclusion

For the forgoing reasons, the government respectfully requests that the Court modify the amended proposed jury charge as suggested, and permit the rebuttal evidence described herein.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:    /s/
Matthew J. McKenzie
Trial Attorney

Enclosures

cc:    Clerk of the Court (by email)
       Counsel of Record (by ECF)