# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue<br>
New York, NY 10019-6099<br>
Tel: 212 728 8000<br>
Fax: 212 728 8111

October 31, 2022

*VIA ECF*

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re: *United States v. Rashid Sultan Rashid Al Malik Alshahhi*, et al., 1:2l-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

    Further to the discussion in court on October 31, 2022, Mr. Barrack writes briefly to respond to the Government's letter, dated October 30, 2022, *see* Dkt. 382.

    <u>Obstruction of Justice Instruction</u>

    In its letter of October 30, 2022, the Government argues that it is now pursuing a theory of "obstruction" in which Mr. Barrack "scheduled [his] voluntary interview" on June 20, 2019 and "made false statements to stop or stall the gathering of other information (such as testimony and documents held by his already subpoenaed associates) by the grand jury." *See* Dkt. 382 at 2. According to the Government, the Court should instruct the jury that it can find that Mr. Barrack acted "corruptly" if the jury finds that "the defendant knew that the agents and prosecutors he was speaking with on June 20, 2019 would act on his statements in such a way as to obstruct the grand jury proceeding." *See* Dkt. 382 at 4. Beyond the fact that the Government's proposed language will be completely unintelligible to the jury—what does it mean for the "agents" to "act on" Mr. Barrack's statements so as to "obstruct" a grand jury proceeding?—the proposed instruction should not be given because the Government has failed to establish a factual or legal predicate for this addition.

    The Government contends that "testimony at trial establishes that Barrack was aware of an ongoing grand jury investigation, that the investigation had active [sic], and that his close associates had been served with subpoenas," and, continues the Government, "evidence establishes that Barrack requested this interview with that knowledge, after those associates had been served, and then made false statements to law enforcement and federal prosecutors who advised they were running the grand jury investigation." Dkt. 382 at 3. Tellingly, the Government includes *no transcript or exhibit cites* in support of this purported "evidence in the record." The Court should require the Government to identify the evidence it is claiming exists before it considers giving any such instruction.

In fact, there is zero evidence in the record demonstrating that Mr. Barrack was aware of grand jury subpoenas being issued to his "associates" prior to scheduling his June 20, 2019 interview with the FBI.  The Government established that *Brady Cassis*, and other attorneys at Paul Hastings LLP, knew that grand jury subpoenas had been issued to Mr. Barrack's associates (because they also represented those individuals), *see* Tr. at 3880-81, but the Government *never* asked Mr. Cassis if that information was conveyed to Mr. Barrack and the Government otherwise introduced no evidence to show that such information was known to Mr. Barrack.  Moreover, despite hours of cross-examination, the Government *never even posed the question* to Mr. Barrack about whether he was aware that associates of his had received grand jury subpoenas prior to scheduling his June 20, 2019 interview.  *United States v. Mulheren*, 938 F.2d 364, 369 (2d Cir. 1991) (reversing conviction where "the greatest puzzle in th[e] record is why th[e] critical question was never directly put to" the witness by the Government).  If the Government was so certain that Mr. Barrack had the knowledge that they claim he had, they should have asked him that question while he was on the stand, under oath.[1]  Because the factual predicate that the Government relies on does not actually exist in the trial record, the Government's proposed instruction should not be given.

Second, there is no legal predicate for the instruction sought by the Government.  The Government does not point to any case involving a Section 1512(c)(2) offense where their proposed instruction was given.  Further, the cases cited by the Government are entirely inapposite.  *United States v. Desposito*, 704 F.3d 221 (2d Cir. 2013) involved a defendant who, from jail, while he was awaiting trial, mailed letters to his friends asking them to plant evidence with other people's fingerprints on it in the hope that the planted evidence would raise a "reasonable doubt."  *See id.* at 224.  The Second Circuit explained that because the "natural and probable consequence" of the defendant's letters was that the defendant's friend "would create false evidence that would obstruct [the defendant's] criminal trial," the Government had adequately proven a "nexus" between the defendant's conduct and the obstruction of justice.  *Desposito* offers no insight into Mr. Barrack's case, nor does it support the vague and confusing instruction that the Government has asked the Court to give.  *United States v. Quattrone* is equally unavailing.  441 F.3d 153, 167 (2d. 2006).  *Quattrone* involved "trial evidence" which "clearly established that [the defendant] was aware of [ ] SEC and grand jury investigations" and thereafter sent an email to his subordinates instructing them to destroy evidence that would have been responsive to the grand jury's subpoenas.  *Id*.  There is nothing like that in the trial record in this case and *Quattrone* does not support the vague and confusing instruction that the Government has asked the Court to give.

---

[1] As for the Government's claim that Mr. Barrack was informed during the June 20, 2019 interview that there was a grand jury investigation pending in the Eastern District, the record viewed as a whole does not support this contention.  While Agent Mergen claimed that such a warning was given at the start of the interview, *see* Tr. 2692 -2693, neither Agent Chui's notes, the Government's FD-302, or Mr. Cassis's notes reflect that any such statement was made.  *See* Tr. 2692-93 (explaining that neither the FBI's notes or its FD-302 reflect any advisement to Mr. Barrack regarding the existence of a grand jury investigation in the Eastern District); *see also* BX1700 (Mr. Cassis's notes of interview).  Further, Mr. Cassis confirmed that he did *not* have a recollection of anything like that being said during the interview.  *See* Tr. at 3800-3802.

      Moreover, the Government's claim that this "second theory" of obstruction allows it to circumvent the Supreme Court's holding in *United States v. Aguilar*, 515 U.S. 593, 599-601 (1995) is baseless. If this alternative "theory" of obstruction was legitimate, it would have been utilized in *United States v. Schwartz*, 283 F.3d 76, 107-110 (2d. Cir. 2002), where the defendant reached out to the Government for a voluntary interview after being sent a grand jury subpoena for documents. This theory wasn't utilized in *Schwartz* because it has no basis in law; to the contrary, the Supreme Court has made clear that when the Government charges an individual with obstructing a grand jury investigation through false statements made to Government agents, the Government must prove that the defendant knew that the agent he was speaking with would convey his statements to the grand jury. *Aguilar,* 515 U.S. at 599-601 (although defendant knew of pending grand jury investigation at time of FBI interview, because interviewing FBI agent "might or might not testify before a grand jury," "no rational trier of fact" could conclude that the defendant's false statements during the interview could "be said to have the natural and probable effect" of obstructing the grand jury proceeding and thus, the defendant could not be found guilty of obstructing grand jury proceeding). *Aguilar* articulates the burden that the Government must satisfy here, as the Court's instruction already properly explains.

      Mr. Barrack respectfully requests that the Court keep its Obstruction of Justice instruction as it was drafted by the Court on October 30, 2022.

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

/s/ Michael S. Schachter
Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew

O'MELVENY & MYERS LLP


James A. Bowman

*Counsel for Defendant*
*Thomas J. Barrack, Jr.*

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie