

U.S. Department of Justice

United States Attorney
Eastern District of New York

RCH/SPN/HDM/CRH/MJM
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 1, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Thomas Joseph Barrack, et al.
Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

The government writes in response to the defendants' Thomas J. Barrack and Matthew Grimes's letter seeking a curative instruction based on the government's statements during summations that Manhattan is an island surrounded by air and water and thus, electronic communications, such as text messages, emails and phone calls sent or made from Manhattan to locations outside of Manhattan have to travel over or through the air and waters surrounding Manhattan. The Court should deny the defendants' motion for a curative instruction. When counsel for Barrack objected to the government's statement that electronic communications necessarily travel over or through the air and waters when leaving Manhattan, the Court correctly overruled the objection.

As an initial matter, the law is clear that the government may prove venue, like all elements, using circumstantial evidence. See, e.g., United States v. Potamitis, 739 F.2d 784, 791-92 (2d Cir. 1984) (finding that jury could infer venue in Southern District of New York based on circumstantial evidence). In doing so, the "[g]overnment is given 'broad latitude' to suggest reasonable inferences to the jury during summation." United States v. Paulino, 299 F.Supp.ed. 338, 346 (citing United States v. Edwards, 342 F.3d 168, 181 (2d. Cir. 2003)). Indeed, prosecutors are given wide latitude in summation to "marshal the evidence and draw reasonable inferences therefrom." United States v. Brown, 540 F. App'x. 31, 33 (2d. Cir. 2013) (citing United States v. Steinberg, 551 F.2d 510, 515 (2d. Cir. 1977).

Here, the government laid the necessary factual foundation to draw the logical, intuitive and entirely reasonable inference that electronic communications originating in Manhattan and destined for locations outside of Manhattan (or vice versa) must travel over or through the air and waters surrounding Manhattan on all sides. FBI Special Agent Richard Busick testified that (a) Manhattan is surrounded by water on all sides (see Trial Tr. 2514:6-7); and (b) when a person uses their cellular telephone, the telephone connects to the nearest physical

cellular tower (which in Manhattan are antennas placed atop buildings) and then "the service provider will route your call throughout the network to wherever it's going to go, whether it's across town or across country (see Trial Tr. 2440:17-2441:5, 2443:9-2444:19) (emphasis added).

Thus, the government permissibly drew the inference, indeed the only logical inference, that electronic communications that originate from Manhattan, an island surrounded by air and water, must travel through that air and water via the aforementioned network discussed by Special Agent Busick to reach locations outside of Manhattan. Indeed, the Court's instruction specifically states that "Venue can be based on electronic impulses – including email or text communications – being sent, received, or routed through the district if these communications were made in furtherance of the crime." See Jury Charge at 54.

And defense counsel was free, and in fact did, attack the inference and the evidentiary basis for that inference. Mr. Jackson, during his summation, argued to the jury that they should reject the government's theory on venue for that very reason:

> You can reject this entire case on venue alone. Their theory that some text message must have gone through the -- ether -- must have gone through the Eastern District. They introduced no evidence whatsoever about the technological infrastructure. And that's how desperate the venue theory is in this case.

Trial Tr. 5127:2-7.

Moreover, the Court will already instruct the jury that the lawyers' statements are not evidence. See Jury Charge at 11 ("You must also remember that the lawyers' statements are not evidence."). The inferences drawn by the government were rooted in evidence in this case and appropriate. Giving a curative instruction is entirely unnecessary, unwarranted and would be extremely prejudicial to the government.

Indeed, if any curative instruction is warranted, it is a curative instruction to address Mr. Lowell's inflammatory and baseless statements that the government had made up evidence to convict Mr. Grimes. See Trial Tr. 5170 ("**Making up evidence** after your lack of evidence has been exposed is not the way the Government is supposed to try cases and seek the conviction of an innocent young man.") (emphasis added). There is absolutely no basis to argue that the government made up evidence and acted with an improper motive, which the Court already ruled was not permitted during summation. Indeed, Mr. Lowell, on several occasions, argued that the government had misled the jury by splicing two different exhibits to make up evidence against Mr. Grimes. See Trial Tr. at 5142: 11-12 ("And as to cut and paste, **Mr. Harris did something in his closing that should never happen in a court of law**.") (emphasis added); see id. at 5178:3-5 ("And it is not proof beyond a reasonable doubt for Mr. Harris to cut and paste exhibits so they presented text exchanges that never happened."). These statements could not be further from the truth. Exactly as Mr. Lowell did during his summation, the government presented multiple exhibits, here Government Exhibit 503-A and Government Exhibit 501-M on a single slide. The slide clearly indicated that it was presenting two separate exhibits together (and indeed contained the exhibit numbers for both exhibits) and its presentation of those two exhibits in no way distorted the meaning of those exhibits or misled the jury.

2

If Mr. Lowell or any of the lawyers on his team had looked at the slide closely (or asked the government during the lunch break prior to his summation), it would have been clear that they were mistaken. But instead, Mr. Lowell made several baseless accusations about the government's conduct.[1]

Mr. Jackson too made several improper statements. In his summation, Mr. Jackson drew an inflammatory parallel between the internment of Japanese Americans during World War II and the prosecution of Barrack by the government. Mr. Jackson also improperly discussed his father and grandfather during the summation and in doing so, attacked the government. See Trial Tr. 5059:3-5 ("We liberated people in Europe, country came together and sacrificed for the greater good. My grandfather was a mechanic for the Tuskegee Airmen. He was proud of it his whole life, as he should have been."); see id at 5122:22-5123:3 ("I'll disclose to you, my father was a police officer on the streets of Detroit for 30 years. Deep respect for law enforcement. One of the first things my father ever told me, being a young officer and seeing somebody come in with a box of rusty guns, and that told him that all law enforcement isn't at all times operating according to the best intentions.").

In light of these statements, the government requests the following curative instruction that the Court gave in United States v. Guzman-Loera, 09-CR-466 (BMC), ECF No. 675 at 6966 (adapted to include the reference to conduct):

> Please remember that the Government is not on trial, and I instruct you to disregard any arguments that may have been made to the contrary. There is no evidence that the Government operated under any kind of improper motive or engaged in any improper conduct. You must base your decision only on the evidence or lack of evidence that has been presented at trial in determining whether the Government has met its burden of proving defendant's guilt beyond a reasonable doubt.

---

[1] [redacted]

For the foregoing reasons, the Court should deny defendant's request for a curative instruction and grant the government's request for a curative instruction.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:   /s/
Matthew J. McKenzie
Trial Attorney

cc:    Counsel for Thomas Joseph Barrack (by ECF)
       Counsel for Matthew Grimes (by ECF)
       Clerk of the Court (BMC) (by ECF)